**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | **CIVIL ACTION 6:20-CV-00580-ADA** |
| **BRAZOS LICENSING AND** | § | |
| **DEVELOPMENT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **PATENT CASE** |
| **v.** | § | |
| | § | |
| **GOOGLE LLC,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**RESPONSE OPPOSING DEFENDANT'S MOTION TO DISMISS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

There is no merit to Google LLC's ("Google's" or "Defendant's") allegation that WSOU Investments, LLC ("WSOU") failed to state a claim of infringement under Rule 12(b)(6). The motion should be denied for several independent reasons.

First, Google's motion falsely asserts that WSOU failed to allege Google directly infringes claim 1. Dkt. 18 ("Mot."), 6. The pleadings speak for themselves in refuting Google's misrepresentation, including in paragraphs Google ignores in its motion. *See, e.g.*, Dkt. 1 ¶ 45 ("Google makes, uses . . . Google's Mobile Vision, which provides barcode, face, and text detection in applications (collectively, the 'Accused Products').");  *id*. ¶ 60 ("Google continues to directly infringe . . . by making [and] using, . . . the Accused Products . . . .").

Second, Google defeats its own motion in admitting that Google's "Mobile Vision API . . . responds . . . to calls from mobile applications." Mot. 6. The pleadings sufficiently allege the steps of claim 1 encompass actions which Google admits its Mobile Vision API performs when called.

Third, Google fails to defend its premature claim construction position that claim 1 of U.S. Patent No. 7,946,491 ("the '491 patent") expressly requires multiple actors. As explained further

below, dismissal is inappropriate where the court has yet to resolve this claim construction issue. Even if the court were inclined to consider (at the pleading stage) Google's undefended claim construction position, other courts have repeatedly denied as premature similar motions to dismiss asserting that a method claim requires multiple actors.   Google compounds its error in mischaracterizing the pleadings as conceding that Google's "multi actor" interpretation of claim 1 is correct.  Mot. 7−8.

Finally, Google's motion provides no rational basis to dismiss any indirect infringement claim. In purporting to raise a challenge to the indirect infringement claims, Google merely cites authority holding that indirect infringement requires facts sufficient to allow an inference that at least one direct infringer exists.  Mot. 8 (citations omitted).  WSOU has pled sufficient facts under the appropriate standard; and Google fails in its motion to establish otherwise.

For a myriad of reasons, therefore, Google has failed to establish WSOU has not pled factual content that allows the Court to draw the reasonable inference that Google is liable for either direct or indirect infringement.  Google's motion to dismiss WSOU's infringement claims should be denied in its entirety.

## ARGUMENT

### A.  Legal Standard

Googles moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive 12(b)(6) dismissal, a plaintiff must plead enough facts to state a claim to relief that is both legally cognizable and plausible on its face, but the court should not evaluate the plaintiff's likelihood of success. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  In the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). A claim cannot be dismissed under Rule 12(b)(6) unless the plaintiff "would not be entitled to relief under

any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint." *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)); *Altman*, 2012 WL 4033336, at *1. In other words, it must appear beyond doubt that the plaintiff can prove no set of facts in support of their claim entitling them to relief. *Griffith v. Kroger Co.*, No. 9:05-CV-76-TH, 2008 WL 11347989, at *2 (E.D. Tex. Mar. 7, 2008) (citing *Conley v, Gibson*, 355 U.S. 41, 45–46 (1957)); *see also ESW HOLDINGS, INC., Plaintiff, v. ROKU, INC.*, Defendant., 6:19-CV-00044-ADA, 2019 WL 10303653, at *1–2 (W.D. Tex. May 13, 2019).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim has "facial plausibility" and must not be dismissed "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Dismissal under Rule 12(b)(6) is inappropriate where fact discovery could affect the court's analysis. *See Syte - Visual Conception Ltd.*, 2020 WL 278481 at *6 (denying Rule 12(b)(6) motion because fact discovery could affect the court's § 101 analysis).

**B.  WSOU alleges a plausible claim for direct infringement.**

**1.  The complaint sufficiently pleads direct infringement at least where Google has used and continues to use the accused instrumentalities.**

Google's motion falsely asserts that "WSOU Fails to Allege That Google Infringes Claim 1." Mot. 5. At a minimum, Google's motion overlooks pleadings alleging that Google directly infringes when it performs all the recited steps of claim 1. Google does not deny in its motion (or even acknowledge) the allegations that Google can and does use Google's Mobile Vision API in the manner claimed. In other words, it remains undisputed that Google eats its own cooking. This

theory of direct infringement is repeatedly reflected in the pleadings.  The complaint alleges, for example, that "Google makes, *uses* . . . Google's Mobile Vision, which provides barcode, face, and text detection in applications (collectively, the "Accused Products")."  Dkt. 1 ¶ 45 (emphasis added); *see also id*. ¶ 60 ("Google continues to directly infringe at least one claim of the '491 Patent, literally or under the doctrine of equivalents, by making, using, . . . the Accused Products[.]").  While Google cites to other paragraphs of the complaint, it is telling that Google's motion ignores certain paragraphs (*e.g.*, Dkt. 1 ¶¶ 45, 60) containing allegations expressly directed to Google's own use of the accused instrumentalities.

Dismissal is inappropriate at least because the pleadings raise a genuine dispute of material fact as to whether the alleged infringement of each step of claim 1 is at least performed by Google when using Google's Mobile Vision API.  This is independently fatal to the motion.

> **2.   Google admits in its motion that its Mobile Vision API responds to calls from mobile applications, as the pleadings allege.**

Google expressly admits the correctness of allegations that Google's Mobile Vision API responds to calls from mobile applications.  Mot. 6 ("As WSOU acknowledges, Google's Mobile Vision API . . . responds only to calls from mobile applications.").  The pleadings sufficiently allege that at least this responsive action admittedly performed by Google's Mobile Vision API directly infringes "at least claim 1."  Dkt. 1 ¶ 59.

Claim 1 is a method claim reciting steps that the complaint alleges are each performed by Google's Mobile Vision API when called.  Specifically, claim 1 recites:

> 1. A method comprising:
>
> processing an input image for an attempt to decode the input image using a current barcode reading method, the processing including performing a correction on the input image;
>
> determining whether the processing of the input image is successful based on a determination as to whether the correction is completed;
>
> switching to one of a different barcode reading method or processing a new

> frame of the input image using the current barcode reading method in response to the processing of the input image being unsuccessful;
>
> attempting a decode of the input image using the current barcode reading method in response to the processing of the input image being successful; and
>
> performing a switch to the different barcode reading method in response to a failure of the attempt to decode the input image using the current barcode reading method.

'491 patent, 20:18−36.

Google does not argue in its motion that any particular step of claim 1 is missing from the pleadings. Google merely asserts that its Mobile Vision API does not operate "by itself" ostensibly because its functionality executes only when called. Mot. 3. This is immaterial to the sufficiency of the pleadings here. Claim 1 is not directed to what happens leading up to the recited method steps, such as powering up a device, or the particular manner in which the processing implementing the recited steps may have been called. '491 patent, 20:18−36 (claim 1). Rather, for claim 1, the relevant question here is the sufficiency of the allegations that it is Google's Mobile Vision API that ultimately performs the recited steps of claim 1 introduced by the operative gerunds "processing," "determining," "switching," "attempting," and "performing." *Id*. The motion does not challenge the sufficiency of these specific allegations. Quite the contrary, Google admits "Google's Mobile Vision API . . . responds . . . to calls from mobile applications." Mot. 6. Thus, the pleadings sufficiently allege claim 1 encompasses this responsive action admittedly performed by Google's Mobile Vision API. *See, e.g.*, Dkt. 1 ¶¶ 45−63; *see also* Mot. 6 (citing Dkt 1 ¶ 46).

### 3. Google falsely asserts the pleadings rely upon multiple actors in alleging infringement of claim 1.

Google mischaracterizes the pleadings as alleging that claim 1 expressly requires multiple actors and thus invokes a joint or divided infringement analysis. Mot. 7−8 (purporting to apply the joint infringement analysis set forth in *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc)). Google not only misrepresents the pleadings, it also

fails to identify any pleading of infringement that exclusively relies on *distinct actors* to perform *respective steps* of claim 1. Google could not because there are no such "multi actor" allegations.

It would appear Google has crafted its motion to bait WSOU to engage in a premature claim construction dispute concerning *Google's own* interpretation that the steps of claim 1 purportedly expressly require multiple actors. Because Google fails to defend its own tacit construction of claim 1, there is no cognizable "multi actor" claim construction argument to which WSOU may respond here.

Not only does Google fail to defend its "multi actor" claim interpretation, the issue is itself premature. It is generally "inappropriate to resolve a claim construction dispute on a motion to dismiss for failure to state a claim of infringement[.]" *Regents of Univ. of Michigan v. Leica Microsystems Inc.*, 19 CV-07470-LHK, 2020 WL 2084891, at *6 (N.D. Cal. Apr. 30, 2020); *Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, W-19-CV-00257-ADA, 2020 WL 278481, at *5 (W.D. Tex. Jan. 10, 2020) (finding Rule 12(b)(6) motion to dismiss under § 101 should be deferred until after claim construction). More specifically, dismissal is inappropriate where the court has yet to resolve the legal issue, which Google's motion fails to squarely address, concerning whether claim 1 necessarily requires multiple actors. *See Technology Patents LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482, 501 (Fed. Cir. 2012) (vacating a summary judgment of noninfringement, and remanding, as to certain claims because the district court erred in finding that the claims required multiple actors and raised a divided infringement issue); *see also Meyer Intellectual Properties Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1367 (Fed. Cir. 2012) (ruling that term "providing" was broad enough that it could cover a customer's setting up the device, and therefore did not require the joint action of the accused infringer selling the device to the customer).

Even if the court were inclined to consider (at the pleading stage) Google's undefended claim construction position that claim 1 expressly requires multiple actors, other courts have repeatedly denied as premature similar motions to dismiss asserting that multiple actors are required. *See, e.g., Tune Hunter Inc. v. Samsung Telecommunications Am., LLC*, No. CIV.A 209CV148TJW, 2010 WL 1409245, at *5 (E.D. Tex. Apr. 1, 2010) (denying motion to dismiss

stating that though the asserted claims require multiple actors, plaintiff is not required to "crystallize its theory of infringement without having the benefit of discovery to aid it" and "[t]he Court will be in a better position to consider this argument should Defendants raise it in a motion for summary judgment"); *Actus, LLV. V. Bank of Am. Corp.*, No. 09 Civ. 2010 WL 547183 (E.D. Tex. Feb. 10, 2010) (denying as premature defendant's motion to dismiss for failure to allege any theory of joint infringement or any facts that would support joint infringement stating that the "Court does not require that plaintiffs in a patent infringement lawsuit attach fully-developed infringement contentions to its complaint."); *Vellata, LLC v. Best Buy Co., Inc.*, No. CV 10-6752, 2011 WL 61620, *3, *4 (C.D. Cal. Jan. 7, 2011) (rejecting a defendant's argument that the plaintiff failed to state a claim under Rule 12(b)(6) for infringement because plaintiff's claims included limitations requiring actions to be performed by outside users accessing a web page, even though the complaint did not contain allegations that the defendant performed, directed, or controlled the steps of a claimed method, pursuant to the standard for direct infringement).

The deficiency of Google's motion is further underscored by contrasting the present facts to those at issue in *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *1 (W.D. Tex. Feb. 11, 2020)—a case Google cites as allegedly supporting dismissal (Mot. 6−8).  Unlike here, the Court observed there that "Plaintiff contends that infringement of claim 1 requires three actors[.]"  *De La Vega*, 2020 WL 3528411, at *3.  Unlike here, the method at issue in that case used the word "by" to expressly tether performance of a particular operative gerund to a particular claim element—i.e., "providing . . . *by a camera.*"  *Id*. at *1.  Google fails to provide a reasoned analysis keyed to any specific claim language or the pleadings at bar to explain why *De La Vega* is applicable here.

For the forgoing reasons, Google's argument concerning joint infringement should be rejected as (1) being premised on an undeveloped claim construction position that is premature under the circumstances; (2) failing to provide the court any rational or evidentiary basis to adopt Google's premature and undefended claim construction position; and (3) falsely asserting that the pleadings rely upon multiple actors in alleging infringement of claim 1.

**4. Google's motion fails to address the sufficiency of the pleadings with respect to the system claims.**

Google compounds its error in seeking to dismiss the complaint under the false premise that the infringement allegations are limited to only claim 1 (a method claim). The '491 patent includes other independent claims (each with respective claims depending therefrom) that recite certain analogous limitations as claim 1, though they are written in distinct forms. For example, independent claim 13 is directed to a "computer program product"; and independent claims 25 and 41 are each "apparatus" claims. Given the similar claim language recited in these independent claims and the allegation that Google infringes "at least claim 1" (Dkt. 1 ¶ 59), Google has been put on sufficient notice of infringement of analogous language recited in other claims as well.

Even if the Court were to find insufficient notice in the original complaint that at least the other independent claims stand accused under analogous reasoning, WSOU should be permitted to file an amended complaint (*e.g.*, by amending "at least claim 1" to state, instead, "at least claims 1, 13, 25, and 41, and respective dependent claims"). *See* note 1, *infra*.

**C. Google provides no basis to dismiss any indirect infringement claim.**

In purporting to raise a challenge to the sufficiency of indirect infringement claims, Google merely cites authority holding that indirect infringement requires facts sufficient to allow an inference that at least one direct infringer exists. Mot. 8 (citations omitted). WSOU has pled sufficient facts under the appropriate standard. Accordingly, Google's motion provides no basis to dismiss any indirect infringement claim.

## <u>CONCLUSION</u>

WSOU pleads factual content that allows this Court to draw the reasonable inference that Defendant is liable for the misconduct alleged. Defendant has not shown that WSOU would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with

the allegations in the complaint, and its motion should be denied.[1,2]

Dated: September 25, 2020

Respectfully submitted,

*/s/ Brett A. Mangrum*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
Brett A. Mangrum
Texas State Bar No. 24065671
Jeffrey Huang
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Brett@EtheridgeLaw.com
JeffH@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFF**

---

[1] To the extent the court finds the pleadings deficient in any respect, WSOU should be given an opportunity to replead.  The Fifth Circuit has stated that the district courts should "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

[2] Google's motion contains several other misrepresentations which are not addressed herein for the sake of brevity and because those misrepresentations are not determinative here.  However, WSOU does not concede that any such misrepresentation is correct.

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via email in accordance with the Federal Rules of Civil Procedure on September 25, 2020.

/s/ Brett A. Mangrum
Brett A. Mangrum