**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a | § | |
| BRAZOS LICENSING AND | § | |
| DEVELOPMENT, | § | Case No. 6:20-cv-580-ADA |
| | § | |
| Plaintiff, | § | JURY TRIAL DEMANDED |
| | § | |
| v. | § | |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT**
**GOOGLE LLC FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)**

## <u>TABLE OF CONTENTS</u>

**Pages**

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      WSOU Fails to Plead Direct Infringement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.      WSOU's Boilerplate Allegations Cannot Overcome Its Pleading Failures. . . . . . 1

      B.      Google Did Not Admit Infringement By Arguing Against Infringement. . . . . . . 3

      C.      Analyzing WSOU's Allegations Is Not Claim Construction. . . . . . . . . . . . . . . 5

      D.      WSOU's Complaint Alleges Multiple Actors, but No Joint Infringement. . . . . . 6

II.     WSOU Asks the Court to Infer Matters Wholly Outside the Pleadings. . . . . . . . . . . 7

III.    WSOU's Indirect Infringement Claims Also Fail. . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**TABLE OF AUTHORITIES**

*Cases*                                                    **Pages**

*Actus, LLV v. Bank of Am. Corp.*,
    No. 09-102, 2010 WL 547183 (E.D. Tex. Feb. 10, 2010). . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

*De La Vega v. Microsoft Corp.*,
    No. 19-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020). . . . . . . . . . . . . . . . 3, 4, 5, 8

*Golden v. Apple Inc.*,
    819 Fed. App'x 930 (Fed. Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*LBS Innovations, LLC v. Nokia USA Inc.*,
    No. 15-1972, 2016 WL 3407611 (E.D. Tex. June 21, 2016). . . . . . . . . . . . . . . . . . . . 3, 5

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Meyer Intellectual Props. Ltd. v. Bodum, Inc.*,
    690 F.3d 1354 (Fed. Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Regents of Univ. of Mich. v. Leica Microsystems Inc.*,
    No. 19-7470, 2020 WL 2084891 (N.D. Cal. Apr. 30, 2020). . . . . . . . . . . . . . . . . . . . . . 5

*Rosas v. Bexar Cty.*,
    No. 14-1082, 2015 WL 1955406 (W.D. Tex. Apr. 29, 2015). . . . . . . . . . . . . . . . . . . . . 3

*Slyce Acquisition Inc. v. Syte*,
    No. 19-257, 2020 WL 278481 (W.D. Tex. Jan. 10, 2020). . . . . . . . . . . . . . . . . . . . . . . . 5

*Tech. Patents LLC v. T-Mobile (UK) Ltd.*,
    700 F.3d 482 (Fed. Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Tune Hunter, Inc. v. Samsung Telecomms. Am. LLC*,
    No. 09-148, 2010 WL 1409245 (E.D. Tex. Apr. 1, 2010). . . . . . . . . . . . . . . . . . . . . . . . 7

*Vellata, LLC v. Best Buy Co.*,
    No. 10-6752, 2011 WL 61620 (C.D. Cal. Jan. 7, 2011). . . . . . . . . . . . . . . . . . . . . . . 6, 7

## <u>TABLE OF AUTHORITIES</u>

<div align="center"><em>Rules</em></div> **Pages**

Fed. R. Civ. P. 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## INTRODUCTION

Seeking to save its complaint, WSOU runs away from it.  Google explained in its motion that WSOU's allegations identify no actual user of any alleged functionality; in response, WSOU ignores its infringement allegations and claims instead that boilerplate is sufficient.  (It is not.) WSOU claims that Google somehow construed the claims of the patent by addressing WSOU's own theory of infringement, as if saying the words "claim construction" invoked magic to prevent dismissal.  (It does not.)  WSOU points to allegations it does not make in its complaint and patent claims it does not assert, as if they can save the allegations and claims it does make and does assert.  (They cannot.)  Finally, WSOU claims that a deceptively edited quote from Google's motion shows that Google admits infringement.  (It does not.)

WSOU can run from its complaint, but it cannot hide, because the Court must examine the allegations WSOU actually made and the theory it actually asserted.  WSOU's complaint does not allege any infringement, and the Court should dismiss it for failure to state a claim.

## ARGUMENT

### I.     WSOU Fails to Plead Direct Infringement

#### A.     WSOU's Boilerplate Allegations Cannot Overcome Its Pleading Failures

As Google explained in its motion, "a court must dismiss a complaint if it fails to allege 'enough facts to state a claim to relief that is plausible on its face'"; this "'facial plausibility'" requires "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  *Golden v. Apple Inc.*, 819 Fed. App'x 930, 931 (Fed. Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see* Mot. § I.  Google applied this standard to WSOU's infringement allegations, set forth in paragraphs 46-59 of its complaint.  *See* Mot. § II.  WSOU does not try to defend paragraphs 46-59, but instead alleges that Google

"ignores certain paragraphs (e.g., Dkt. 1 ¶¶ 45, 60) containing allegations expressly directed to Google's own use of the accused instrumentalities."  Opp. at 4; *see id.* at 3-4.  But paragraphs 45 and 60 are mere boilerplate.  Paragraph 45 states:

> Google makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, Google's Mobile Vision, which provides barcode, face, and text detection in applications (collectively, the "Accused Products").

Compl. ¶ 45.  This paragraph serves to introduce paragraphs 46-59, which contain WSOU's specific (and deficient) infringement allegations.  Following those allegations, WSOU returns to boilerplate with paragraph 60, which states:

> Google continues to directly infringe at least one claim of the '491 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

Compl. ¶ 60.  WSOU seeks to make a meal from this thin gruel by claiming that, because Google did not specifically mention these boilerplate bookends when challenging in detail the allegations between them, it somehow "remains undisputed that Google eats its own cooking."  Opp. at 3.  WSOU thus claims that, no matter the deficiencies of paragraphs 46-59—deficiencies Google described in its motion and WSOU does not rebut in its opposition—boilerplate paragraphs 45 and 60 *still* provide sufficient allegations of infringement.  But paragraphs 45 and 60 are precisely the "formulaic recitation of the elements" the law does not allow.  *Golden*, 819 Fed. App'x at 930-31.  They could not sufficiently allege infringement without paragraphs 46-59, and they certainly cannot do so with them.  As Google explained in its motion, paragraphs 46-59 explicitly identify two types of "users" in addition to Google:  both application developers and end users.  Mot. § B.  Thus, even if boilerplate paragraphs 45 and 60 would be sufficient by themselves (and they would not), they cannot survive the contradictory allegations of paragraphs

– 2 –

46-59.  The Court "need not accept as true conclusory allegations and allegations contradicted by other allegations within Plaintiff's own complaint." *LBS Innovations, LLC v. Nokia USA Inc*., No. 15-1972, 2016 WL 3407611, at *2 (E.D. Tex. June 21, 2016) (citing *Rosas v. Bexar Cty*., No. 14-1082, 2015 WL 1955406, at *5 (W.D. Tex. Apr. 29, 2015)).

The most charitable reading of this argument—and it is charitable indeed—is that paragraphs 45 and 60 implicitly allege that Google can somehow be both "users" set forth in paragraphs 46-59, even though none of these paragraphs come close to saying so explicitly. Even if the Court were allowed to take such liberties with the text of the complaint, it would still fail, because WSOU's complaint does not allege *how* Google becomes either of the two types of "users" in the complaint, and thus does not "plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed.'"  *De La Vega v. Microsoft Corp.*, No. 19-612, 2020 WL 3528411, at *4 (W.D. Tex. Feb. 11, 2020) (quoting *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2017)).  The complaint does not actually allege that Google is both types of "users" in the complaint, and WSOU cannot fill this gap with boilerplate.

## B.    Google Did Not Admit Infringement By Arguing Against Infringement

As Google explained in its motion, the accused API cannot infringe by itself because it cannot execute itself.  Mot. § II.A.  WSOU does not respond to this argument, but instead claims that "Google admits 'Google's Mobile Vision API . . . responds . . . to calls from mobile applications.'"  Opp. at 5 (quoting Mot. at 6).  Those ellipses are doing an awful lot of work. The full quote from Google's motion is:  "As WSOU acknowledges, Google's Mobile Vision API does not and cannot execute itself, and instead responds only to calls from mobile applications."  Mot. at 6 (citing Compl. ¶ 46).  WSOU's deceptive quotation cannot rebut Google's otherwise unrebutted point:  because WSOU has accused an API that cannot execute

itself, in order to "plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed,'" *De La Vega*, 2020 WL 3528411, at *4 (citation omitted), WSOU must at minimum allege that something else uses the API in an infringing way.  *See* Mot. § II.  It does not.  Instead, WSOU repeatedly alleges only that various "users" *could* use the API in an allegedly infringing way.  *See, e.g.*, Compl. ¶ 46 ("Google provides a Mobile Vision API to its users to (sic) **allowing them to include the functionalities** of barcode reading, face reading, and text reading in applications."); ¶ 48 ("The Google Mobile Vision API **allows a user to adjust** the corners of the region of interest denoted by the box (i.e. performing correction on the input image).") (emphasis added).  These hypothetical allegations are insufficient.

Seeking to save its hypothetical allegations, WSOU argues that finding a "user" actually using the API in an allegedly infringing way is "immaterial to the sufficiency of the pleadings here," akin to "powering up a device."  Opp. at 5.  Not so.  Because a mobile device is useless without power, a plaintiff need not specifically allege powering up to provide the Court with "'a reasonable inference that all steps of the claimed method are performed.'"  *De La Vega*, 2020 WL 3528411, at *4 (citation omitted).  But the obvious and globally necessary step of powering on is worlds apart from an application making a specific call to Google's API in an allegedly infringing way, which is neither obvious nor globally necessary.  WSOU's allegations make this point quite well:  WSOU alleges the Google Mobile Vision API includes numerous classes and methods for software developers to flexibly integrate into their software applications as they choose.  *See* Compl. ¶ 47 (citing the BarcodeDetector class containing 22 methods); ¶ 57 (citing the FirebaseVisionBarcodeDetector class containing 15 methods).  WSOU did not plead that anyone calls Google's API in an infringing way, and cannot simply assume that someone would.

– 4 –

C.     **Analyzing WSOU's Allegations Is Not Claim Construction**

Seeking to avoid engaging with Google's arguments, WSOU claims that the Court cannot evaluate its allegations in the complaint without engaging in "premature claim construction." Opp. at 6; *see id.* at 1-2. This is false; Google asks the Court only to exercise its routine authority to consider the sufficiency of allegations on a motion to dismiss. *E.g., De La Vega*, 2020 WL 3528411, at *7; *see also Lyda*, 838 F.3d at 1341; *LBS Innovations*, 2016 WL 3407611, at *4. Google's motion addressed only what WSOU itself alleged and, WSOU's wish to the contrary, did not seek claim construction. Tellingly, WSOU does not explain what construction the Court must undertake to resolve Google's motion. None exists, since the Court must only consider WSOU's own complaint.

None of WSOU's authorities support its position that claim construction is required here. In *Regents of Univ. of Mich. v. Leica Microsystems Inc.*, defendant Leica moved to dismiss on the grounds that the accused product failed to satisfy a particular limitation of the claim—"said supercontinuum white light pulse exciting the plurality of fluorophores of the sample to emit fluorescence"—in light of "the limitation's plain meaning and the patent's specification and prosecution history." No. 19-7470, 2020 WL 2084891, at *5 (N.D. Cal. Apr. 30, 2020). Indeed, Leica confirmed that it "does not otherwise dispute that Michigan sufficiently pleads that the SP8 microscopes satisfy this limitation under Michigan's interpretation of the claim." *Id*. at *5-*6. *Leica* thus stands for the unremarkable proposition that a defendant cannot directly challenge construction of the patent terms on a motion to dismiss. Here, Google challenges WSOU's allegations and supporting facts, which require no construction of the patent. Mot. §§ A, B, II. WSOU's reliance on *Slyce Acquisition Inc. v. Syte* is similarly misguided, as *Slyce* states only

that "a Rule 12(b) motion to dismiss is a procedurally awkward place for a court to resolve a patent's § 101 eligibility."  No. 19-257, 2020 WL 278481, at *5 (W.D. Tex. Jan. 10, 2020).

### D.      WSOU's Complaint Alleges Multiple Actors, but No Joint Infringement

WSOU accuses Google of "mischaracterizing" its allegations to require multiple actors. Opp. at 5; *see id.* at 5-7.  But WSOU makes no attempt to correct the record on these "mischaracterizations," and does not address any of its many allegations regarding "users" and "developers" that Google cited in its motion.  Mot. at 7-8 (citing Compl. ¶¶ 46-47, 51-53, 54-56, 58).  And WSOU points to no allegations in the complaint supporting a plausible claim of joint infringement by Google and any developers or end users.

Instead WSOU cites a series of cases which do not help it.  *Tech. Patents LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482 (Fed. Cir. 2012) vacated a district court's grant of summary judgment because the district court's finding, that the plaintiff's contentions failed with respect to some of the asserted claims at issue, did not affect the analysis.  *Id.* at 501.  Specifically, some of the asserted claims at issue did "not present an issue of joint or divided infringement."  *Id.*  Here, in contrast, WSOU specifically pleads performance of method steps by multiple actors but fails to state sufficient facts to support these allegations.  In *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354 (Fed. Cir. 2012)*,* the parties disputed a particular term of an asserted claim limitation, and "[r]esolution of the parties' dispute turns, in large part, on the construction of the term 'providing' as it is used in the patent claims."  *Id.* at 1367-68.  Here, in contrast, Google seeks no claim construction, but addresses only WSOU's allegations.  *See supra* § I.C.

For similar reasons, WSOU's reliance on *Actus, LLV v. Bank of Am. Corp.*, No. 09-102, 2010 WL 547183 (E.D. Tex. Feb. 10, 2010), and *Vellata, LLC v. Best Buy Co.*, No. 10-6752, 2011 WL 61620 (C.D. Cal. Jan. 7, 2011) also fail.  *Actus* denied a motion to dismiss because it

asked "the Court to simultaneously adopt a construction that the claims can only be performed by multiple actors—before the completion of claim construction discovery and without the benefit of thorough claim construction briefing—and then impose an excessively conservative pleading requirement on those claims." 2010 WL 547183, at *2. Google raises no claim construction issue. *See supra* § I.C. *Vellata* merely confirms that "[i]n order to decide Defendant's motion, the Court need not (and does not) make any factual findings regarding the scope and meaning of the patent claims or a determination as to infringement or non-infringement." 2011 WL 61620, at *3. Again, Google seeks no such ruling. Finally, WSOU cannot rely on *Tune Hunter, Inc. v. Samsung Telecomms. Am. LLC*, No. 09-148, 2010 WL 1409245 (E.D. Tex. Apr. 1, 2010) because that court reviewed the pleadings under the old legal standard. 2010 WL 1409245, at *5 ("The Court DENIES each of the pending motions to dismiss as to the requests that the Court adopt a heightened pleading standard following *Iqbal* and as to the 'single actor rule'.").

## II.   WSOU Asks the Court to Infer Matters Wholly Outside the Pleadings

WSOU argues that Google "fails to address the sufficiency of the pleadings with respect to the system claims." Opp. at 8. WSOU argues that, even though the complaint cites only Claim 1, and purports to read only claim 1 over the accused functionality, the Court can nevertheless infer sufficient allegations with respect to **other** claims of the patent "that recite certain analogous limitations as claim 1, though they are written in distinct forms." *Id.* WSOU claims that because the complaint included "the allegation that Google infringes 'at least claim 1' (Dkt. 1 ¶ 59), Google has been put on sufficient notice of infringement of analogous language recited in other claims as well." *Id.*

WSOU is wrong, as this Court recently concluded in *De La Vega v. Microsoft Corp.*, Case No. 19-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020).  There, two complaints alleged "that Microsoft and Google each, directly and indirectly, infringe[d] at least claims 1 and 9 of" the patent-in-suit.  *Id.* at *1 (citing Compls. ¶ 21 (alteration added)).  Despite the "at least" language in the *De La Vega* complaints, the Court considered only the claims the plaintiff specifically noted, claims 1 and 9.  *See id.* at *1-*2.  And in doing so, the Court applied a standard that devastates WSOU's argument here.  *See id.* at *7.  After considering in detail plaintiffs' allegations of infringement of claim 1, *id.* at *2-*7, the Court turned to claim 9:

> Plaintiff's Original Complaints do not provide any description of how the accused instrumentalities infringe claim 9.  Plaintiff only refers to claim 9 twice in each of his Original Complaints, once to provide the claim language and once to allege that each Defendant infringes claim 9 ("Defendant is thus liable for infringement of at least claims 1 and 9 of the '986 patent pursuant to 35 U.S.C. § 271.").  There is no explanation as to how the accused instrumentalities infringe claim 9.  Plaintiff fails to even include an allegation or short statement that each Defendant infringes claim 9 in the same manner as claim 1.

*Id.* at *7 (citation omitted).  The Court found that "these statements fail to even rise to the level of 'labels and conclusions, and a formulaic recitation of the elements of a cause of action' that are insufficient under *Twombly*," and dismissed the plaintiff's allegations regarding claim 9 without further analysis, and with prejudice.  2020 WL 3528411 at *7 (quoting *Twombly*, 550 U.S. at 555).  As *De La Vega* explained, the words "at least" are not magic and will not allow WSOU to rely on claims it did not plead.  The Court should not further consider WSOU's arguments regarding unpleaded claims.

## III.   WSOU's Indirect Infringement Claims Also Fail

Without proper claims of direct infringement, WSOU cannot properly allege indirect infringement.  *See* Mot. § III.  The Court should dismiss WSOU's indirect allegations as well.

– 8 –

## <u>CONCLUSION</u>

For the foregoing reasons and those set forth in the motion, Google respectfully requests

that the Court dismiss the complaint in this action, Docket No. 1, in its entirety.


Date: October 2, 2020                    Respectfully submitted,

<div style="margin-left: 45%;">

*/s/ Michael E. Jones*
Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com

Matthew S. Warren (California Bar No. 230565)
Jen Kash (California Bar No. 203679)
Robert Kang (California Bar No. 274389)
Erika Warren (California Bar No. 295570)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com

Tharan Gregory Lanier ( pro hac vice )
Jones Day
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

*Attorneys for Defendant Google LLC*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 2, 2020, I served the foregoing Reply in Support of Motion to

Dismiss by Defendant Google LLC For Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) by

notice of electronic filing on counsel of record registered as CM/ECF users.

<div align="right">

*/s/ Michael E. Jones*
Michael E. Jones

</div>