# EXHIBIT #10

**Group 2 – Google's Responsive Claim Construction Brief**
**(Civil Case Nos. 6:20-cv-00574-ADA, 6:20-cv-00576-ADA, 6:20-cv-00579-ADA, and 6:20-cv-00580-ADA)**



## IN THE U.S. PATENT AND TRADEMARK OFFICE

In re U.S. Patent Application of:

APPLICANTS: Inkinen et al.

SERIAL NO.: 10/770,868     FILING DATE:    February 3, 2004

EXAMINER: Kunamneni, Hari P.    ART UNIT:    2153

ATTORNEY'S DOCKET NO.: 886A.0006.U1(US)

TITLE:    CONTENT DELIVERY ACCORDING TO DEVICE ACTIVITY

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### RESPONSE TO OFFICE ACTION

Sir:

This paper is herewith filed in response to the Examiner's Office Action mailed on August 30, 2007 for the above-captioned U.S. Patent Application. As such, a petition for a two-month extension of time and accompanying fee are included. However, should the undersigned agent be mistaken, please consider this a petition for any extension of time that may be required to maintain the pendency of this Patent Application, and charge deposit account no. 50-1924 for any required fee deficiency.

Please amend the application as shown below.

02/04/2008 EAYALEW1 00000030 10770868
01 FC:1252                    460.00 OP

WSOU_576_8595283-0000324

S.N.: 10/770,868
Art Unit: 2153

## AMENDMENTS TO THE CLAIMS:

This listing of the claims will replace all prior versions, and listings, of the claims in this application.

Claims 2-7, 11-14, 17 and 20-23 are herein canceled without prejudice or disclaimer. Claims 25-36 are added herewith.

## Listing of Claims:

1. (Currently Amended) A system comprising <ins>the device as claimed in claim 15 and</ins> a content provider device <del>and a content receptor device</del>, <ins>wherein the device of claim 15 comprises a content receptor device, wherein</ins> the content provider device <del>usable</del> <ins>is operable</ins> to transfer <ins>an item of</ins> content to the content receptor device <ins>upon initiation by the content receptor device</ins><del>, and the content receptor device operable to receive content from the content provider device and store the content on memory means, wherein at least one of devices comprises content transfer control means arranged to initiate the transfer of an item of content from the content provider device to the memory means of the content receptor device according to the determination of an acceptable level of device activity</del>.

2-7. (Canceled)

8. (Currently Amended) A <del>system</del> <ins>device</ins> according to claim [[1]]<ins>15</ins>, wherein the content transfer <del>control means</del> <ins>controller</ins> is arranged to compress the <del>transferred</del> <ins>received item of</ins> content.

9. (Currently Amended) A system according to claim 1, wherein the content <del>transfer control means</del> <ins>provider device</ins> is arranged to configure the content into a form suitable for delivery <del>using</del> <ins>with regard to</ins> <del>the particular</del> delivery capabilities of the content receptor device.

10. (Currently Amended) A system according to claim 1, wherein the content provider device

2

S.N.: 10/770,868
Art Unit: 2153

includes a wireless transmitter ~~means~~ for conveying the content to a wireless receiver ~~means~~ of the content receptor device.

11-14. (Canceled)

15. (Currently Amended) A ~~content receptor~~ device ~~operable to receive content from a content provider device and store the content on memory means, the content receptor device~~ comprising:

 a user interface configured to allow a user to select an item of content,
 one or more components, and
 a content transfer controller ~~control means~~ configured to determine an acceptable activity period by monitoring usage of the one or more components over a particular time duration, and wherein the content transfer controller is configured to determine that an acceptable activity period is present when the usage of the one or more components is determined to have been below a particular threshold level over the particular time duration, the content transfer controller being arranged:

 to initiate ~~the~~ transfer of ~~an~~ the item of content from a content provider device according to the determination of an acceptable ~~level of device~~ activity period,
 to receive the item of content, and
 to store the content on memory.

16. (Currently Amended) A device according to claim 15, wherein the content transfer ~~control means~~ controller is arranged to distinguish between different threshold levels of device activity.

17. (Canceled)

18. (Currently Amended) A device according to claim [[15]]27, wherein the content transfer ~~control means~~ controller is arranged to determine device activity by monitoring the usage of one or more components of the second device ~~components~~ over ~~a particular~~ the time duration.

3

S.N.: 10/770,868
Art Unit: 2153

19. (Currently Amended) A device according to claim 15, wherein the content transfer ~~control means~~ controller is configured to ~~suspend or~~ terminate the transfer of the item of content ~~until a period of acceptable device activity~~ upon interruption of an acceptable level of device activity by an unacceptable level of device activity.

20-23. (Canceled)

24. (Currently Amended) A method ~~of providing content from a content provider device to a content receptor device, the content provider device usable to transfer content to the content receptor device, and the content receptor device operable to receive content from the content provider device and store the content on memory means, the method~~ comprising:

allowing a user to select an item of content via a user interface,

determining an acceptable level of device activity by ~~the~~ a content transfer ~~control means~~ controller by monitoring usage of one or more components of a content receptor device over a particular time duration and by determining that an acceptable activity period has occurred when component usage is determined to have been below a particular threshold level over the particular time duration, ~~and~~

in response ~~thereto~~ to determining an acceptable level of device activity, initiating ~~the~~ transfer of an item of content,

receiving the item of content at the content receptor device, and

storing the item of content on a memory of the content receptor device.

25. (New) A device according to claim 15, wherein the content transfer controller is configured to suspend the transfer of the item of content until a period of acceptable device activity upon interruption of an acceptable level of device activity by an unacceptable level of device activity.

26. (New) A device according to claim 15, wherein the item of content has an associated transmission duration which can be analyzed by the content transfer controller, and the content transfer controller is arranged to analyze whether a sufficient duration of an acceptable level of

4

S.N.: 10/770,868
Art Unit: 2153

device activity is available for the transfer of the content.

27. (New) A device comprising:

a user interface configured to allow a user to select an item of content,

a second device, and

a content transfer controller configured to determine device activity by analyzing activity of the second device over a time duration and to predict therefrom acceptable device activity levels for subsequent time durations, the content transfer controller being arranged to initiate transfer of the item of content from a content provider device at a predicted time of acceptable device activity level, the device being operable to receive the item of content and to store the item of content on memory.

28. (New) A device according to claim 27, wherein the content transfer controller is arranged to distinguish between different threshold levels of device activity.

29. (New) A device according to claim 27, wherein the content transfer controller is configured to terminate the transfer of the item of content upon interruption of an acceptable level of device activity by an unacceptable level of device activity.

30. (New) A device according to claim 27, wherein the content transfer controller is configured to suspend the transfer of the item of content until a period of acceptable device activity upon interruption of an acceptable level of device activity by an unacceptable level of device activity.

31. (New) A device according to claim 27, wherein the item of content has an associated transmission duration which can be analyzed by the content transfer controller, and the content transfer controller is arranged to analyze whether a sufficient duration of an acceptable level of device activity is available for the transfer of the content.

32. (New) A device according to claim 27, wherein the content transfer controller is arranged to compress the received item of content.

WSOU_576_8595283-0000328

S.N.: 10/770,868
Art Unit: 2153

33. (New) A system comprising the device as claimed in claim 27 and a content provider device, wherein the device of claim 15 comprises a content receptor device, wherein the content provider device is operable to transfer an item of content to the content receptor device upon initiation by the content receptor device.

34. (New) A system according to claim 33, wherein the content provider device is arranged to configure the item of content into a form suitable for delivery with regard to delivery capabilities of the content receptor device.

35. (New) A system according to claim 33, wherein the content provider device includes a wireless transmitter for conveying the content to a wireless receiver of the content receptor device.

36. (New) A method comprising:
    allowing a user to select an item of content via a user interface,
    determining an acceptable level of device activity by a content transfer controller by analyzing activity of a content receptor device over a time duration and predicting therefrom acceptable device activity levels for subsequent time durations,
    initiating transfer of an item of content at a predicted time of acceptable device activity levels,
    receiving the item of content at the content receptor device, and
    storing the item of content on a memory of the content receptor device.

WSOU_576_8595283-0000329

S.N.: 10/770,868
Art Unit: 2153

## REMARKS:

Claims 2-7, 11-14, 17 and 20-23 are herein canceled without prejudice or disclaimer.

Claims 25-36 are added herewith. No new matter is added.

It is noted that while on page 3 of the Office Action the Examiner asserts that claims 19-22 are rejected under 35 U.S.C. §102(b) in view of Kim et al. (similar to claims 1-5 and 15-18, see below), no argument is presented. Furthermore, claims 19-22 are subsequently rejected under 35 U.S.C. §103(a) in view of additional references. As such, it will be assumed that claims 19-22 are *not* rejected under 35 U.S.C. §102(b) as being anticipated by Kim et al.

The Examiner rejected claims 1 and 24 under 35 U.S.C. §112, second paragraph, as being indefinite. (Page 2 of the Office Action.) It is believed that the amendments to the claims should address this rejection.

The Examiner put forth the following prior art rejections:

- The Examiner rejected claims 1-5 and 15-18 under 35 U.S.C. §102(b) as being anticipated by Kim et al. (U.S. Patent Application Publication No. 2002/0052925). (Pages 3-7 of the Office Action.)

- The Examiner rejected claim 6 under 35 U.S.C. §103(a) as being unpatentable over Kim et al. in view of Horvitz (U.S. Patent No. 6,067,565). (Page 8 of the Office Action.)

- The Examiner rejected claims 7 and 19 under 35 U.S.C. §103(a) as being unpatentable over Kim et al. in view of Perlman et al. (U.S. Patent No. 6,237,039). (Page 9 of the Office Action.)

7

S.N.: 10/770,868
Art Unit: 2153

- The Examiner rejected claims 8 and 20 under 35 U.S.C. §103(a) as being unpatentable over Kim et al. in view of Andrew et al. (U.S. Patent No. 6,259,819). (Pages 9-10 of the Office Action.)

- The Examiner rejected claim 9 under 35 U.S.C. §103(a) as being unpatentable over Kim et al. in view of Nishikiori et al. (U.S. Patent Application Publication No. 2004/0205620). (Pages 10-11 of the Office Action.)

- The Examiner rejected claim 10 under 35 U.S.C. §103(a) as being unpatentable over Kim et al. in view of King et al. (European Patent No. 0993165). (Pages 11-12 of the Office Action.)

- The Examiner rejected claim 11 under 35 U.S.C. §103(a) as being unpatentable over Kim et al. in view of Gaudreau (U.S. Patent No. 6,239,843). (Page 12 of the Office Action.)

- The Examiner rejected claims 12 and 13 under 35 U.S.C. §103(a) as being unpatentable over Kim et al. in view of Gaudreau and further in view of Gauvin et al. (U.S. Patent No. 6,061,686). (Pages 13-14 of the Office Action.)

- The Examiner rejected claim 14 under 35 U.S.C. §103(a) as being unpatentable over Kim et al. in view of Gaudreau and further in view of King et al. (Pages 14-15 of the Office Action.)

- The Examiner rejected claim 21 under 35 U.S.C. §103(a) as being unpatentable over Kim et al. in view of Nishikiori et al. (Pages 15-16 of the Office Action.)

- The Examiner rejected claim 22 under 35 U.S.C. §103(a) as being unpatentable over Kim et al. in view of Gauvin et al. (Pages 16-17 of the Office Action.)

WSOU_576_8595283-0000331

S.N.: 10/770,868
Art Unit: 2153

- The Examiner rejected claim 23 under 35 U.S.C. §103(a) as being unpatentable over Kim et al. in view of King et al. (Page 17 of the Office Action.)

These rejections are respectfully disagreed with and are traversed below.

Kim et al. describe systems and methods for delivering targeted multimedia or video advertisements over the Internet. More specifically, and with reference to FIG. 3, Kim et al. describe a four-party arrangement having an information provider 301, a server 303, a client 305 and a user 313. (See para. [0069] of Kim et al.) The information provider 301 provides information (advertisement information) to the server 303 for distribution among the clients (including client 305). The client 305 obtains the information from the server 303 and stores it locally for subsequent access. While the user 313 can actively retrieve and use the information, the user 313 cannot positively request the information (i.e., the user 313 cannot positively send a request for the information to the server 303).

In contrast, independent claim 15 of the instant application recites in part: "A device comprising: a user interface configured **to allow a user to select an item of content**, and a content transfer controller... arranged: to initiate transfer of the item of content from a content provider device according to the determination of an acceptable activity period" (emphasis added). Kim et al. do not disclose or suggest that a user can select an item of content. Since Kim et al. are concerned with advertising, it is the information provider who decides which information is sent to the client/user (see para. [0069]).

Furthermore, Kim et al. expressly state that "users of the client 305 do not request the information positively" (para. [0069], lines 14-15). Thus, Kim et al. may be seen to teach away from the above-quoted features of claim 15 since the user is expressly disallowed from requesting the information. Clearly, Kim et al. cannot be seen to disclose or suggest at least these features of claim 15.

Claim 15 of the instant application further recites: "a content transfer controller configured to

9

S.N.: 10/770,868
Art Unit: 2153

determine an acceptable activity period by monitoring usage of the one or more components **over a particular time duration**, and wherein the content transfer controller is configured to determine that an acceptable activity period is present when the usage of the one or more components is determined to have been below a particular threshold level **over the particular time duration**" (emphasis added). Note that these features may be viewed as similar to ones previously recited in dependent claim 5.

In paragraph [0075], Kim et al. state:

> The present invention downloads information, typically ADs, in advance in the local storage of the client to show the information instantly upon a mouse click. The AD files are downloaded while the user activity is low in order not to interfere with the user's activity. To achieve this, both the server and client follow carefully designed protocols. The client software constantly monitors the user's network access speed and only when the user does not use the bandwidth actively, does it download the advertising contents from the download server DLS 413. The client software 415 constantly reports the AD inventory and presentation status to the advertisement distribution server ADS 411. The ADS 411 determines what AD files to download next.

Thus, Kim et al. discuss monitoring network access and downloading advertisements when the user is not actively using the bandwidth. See also para. [0076] of Kim et al. However, claim 15 recites " monitoring usage [] **over a particular time duration**" and "determine[ing] [] an acceptable activity period is present when the usage [] is determined to have been below a particular threshold level **over the particular time duration**." As is apparent from the description in para. [0076] and FIGS. 5a-5c, Kim et al. only consider instantaneous usage and do not consider when usage is "below a particular threshold level **over a particular time duration**," as recited in claim 15 of the instant application.

The features recited in claim 15 are not disclosed or suggested in the cited art. Based on the

10

S.N.: 10/770,868
Art Unit: 2153

above explanations and arguments, it is clear that Kim et al. cannot be viewed as anticipating claim 15. Therefore, claim 15 is patentable and should be allowed.

Though dependent claims 1, 8, 9, 10, 16, 19, 25 and 26 contain their own allowable subject matter, these claims should at least be allowable due to their dependence from allowable claim 15.

Independent method claim 24 recites similar features as claim 15, including: "allowing a user to select an item of content via a user interface" and "determining an acceptable level of device activity by a content transfer controller by monitoring usage of one or more components of a content receptor device over a particular time duration and by determining that an acceptable activity period has occurred when component usage is determined to have been below a particular threshold level over the particular time duration." For the same reasons stated above with respect to claim 15, independent claim 24 is not anticipated by Kim et al. Therefore, claim 24 is patentable and should be allowed.

Claim 27 of the instant application recites in part: "A device comprising: a user interface configured to allow a user to select an item of content, [] and a content transfer controller configured to determine device activity by analyzing activity of the second device over a time duration and to predict therefrom acceptable device activity levels for subsequent time durations, the content transfer controller being arranged to initiate transfer of the item of content from a content provider device at a predicted time of acceptable device activity level." Note that the recited content transfer controller may be viewed as similar to what was previously recited in claim 6.

As an initial point, the above-presented arguments for claim 15 concerning user-selection of the item of content are repeated for claim 27. Kim et al. do not disclose or suggest that a user can select an item of content and, furthermore, may be seen as teaching away from this feature.

With further regard to the content transfer controller recited in claim 27 of the instant application,

11

WSOU_576_8595283-0000334

S.N.: 10/770,868
Art Unit: 2153

it is noted that the Examiner utilized Horvitz when rejecting similar features of claim 6.

As another initial point, it is noted that Horvitz does not remedy the above-noted shortcoming of Kim et al. Horvitz is concerned with pre-fetching (see col. 3, lines 39-45) and thus does not provide for user-selected content. Similar to Kim et al., Horvitz may be seen as teaching away from this feature since content is expressly downloaded prior to a user request.

Furthermore, Horvitz does not disclose the content transfer controller recited in claim 27. While the Examiner cited col. 10, lines 51-52 of Horvitz as allegedly disclosing the recited functionality of the content transfer controller, this portion of Horvitz clearly relates to a situation in which a low device activity period has already commenced. At that time, the probabilistic analysis of future task instances is undertaken in mind of immediate execution. Therefore, Horvitz does not disclose "predict[ing]... for subsequent time durations," as recited in claim 27 of the instant application.

The features recited in claim 27 are not disclosed or suggested in the cited art. Based on the above explanations and arguments, it is clear that Kim et al. in view of Horvitz does not render claim 27 obvious. Therefore, claim 27 is patentable and should be allowed.

Though dependent claims 18 and 28-35 contain their own allowable subject matter, these claims should at least be allowable due to their dependence from allowable claim 27.

Independent method claim 36 recites similar features as claim 27, including: "allowing a user to select an item of content via a user interface" and "determining an acceptable level of device activity by a content transfer controller by analyzing activity of a content receptor device over a time duration and predicting therefrom acceptable device activity levels for subsequent time durations." For the same reasons stated above with respect to claim 27, independent claim 36 is not rendered obvious by Kim et al. in view of Horvitz. Therefore, claim 36 is patentable and should be allowed.

12

S.N.: 10/770,868
Art Unit: 2153

The Examiner is respectfully requested to reconsider and remove the rejections of claims 1, 8-10, 15, 16, 18, 19 and 24, and to allow all of the pending claims as now presented for examination. For all of the foregoing reasons, it is respectfully submitted that all of the claims now present in the application are clearly novel and patentable over the prior art of record. Should any unresolved issue remain, the Examiner is invited to call Applicants' agent at the telephone number indicated below.

Respectfully submitted:

_/s/ Alan L. Stern_  January 30, 2008
Alan L. Stern                Date
Reg. No.: 59,071

Customer No.: 29683

HARRINGTON & SMITH, PC
4 Research Drive
Shelton, CT 06484-6212
Telephone:     (203) 925-9400
Facsimile:     (203) 944-0245
E-mail:        astern@hspatent.com

### CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Mail Stop Amendment, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

_/s/ Ann Obrentowich_        1-30-08
Name of Person Making Deposit   Date

13

WSOU_576_8595283-0000336