IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a, BRAZOS LICENSING AND DEVELOPMENT**<br><br>Plaintiff,<br><br>v.<br><br>**GOOGLE LLC,**<br><br>Defendant. | § CIVIL ACTION 6:20-CV-00571-ADA<br>§ CIVIL ACTION 6:20-CV-00572-ADA<br>§ CIVIL ACTION 6:20-CV-00573-ADA<br>§ CIVIL ACTION 6:20-CV-00575-ADA<br>§ CIVIL ACTION 6:20-CV-00576-ADA<br>§ CIVIL ACTION 6:20-CV-00579-ADA<br>§ CIVIL ACTION 6:20-CV-00580-ADA<br>§ CIVIL ACTION 6:20-CV-00583-ADA<br>§ CIVIL ACTION 6:20-CV-00584-ADA<br>§ CIVIL ACTION 6:20-CV-00585-ADA<br>§<br>§   **JURY TRIAL DEMANDED**<br>§ |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REQUIRING WITHDRAWAL OF SUBPOENAS AGAINST NONPARTIES BP FUNDING AND TERRIER SSC**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") files this Motion for Protective Order and respectfully requests that the Court order Defendant to withdraw its subpoenas against nonparties Terrier SC ("Terrier") and BP Funding Trust ("BP Funding") (Terrier and BP Funding are referred to collectively herein as "Respondents"). Defendant seeks to compel these nonparties to produce the same documents that this Court has previously held WSOU is not required to produce.

## BACKGROUND

On or about May 16, 2019, WSOU and BP Funding entered a Patent Security Agreement (the "BP Funding Security Agreement"). The BP Funding Patent Security Agreement was publicly recorded with the United States Patent and Trademark Office on May 20, 2019 at Reel 049235, Frames 0068-0185. BP Funding later assigned its security interest to Terrier SSC, LLC. Terrier SSC, LLC released the BP Funding Security Agreement and publicly recorded a Release of Security Interest in Patents dated May 28, 2021. The release is recorded at Reel 056526, Frames

0093-0278.  *See* **Exhibit 1**.[1]

Defendant has filed motions to compel against Respondents in Delaware.  Defendant's motion to compel against BP Funding argues "communications . . . and the underlying loan agreement between [WSOU] and BP Funding Trust" are relevant to standing. *See* **Exhibit 2** ¶6. Defendant's motion to compel against Terrier argues that "agreements and communications" relating to the assignment of the Security Agreement from BP Funding to Terrier are likewise relevant to standing. *See* **Exhibit 3** ¶ 4.

This Court has already denied a motion to compel WSOU to produce the same documents Defendant now seeks to compel from nonparties. In *WSOU Investments LLC vs. Microsoft Corporation*, Civil Action Nos. W-20-cv-454 thru 465, the defendant moved to compel WSOU to produce documents relating to the BP Funding Security Agreement, arguing those documents could be relevant to standing. This Court denied Microsoft's request on September 9 and again on October 7, 2021. The September 9 and October 7 hearings are sealed and are therefore unavailable to the Delaware court where Defendant filed its motions to compel against BP Funding and Terrier. The agreed proposed order submitted by Microsoft and WSOU for the October 7 hearing states in relevant part: "Microsoft's request to compel WSOU to produce the underlying Loan Agreement and full Security Agreement for . . . BP Funding Trust . . . is DENIED."  *See* **Exhibit 4**.  At the September 9 hearing, this Court also denied Microsoft's motion to compel WSOU to produce negotiations between WSOU and Nokia. Defendant's subpoenas against BP Funding and Terrier seek documents "concerning any contemplated acquisition of patents or rights in patents from Nokia." *See* **Exhibit 5** at 13 ¶ 19; **Exhibit 6** at 13 ¶19.

On September 15, 2021, in response to a letter from Defendant demanding that WSOU produce information relating to the BP Funding Trust Security Agreement (beyond the publicly recorded security agreement and release, which Defendant already has produced), WSOU objected to the request as overly broad and out of proportion to the needs of the case and notified Defendant

---

[1] Exhibits are being filed only in the -571 case.

that this Court had already denied Microsoft's motion to compel the same documents. Rather than filing a motion to compel those documents from WSOU with this Court, Defendant attempted an end run by filing against BP Funding and Terrier in Delaware.

Respondents served objections to Defendant's subpoenas on October 19, 2021. *See* **Exhibit 7**. Pursuant to Rule 45(f), WSOU and Respondents are filing a motion to transfer the Delaware motions to compel to this Court.

## ARGUMENT AND AUTHORITIES

### A. This Court has authority to enter a protective order relating to Defendant's subpoenas.

This Court has authority—and broad discretion—to enter a protective order relating to Defendant's subpoenas. Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order ***in the court where the action is pending***.... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c) (emphasis added). "The Federal Rules of Civil Procedure clearly contemplate that ***a party to an action*** may challenge a subpoena ***directed to a non-party*** via a request for a protective order ***in the court where the action is pending***, rather than in the court from which a subpoena to a non-party was issued." *Morrison v. YTB Intern., Inc.*, CIV.08-579-GPM, 2010 WL 1752579, at *3 (S.D. Ill. Apr. 30, 2010) (emphasis added); *Ernst v. Kauffman*, 5:14-CV-59, 2016 WL 11261290, at *3 (D. Vt. June 23, 2016) ("Thus Rule 26(c)(1) itself contemplates that a non-party may seek judicial relief on matters relating to a deposition in either the court where the action is pending or in the court for the district where the deposition will be taken.").

Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Thus, the court may, inter alia, forbid the disclosure or discovery; forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters; or prescribe a discovery method other than the one selected by the party seeking discovery. Fed. R. Civ. P. 26(c).

### B. This Court is better suited to resolve this discovery dispute.

This Court is better suited than Delaware to resolve this discovery dispute. This Court has already considered and denied a motion to compel the *same* documents Defendant now seeks from BP Funding and Terrier. This Court has also denied motions to compel negotiations between WSOU and Nokia, information Defendant also now seeks to compel from Respondents. Further, this Court is aware of its own local rules and practices that should have bearing on this discovery dispute. For example, this Court's Order Governing Proceedings does not generally allow for e-discovery. Yet, Defendant demanded that nonparties BP Funding and Terrier agree to produce emails (without informing them that this Court generally does not require e-discovery). This Court should prevent Defendant's attempt to do an end run around this Court's orders.

### C. WSOU has standing to bring this motion.

WSOU has standing to bring this motion. "A party has standing to move for a protective order pursuant to Rule 26(c) ... even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena." *Zamora v. GC Services, LP*, EP-15-CV-00048-DCG, 2017 WL 1861843, at *4 (W.D. Tex. Feb. 17, 2017) (cleaned up). In *Zamora*, this Court held that an employee "has a personal right to his personnel files, and therefore has standing to challenge a subpoena for his personnel files." *Id.* (granting motion for protective order because subpoena request for "entire personnel files" was overly broad). Here, WSOU has a personal right to its loan file with BP Funding and Terrier, and therefore has standing to challenge a subpoena for its loan file and documents relating to its loan file.

### D. There is good cause to enter a protective order requiring Defendant to withdraw its subpoenas and motions against BP Funding and Terrier.

There is good cause to enter a protective order requiring Defendant to withdraw its subpoenas and motions to compel against BP Funding and Terrier because this Court has already refused to compel WSOU to produce the same information Defendant now seeks from non-parties. The underlying loan documents are not relevant to a claim or defense in this case, as the operative document—the publicly recorded security agreement—has already been produced. *See Eidos*

*Display, LLC v. AU Optronics Corporation*, 6:11-cv-00201-JRG-JDL, 2016 WL 6680578, at *5 (E.D. Tex. Nov. 14, 2016) (holding that a security interest in a patent does not present a "typical joinder issue" and does not create ownership rights in the patent). The same relevancy standard that this Court applied in denying Microsoft's motion to compel WSOU to produce documents relating to the BP Funding Security Agreement should be applied in granting this motion and forbidding Defendant from seeking the same documents directly from nonparty BP Funding. *See Cook v. Howard,* No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26."); *Singletary v. Sterling Transp. Co., Inc.*, 289 F.R.D. 237, 240–41 (E.D. Va. 2012) ("Thus, regardless of whether the Court considers Plaintiff's Motion under Rule 45 or Rule 26, the Court must review Defendant's subpoenas under the relevancy standards set forth in Rule 26(b).").

There is also good cause to enter a protective order compelling Google to withdraw its subpoenas because the subpoenas are facially overbroad and seek information that (if it was discoverable) could be sought from a less burdensome source. The scope of discovery is within the sound discretion of the trial judge, who may "tailor discovery narrowly and dictate the sequence of discovery." *Zamora*, 2017 WL 1861843 at *2 (cleaned up). "However, the Court must limit discovery, if it determines, on motion or on its own, that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive or the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Id.* (cleaned up). Rule 26(b), although broad, may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Id.* Defendant's subpoenas seek information on an array of topics that Defendant makes no effort to justify in its motions to compel, making it clear that Defendant is engaged in a fishing expedition. Further, if information about the BP Funding Security Agreement to WSOU was relevant, Defendant could seek that information from WSOU without burdening nonparties.

Finally, there is good cause to enter a protective order because Defendant's harassment of WSOU's current or former lenders with burdensome fishing expeditions can harm WSOU's relationships and thereby prejudice WSOU. If the information Defendant seeks is relevant and discoverable, Defendant should seek it from WSOU.

Dated: October 20, 2021

Respectfully submitted,

By: */s/ Ryan S. Loveless*
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeffrey Huang
Brian M. Koide
Nathan K. Cummings
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX 76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jhuang@EtheridgeLaw.com
Brian@EtheridgeLaw.com
Nathan@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff WSOU Investments, LLC*

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via the U.S. District Court CM/ECF Document Filing System to all counsel of record on October 20, 2021.

*/s/ Ryan S. Loveless*
Ryan S. Loveless

## **CERTIFICATE OF CONFERENCE**

Counsel for WSOU conferred with Google by email on October 14, 2021 and October 15, 2021. Google opposes this motion and has already filed motions to compel against BP Funding and Terrier.

*/s/ Ryan S. Loveless*
Ryan S. Loveless