IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | Case No. 6:20-cv-572-ADA |
| | § | Case No. 6:20-cv-575-ADA |
| Plaintiff, | § | Case No. 6:20-cv-579-ADA |
| | § | Case No. 6:20-cv-580-ADA |
| v. | § | Case No. 6:20-cv-584-ADA |
| | § | Case No. 6:20-cv-585-ADA |
| GOOGLE LLC, | § § | |
| Defendant. | § § | JURY TRIAL DEMANDED |

**GOOGLE'S RESPONSE TO CARTER ARNETT PLLC'S MOTON TO WITHDRAW DUE TO A NON-WAIVABLE CONFLICT OF INTEREST**

On February 21, 2022, Carter Arnett PLLC filed Motions to Withdraw Due to a Non-Waivable Conflict of Interest in five cases. This is Google LLC's Response to said Motions.

I.

Introduction

Regarding the substance of the Motion to Withdraw, it is impossible for Google to state a position concerning Carter Arnett PLLC's withdrawal in light of counsel's statements that "the facts giving rise to the conflict are privileged." Accordingly, Google does not have adequate knowledge of the underlying circumstances and Google takes no position concerning the withdrawal..

Though not having a position on the withdrawal of Carter Arnett PLLC, Google does have concerns regarding how these cases should proceed in the event of such withdrawal. These concerns stem from the litigation history between these parties in the fifteen cases filed in this

Court approximately 1 ½ years ago. Further, these concerns are based upon the current status of the five remaining cases.

II.

History of Litigation

WSOU filed a series of 15 Complaints for Patent Infringement in this Court approximately 1 ½ years ago. In the five of these 15 cases, the Court's claim construction rulings effectively resolved all liability issues against the plaintiff and ended the cases[1]. The plaintiff then voluntarily dismissed four additional cases in January 2022.[2] Following those dismissals, plaintiff voluntarily dismissed another case on February 24, 2022 – just four days ago.[3] Google made no payments whatsoever with regard to any of these dismissals. Negotiations are currently ongoing concerning the possible dismissal of other cases.

This history produces one inescapable conclusion. After 1 ½ years of expensive litigation and the continued use of this Court's valuable resources, at most only five cases remain although all 15 cases nearly finished the discovery process. Clearly, efficiencies need to be brought to the future handling of the remaining cases. Chief among these efficiencies is the need for a date certain for the plaintiff to determine, with finality, which of the five remaining cases it will prosecute to conclusion.

III.

Schedule

Throughout the course of litigation, Google has attempted to work with plaintiff to create an environment to resolve these cases as quickly as possible while, at the same time, agreeing to

---

[1] 6:20cv574, 6:20cv577; 6:20cv578; 6:20cv581; 6:20cv582
[2] 6:20cv571; 6:20cv573; 6:20cv576; 6:20cv583
[3] 6:20cv575

reasonable extension requests. For example, Google agreed to an extension of the discovery period while the Etheridge Law Firm was lead counsel. When Carter Arnett PLLC became lead counsel, Google again agreed to rescheduling certain activities. And, yet again, Google agreed to remove depositions from the calendar after learning of this Motion to Withdraw, as an accommodation to plaintiff, and agreed that certain changes would have to occur to the case schedule in light of such Motion.

To create a more efficient future for the remaining cases, WSOU needs to determine which cases will proceed and who will be lead counsel. Additionally, a new schedule will be necessary to complete the remaining discovery tasks and move any remaining cases to resolution. Google requests that, once a determination is made as to the lead counsel for plaintiff, such lead counsel be ordered to meet and confer with Google on a revised case schedule. Thereafter, the parties can submit a revised schedule to the Court on any remaining cases. In the event the parties are not able to agree on such a schedule, Google requests a status conference with the court to resolve any schedule disputes.

IV.

Conclusion

Google's requests in this motion are simple and pragmatic. Google requests:

1. The Court make a determination of whether Carter Arnett PLLC can withdraw and, further, who is lead counsel for plaintiff.

2. The Court set a date by which plaintiff will determine which of the five remaining cases it will continue to prosecute.

3. The Court order plaintiff's new lead counsel to meet and confer with Google's counsel concerning a revised schedule for any remaining cases.

4. The Court order the parties to submit a revised agreed schedule for any remaining cases or, in the alternative, if there are disputes over such schedule, the Court set a status conference in this matter to resolve such disputes.

Date: February 28, 2022

Respectfully submitted,

*/s/ Michael E. Jones*
Tharan Gregory Lanier (pro hac vice)
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679) (*pro hac vice*)
Erika Warren (California Bar No. 295570)
Warren Lex LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com

Sasha Mayergoyz
**Jones Day**
77 W. Wacker Drive
Chicago, IL 60601
+1 (312) 782-3939

smayergoyz@jonesday.com

Tracy A. Stitt
Edwin O. Garcia
**Jones Day**
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com
edwingarcia@jonesday.com

Michael A. Lavine
**Jones Day**
555 California Street
26th Floor
San Francisco, California 94104
+1 (415) 626-3939
mlavine@jonesday.com

***Attorneys for Defendant Google LLC***