IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>        *Plaintiff*,<br><br>v.<br><br>GOOGLE LLC<br><br>        *Defendant*. | <u>Civil Case Nos</u>.<br><br>6:20-cv-00585-ADA<br>6:20-cv-00580-ADA<br><br>**JURY TRIAL DEMANDED**<br><br><u>**FILED UNDER SEAL**</u> |

## MOTION TO EXTEND PRETRIAL DEADLINES

WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos"), seeks relief from the current agreed deadlines for completion of fact discovery and production of expert reports, in order to address Google LLC's ongoing obstruction of Brazos' efforts to obtain critical documents and testimony necessary to adequately prepare for trial. Specifically, Brazos asks that the discovery deadline be extended four weeks to March 25, 2022, and that expert report deadlines likewise be extended to April 1, 2022 for opening reports, and April 29, 2022 for responsive reports. Brazos further requests that the deadline to file Daubert motions to limit or exclude expert testimony and Dispositive Motions is extended to May 20, 2022. Brazos does not seek a delay of trial.

## FACTUAL BACKGROUND

On June 29, 2020, Brazos filed lawsuits against Google alleging that two of its application programming interfaces ("APIs") infringe patents owned by Brazos. In Cause No. 6:20-cv-585, Brazos specifically accused functionality within Google's Awareness API, including the ability to determine device locations and to create and monitor geofences. In Cause No. 6:20-cv-580, Brazos specifically accused functionality related to Google's Mobile Vision API and ML Kit SDK which

encompasses Mobile Vision API.

By their very nature, APIs offer a service *to other pieces of software*, creating a connection between computers or between computer programs. Consequently, use of the API by the revenue-generating applications that call to them is inherent in Brazos' contention that the Awareness API and Mobile Vision API infringe its patents.

Despite this, Google refused to produce *any* information in response to Brazos' request for "[a]ll U.S. profit and loss statements associated with the ACCUSED INSTRUMENTALITY, including at least the following information from date of first infringement to present: (a) Revenues (gross and net); (b) Costs of goods sold; (c) Gross profits; (d) Operating expenses by category of expense; and (e) Operating profits."

In an obvious effort to stymie Brazos' ability to establish a royalty base, Google takes the untenable position that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Google, however, has invested developer man-hours to create these APIs, and has ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, even making Awareness API and Mobile Vision API/ML Kit SDK a special focus at its annual developer conference, Google I/O.[1]

Google denied Brazos' requests for financial information for all applications that call to the accused APIs even after extensive correspondence and meet and confers on the issue. The matter is currently set to be heard by the Court on February 17, 2022.

Brazos intended to garner useful information about the means by which Google benefits from applications—both those created by Google and included on all Android devices and those developed

---

[1] https://www.youtube.com/watch?v=37ia7S4Lsv4 [Google I/O 2016 presentation, *Introducing the Awareness API, an easy way to make your apps context aware*]; https://youtu.be/KKRbwO06SwQ [Google I/O 2017 presentation, Getting Started with Machine Perception Using the Mobile Vision API]; https://youtu.be/QwHD36bhXZA [Google I/O 2019 presentation by Christiaan Prins, ML Kit: Machine Learning for Mobile with Firebase].

by third parties—during the depositions of its corporate representatives. But there, too, Google has hidden behind its overly narrow interpretation of the accused instrumentalities[2] to present woefully unprepared and unknowledgeable witnesses.

In the -585 case, for example, Google designated Reto Meier to testify on deposition topic 43: "Defendant's review, study, or tracking of consumer choice, preference and/or selection relating to the Accused Instrumentalities (and/or the features and functions thereof)." When asked what information Google had on that topic, Mr. Meier responded, "I'm not sure." Deposition of Reto Meier ("Meier Dep."), excerpts of rough transcript attached as Exhibit A, at 63. Brazos showed the witness a document produced by Google that referenced ▮▮▮▮ and asked, "Does Google track ▮▮▮▮?" The witness answered: "I don't know what an ▮▮▮▮ is and I certainly don't know whether we track it or not." *Id.* at 60–61. Similarly, the witness did not know whether Google tracks ▮▮▮▮ for Awareness API, whether Google tracks download numbers and API usage, or whether Google keeps statistics on user implementation of the Awareness API within Google products or services. *Id.* at 61–63. And why couldn't the witness answer questions about this topic on which he was designated?

> Q. Did you make any – any inquiry as to what sort of tracking Google does with respect to the Awareness API?
>
> A. I did not, no.

*Id.* at 64.

This is just the tip of the iceberg. Mr. Meier was universally unprepared and unknowledgeable on the topics for which he was designated. Ex. A at 17–18 (no knowledge whether other groups within

---

[2] While Google served objections to Brazos' Rule 30(b)(6) notices, it never sought a protective order, and thus was required to produce a witness prepared to testify on each of the noticed topics. "The only pre-deposition protest allowed by the Federal Rules of Civil Procedure is a motion for a protective order." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 144 (E.D. Tex. 2003). *See also Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) (holding that, absent motion for protective order, corporate deponent cannot simply make "objections and then provide a witness that will testify only within the scope of its objections").

Google use Awareness API, despite ▓▓▓); 25–26 (unaware "if or how" Google Maps uses Awareness API, ▓▓▓); 27 (▓▓▓); 31 (claiming not to know whether apps within Google were using Context Manager [Google's internal name for Awareness API] despite ▓▓▓); 31, 54–55 (admitting he made no inquiry to determine whether Google apps use Awareness API), 34 (no inquiry into why third party apps identified in Google documents were "▓▓▓"); 36–37 (did not know what ▓▓▓, even though designated on marketing and promotion of the accused instrumentality); *id.* (feigning ignorance of what Google means with respect to the ▓▓▓); 48–49 (claiming not aware of how better apps in the Android ecosystem benefit Google); 53–54 (did not know whether Google search ads utilize the API); 68–69 (did not know whether surveys conducted regarding Awareness API and did not ask, although ▓▓▓); 82–83 (no knowledge regarding what apps on PlayStore use API, or any revenue Google derives from them).

Brazos encountered similar stonewalling in the -580 case. There, the witness designated on how the functionality of Mobile Vision API and ML Kit SDK leads to sales, profitability, or revenue testified that he was aware that applications using Mobile Vision API and ML Kit SDK available on the Google Play Store ▓▓▓. But he did not know whether Google derives any revenue from such apps and could not even point Brazos to a person, title, or department that would know the answer. Deposition of Christiaan Prins ("Prins Dep."), excerpts attached as Exhibit B, at 34, 62, 125, 168–70. Mr. Prins was similarly unprepared to explain ▓▓▓ produced by Google – and for which he was the custodian.

Google's refusal to provide relevant documents or testimony has not been limited to damages-



related witnesses. The Court already has before it Brazos' request for additional source code, which Google produced piecemeal and with substantial, critical gaps. Google's games continued in depositions for the -585 case, where Google's witness could not even say whether Google had produced source code corresponding to basic functionality within the accused Context Manager Client. For example, when asked about whether source code had been produced implementing the components within the Context Manager Client as depicted in a simple block diagram from Google's own documents, the witness did not know whether source code was produced for ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" Deposition of Payam Pakzad ("Pakzad Dep."), excerpts attached as Exhibit C, at 46:15–48:6. Indeed, Mr. Pakzad could not say which software modules use geofencing (critical to Brazos' contentions), and did not make any effort in preparing for the deposition to inquire as to which software modules use geofencing. *Id.* at 103:12–25. And he made no effort to prepare on other fundamental topics as well. While admitting that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, he made no attempt in preparing for his deposition to educate himself as to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* at 22:16–23:12, 42:5–11. Nor could Mr. Pakzad answer questions about which and how often Google applications have used Awareness API or other APIs within Context Manager, and did not look at any of the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* at 85:8–86:13.

As a consequence of this behavior, Brazos anticipates that it will have to re-depose Google's corporate representatives, and possibly conduct additional Rule 30(b)(1) depositions once all responsive documents are produced.

At present, the discovery period is set to end on February 25, 2022 and opening expert reports are due on March 4, 2022. By agreement, the parties have already scheduled depositions outside that

time period—including third party depositions to take place after expert reports are due. Google's failure to produce relevant documents and requested testimony makes preparation of expert reports and completion of discovery by the current deadlines impractical. Indeed, currently, Brazos does not possess *any* revenue data for purposes of preparing expert reports on damages. To adequately develop the facts for trial, additional time to complete both fact and expert discovery is required.

## ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "for good cause and with the judge's consent." The Fifth Circuit has explained that "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1 (2d ed.1990)). Good cause is shown when the party who seeks to modify a scheduling order deadline has acted diligently, but will still be unable to meet that deadline. *See Rivera v. County of Willacy*, 2007 U.S. Dist. LEXIS 41401, at *2, 2007 WL 1655303, *1 (S.D. Tex. June 6, 2007).

Courts consider four factors in determining whether to allow a scheduling modification for good cause under Rule 16(b): (1) the explanation for the failure to complete discovery on time, (2) the importance of the amendment to the scheduling order, (3) the potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir.2012). Each of these factors supports Brazos' request for a four-week extension of discovery and expert disclosure deadlines in this case.

As set forth above and in the attached exhibits, Google has erected numerous barriers to Brazos' ability to ascertain facts critical to its preparation of the case. Brazos raised its concerns about

source code deficiencies and the absence of application-based financial information in advance of depositions, but despite numerous conferences, has been unable to secure the requested discovery. Similarly, Brazos has been unable to fill gaps in the documentary evidence through depositions—almost universally because Google has presented witnesses with limited, if any, knowledge on the designated topics. And each witness confirmed they made no effort whatsoever to ascertain facts known to Google. Google's failure to prepare witnesses based on mere objections was improper, as those objections have no legal effect. *See Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 144 (E.D. Tex. 2003). Under these circumstances, Brazos cannot—despite its diligence—complete discovery and provide its experts with evidence necessary to prepare reports on the current schedule.

Because expert reports are essential in patent cases such as these, the requested amendment to the scheduling order is of critical importance to Brazos. Brazos will be greatly impeded in its ability to present expert testimony and prepare the case for trial if it is unable to obtain responsive documents, review them, and depose witnesses who will provide substantive responses to questions. Thus, the prejudice to Brazos in denying the relief is substantial. On the other hand, because the requested extensions do not include moving the trial date, the impact to the Court's operations should be minimal. Similarly, Google will not be adversely affected, as it has already agreed to depositions outside the discovery period, and would have the same amount of time between expert reports as is currently allowed under the present schedule. Finally, although Brazos does not believe a continuance of trial is necessary so long as Google lives up to its discovery obligations, a continuance would ameliorate any prejudice caused by the requested extension.

**PRAYER**

Cases should be decided on the facts revealed by the evidence, not be won by concealing facts through gamesmanship in discovery. But that is precisely the circumstance Brazos currently faces, given Google's consistently obstructive behavior and overly narrow view of Brazos' infringement theories. To remedy this injustice and permit Brazos to adequately prepare for trial, an extension of pretrial deadlines is required. For these reasons, and all those shown above, Brazos requests that the Court find good cause to modify the scheduling order, and order that discovery be extended through March 25, 2022, that opening expert reports be exchanged on April 1, 2022, that responsive reports be exchanged on April 29, 2022, and that Dispositive motions and Daubert motions deadline extended to May 20, 2022.

Dated:  February 11, 2022

Respectfully Submitted,

/s/ Linda R. Stahl
E. Leon Carter
lcarter@carterarnett.com
Texas Bar No. 03914300
Scott W. Breedlove
sbreedlove@carterarnett.com
Texas Bar No. 00790361
Linda R. Stahl
Texas Bar No.  00798525
lstahl@carterarnett.com
Bradley D. Liddle
bliddle@carterarnett.com
Texas Bar No. 24074599
Seth A. Lindner
slinder@carterarnett.com
Texas Bar No. 24078862
Theresa M. Dawson
Texas Bar No. 24065128
tdawson@carterarnett.com
Michael C. Pomeroy
Texas Bar No. 24098952
mpomeroy@carterarnett.com
Nathan Cox
ncox@carterarnett.com
Texas Bar No. 24105751

>**CARTER ARNETT PLLC**
>8150 N. Central Expy, 5th Floor
>Dallas, Texas 75206
>Telephone No. (214) 550-8188
>Facsimile No. (214) 550-8185
>
>Greg Love
>greg@swclaw.com
>Texas Bar No. 24013060
>Mark Siegmund
>mark@swclaw.com
>Texas Bar No. 24117055
>
>**STECKLER WAYNE COCHRAN CHERRY, PLLC**
>8416 Old McGregor Road
>Waco, Texas 76712
>Telephone No. (254) 651-3690
>Facsimile No. (972) 387-4041
>
>**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on February 11, 2022, a true and correct copy of the foregoing was forwarded by electronic mail to Defendant's counsel of record.

>*/s/ Nathan Cox*
>Nathan Cox

## CERTIFICATE OF CONFERENCE

Counsel for Brazos conferred with Google via teleconference on February 11, 2022. Brazos discussed with Google the requested extension of the fact discovery and expert report/discovery deadlines, as set forth in this motion. Google currently opposes those requested extensions.

>*/s/ Scott Breedlove*
>Scott Breedlove