# EXHIBIT 41

# Joseph Abraham

| | |
|---|---|
| **From:** | Lanier, Greg <tglanier@JonesDay.com> |
| **Sent:** | Monday, March 21, 2022 10:10 AM |
| **To:** | Joseph Abraham; mikejones@potterminton.com |
| **Cc:** | Greg Love; Mark Siegmund; Timothy Dewberry |
| **Subject:** | RE: Brazos v Google - New Counsel/Meet & Confer Request |

[EXTERNAL] This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Joe, thank you again for the response on Friday. We write to address each of the main issues.

First, re the -579 case, Google will stipulate to dismissal with prejudice of the case along the lines of previous dismissals, except that Google does not intend to waive its claims for fees or costs and is ready to pursue them now. Assuming WSOU still intends to dismiss that case, please provide a proposed form of dismissal. Otherwise, we'll have to include -579 in the scheduling discussions.

Second, re proposed infringement contentions and a case schedule, Google cannot take a position, yea or nay, on WSOU's proposed schedule or the propriety of proposed amended infringement contentions, without seeing those contentions. As the discussion at the last discovery hearing made clear, the scope of WSOU's claims may impact the scope of appropriate discovery still to be done and the case schedule. At this point, Google does not know whether WSOU intends to seek leave to amend its contentions in one, some or all of the pending cases or the scope of any proposed changes in any of the cases. This means not only that Google can't have an informed position on whether or not to oppose WSOU's request(s) for leave to amend, but also that the parties cannot meaningfully discuss what, if any, additional discovery, perhaps both ways, is required, or address potential prejudice to Google or WSOU's diligence in raising new contentions (against the highly relevant backdrop of WSOU twice changing lead counsel). And if we don't know the scope of potential new discovery, we can't figure out the right new schedule. But, WSOU must surely know at this point how it proposes to change its infringement contentions and in which cases. So, if WSOU intends to seek leave to amend its contentions, please provide the proposals at your earliest convenience and then we can have a mutually informed, reasonable discussion about the best way to schedule these cases for remaining proceedings and trial.

We look forward to hearing back from you soon.

Thanks,

Greg

Tharan Gregory Lanier
Partner
**JONES DAY® - One Firm Worldwide℠**
1755 Embarcadero Road
Palo Alto, CA  94303
650-739-3939 (main)
650-739-3941 (direct)

---

**From:** Lanier, Greg <tglanier@JonesDay.com>
**Sent:** Friday, March 18, 2022 12:27 PM
**To:** Joseph Abraham <Joseph.abraham@foliolaw.com>; mikejones@potterminton.com
**Cc:** Greg Love <Greg@swclaw.com>; Mark Siegmund <mark@swclaw.com>; Timothy Dewberry

1

<timothy.dewberry@foliolaw.com>
**Subject:** RE: Brazos v Google - New Counsel/Meet & Confer Request

Joe, thank you for this response. We will talk with Google and come back to you Monday or Tuesday.

Have a good weekend.

Greg

Tharan Gregory Lanier
Jones Day
1755 Embarcadero Rd
Palo Alto, CA 94303
650-739-3939 (main)
650-739-3941 (direct)

---

**From:** Joseph Abraham <Joseph.abraham@foliolaw.com>
**Date:** Friday, Mar 18, 2022, 11:20 AM
**To:** Lanier, Greg <tglanier@JonesDay.com>, mikejones@potterminton.com <mikejones@potterminton.com>
**Cc:** Greg Love <Greg@swclaw.com>, Mark Siegmund <mark@swclaw.com>, Timothy Dewberry <timothy.dewberry@foliolaw.com>
**Subject:** RE: Brazos v Google - New Counsel/Meet & Confer Request

** External mail **

Greg:

Thanks for your email. We will address the two issues you flag with a few questions in response.

As to dismissing the -579 case, would Google be open to a proposal that decouples fees and costs? Specifically, in the interests of achieving a quick and efficient resolution of the -579 case, would Google agree to a dismissal in which the parties bear their own costs, but Google reserves all rights to pursue fees under Section 285? We cannot imagine that the relatively minimal taxable costs accrued by Google to date specific to the -579 case would justify the short-term investment of time and effort needed to pursue such relief in the next few weeks. Meanwhile, if Google is open to the concept, we could further discuss the appropriate timing of a Section 285 motion—perhaps following conclusion of all pending cases?

As to amending contentions and setting a new schedule, we fully understand—and share—your desire to set a new schedule that "sticks." With that said, your response below reserves a disproportionate degree of discretion to Google in setting the terms of the adjourned schedule. To aid us in refining our proposal, could you please advise:

1. If Google insists on seeing Brazos's amended contentions before committing to a potential schedule, is Google willing to waive any objections as to the scope of Brazos's amendments? Typically, prejudice in light of impending deadlines is a key—if not the primary—objection advanced by defendants in response to proposed contention amendments. And to the extent Google is reserving all rights to adjourn deadlines, that variety of prejudice would not apply here.
2. Can Google share any sort of outside limits it intends to request depending on Brazos's amended contentions? i.e., Under the "worst-case" scenario that you can currently envision, what's the latest trial date Google would intend to seek? Getting some more clarity on the parameters of this discussion will help Brazos determine how far apart the parties are.

2

Finally, please note that we are going to briefly adjourn our communication of source code deficiencies till next week, after we have a bit more clarity on Google's intentions regarding the structure of scheduling negotiations in light of contention amendments. But we are still prepared to share that in relatively short order.

If you think it makes sense to work through these issues by phone, we can be available next week.

Best,
Joe

---

**From:** Lanier, Greg <tglanier@JonesDay.com>
**Sent:** Thursday, March 17, 2022 5:19 PM
**To:** Joseph Abraham <Joseph.abraham@foliolaw.com>; mikejones@potterminton.com
**Cc:** Greg Love <Greg@swclaw.com>; Mark Siegmund <mark@swclaw.com>; Timothy Dewberry <timothy.dewberry@foliolaw.com>
**Subject:** RE: Brazos v Google - New Counsel/Meet & Confer Request

[EXTERNAL] This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Joe and all, thank you for the cordial discussion earlier this week and the proposed schedule attached to your email below.

We look forward to continuing the discussions toward an appropriate schedule for these cases, but there are two major issues that should be resolved so we come to a schedule that makes sense for the claims/cases actually being pursued.

First, the Court expects a proposed schedule covering all pending cases. WSOU's proposal does not address the '579 case. How does WSOU propose to address its desire to dismiss the -579 case without requiring Google to waive claims for fees/costs, as we have discussed?

Second, because we need to know the scope of the claims being pursued, we cannot set a schedule for the cases without seeing WSOU's proposed amended infringement contentions. The next step in our discussions (along with figuring out the -579 dismissal) should be that you send us WSOU's proposed amended final contentions.

Please let us know if you have any questions about or would like to discuss these two fundamental points. We trust you understand that having already agreed to two preceding versions of the schedule for these cases, negotiated with your predecessor counsel and approved by the Court, we are hoping that the third schedule will be the one that sticks. We look forward to continuing the conversation toward a reasonable schedule after receiving WSOU's proposal about the -579 case and its proposed revised infringement contentions.

Thanks,

Greg

Tharan Gregory Lanier
Partner
**JONES DAY® - One Firm Worldwide℠**
1755 Embarcadero Road
Palo Alto, CA  94303
650-739-3939 (main)
650-739-3941 (direct)

**From:** Joseph Abraham <Joseph.abraham@foliolaw.com>
**Sent:** Wednesday, March 16, 2022 11:06 AM
**To:** Lanier, Greg <tglanier@JonesDay.com>; mikejones@potterminton.com
**Cc:** Greg Love <Greg@swclaw.com>; Mark Siegmund <mark@swclaw.com>; Timothy Dewberry <timothy.dewberry@foliolaw.com>
**Subject:** RE: Brazos v Google - New Counsel/Meet & Confer Request

\*\* External mail \*\*

Greg/Mike:

Following up on Monday afternoon's meet-and-confer, we attach Brazos's proposal to reset the case schedules (subject to the Court's approval, of course).

A few high-level notes:
1. We propose to split the discovery schedule into two, corresponding to two trial dates—putting the 580 and 585 patents on a later track, primarily given the issues of outstanding damages discovery raised in connection with the discovery hearing, which Google represented could take substantial time to remedy.
2. With that said, we acknowledge Google's desire for efficiency in discovery, and are willing to complete depositions of any outstanding in-common fact witnesses by an earlier date, such that no such witness would need to appear for more than one deposition (subject to all Brazos's reservations to raise deficiencies with the Court). If there are other major components of fact discovery that relate to Google's desire for efficiency as raised yesterday, we are happy to further discuss.
3. We have identified discrete deficiencies in Google's production of source code. We will follow up with specifics in writing by end of this week. Depending on the speed with which Google can produce that outstanding code, that could affect the timing we have proposed for final amendment of infringement contentions—though we can still be prepared to provide an interim update as to other aspects of Brazos's contentions.

Once Google has had the opportunity to review and formulate its thoughts in response, we are happy to reconvene to discuss. We look forward to hearing from you.

Best,
Joe



Joseph M. Abraham
Partner
(737) 234-0201

**From:** Greg Love <Greg@swclaw.com>
**Sent:** Thursday, March 10, 2022 4:02 PM
**To:** Mike Jones <mikejones@potterminton.com>; Greg Lanier <tglanier@JonesDay.com>
**Cc:** Joe Abraham <joe@joeabrahamlaw.com>; Timothy Dewberry <timothy.dewberry@foliolaw.com>; Mark Siegmund <mark@swclaw.com>
**Subject:** Brazos v Google - New Counsel/Meet & Confer Request

Mike & Greg:

==Folio Law Group was retained this week to take over three more Brazos v. Google cases (-572, -584 and -585) following the withdrawal of Carter Arnett. As you're aware, Folio was previously retained to handle the -580 case.==

We would like to schedule a call for tomorrow (between 2pm-5pm CT) to discuss the following:
1. The status and dismissal of the -579 case.
2. The status of the -584 case and its continued litigation.
3. High level discussion of a pretrial and trial schedule/structure for the remaining cases (-572, -580, -584, -585) with an eye toward submitting a proposed/modified schedule early next week.
4. Potential narrowing of the discovery disputes currently pending before the court and discussion of issues raised by Google with respect to the infringement contentions and accused functionality in what will be the four remaining cases.

Please let us know if the time window suggested above will work for you.

Thanks



**GREG LOVE**
**PARTNER**

STECKLER WAYNE CHERRY & LOVE, PLLC
107 EAST MAIN
HENDERSON, TEXAS 75652
903.212.4444
903.392.2267 (fax)
www.swclaw.com

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***