# EXHIBIT 48

# Joseph Abraham

| | |
|---|---|
| **From:** | Mark Siegmund <mark@swclaw.com> |
| **Sent:** | Wednesday, March 23, 2022 12:42 PM |
| **To:** | Mike Jones; Greg Love |
| **Cc:** | WSOU Google WDTX; CA-BrazosTrials@carterarnett.com; WSOU-Google; Warren Lex Project Caribou; WSOUPOTTER GROUP |
| **Subject:** | RE: WSOU v. Google - Joint Status Report re cv572, cv579, cv580, cv584, cv585 |
| **Attachments:** | 03-23-2022 Joint Status Report - Motions to Compel - Brazos Edits.docx; Exhibit A Proposed Order to Joint Status Report - Brazos Edits.docx; Exhibit B to Joint Status Report - Under Submission - Brazos Edits.docx; Exhibit C to Joint Status Report - To Be Heard - Brazos Edits.docx; Exhibit D - WSOU v. Google - Discovery Hearing Demonstratives.pdf |

[EXTERNAL] This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mike,

Thanks for sending and please see our edits in the attached documents.

Sincerely,
Mark

**Mark D. Siegmund**
**Senior Associate**
**STECKLER WAYNE CHERRY & LOVE, PLLC**
254.651.3690 (Main)
254.651.3688 (Direct)
www.swclaw.com

---

**From:** Mike Jones <mikejones@potterminton.com>
**Sent:** Tuesday, March 22, 2022 11:38 AM
**To:** Mark Siegmund <mark@swclaw.com>; Greg Love <Greg@swclaw.com>
**Cc:** wsou-google-wdtx@foliolaw.com; CA-BrazosTrials@carterarnett.com; WSOU-Google <WSOU-Google@jonesday.com>; Warren Lex Project Caribou <caribou@matters.warrenlex.com>; WSOUPOTTER GROUP <WSOUGoogle@potterminton.com>
**Subject:** WSOU v. Google - Joint Status Report re cv572, cv579, cv580, cv584, cv585

Mark and Greg –

The email from Jeffrey Gunnell instructed the parties to send a Joint Status Report regarding the above cases by tomorrow. We have taken a stab at a draft to provide the requested information and it is attached.

You may want to run it by your team and let us have your input on where we go from here in getting this task done.

*Michael E. Jones*

1

**POTTER MINTON**
----------------------------**A Professional Corporation**
110 North College, Suite 500; Tyler TX  75702
telephone:  903.597.8311 ext. 239
Direct dial:  903.525.2239
facsimile:  903.593.0846
mikejones@potterminton.com

2

DRAFT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § § § § § § | Case No. 6:20-cv-572-ADA<br>Case No. 6:20-cv-579-ADA<br>Case No. 6:20-cv-580-ADA<br>Case No. 6:20-cv-584-ADA<br>Case No. 6:20-cv-585-ADA<br><br>JURY TRIAL DEMANDED |
| Plaintiff, | | |
| v. | | |
| GOOGLE LLC, | | |
| Defendant. | | |

## JOINT STATUS REPORT

As requested by the Court on March 21, 2022, the parties to these actions hereby submit this report regarding the status of outstanding discovery disputes, ongoing discussions related to adjusting scheduling deadlines, and the appearance of replacement national counsel.

**I.   Issues Decided by the Court**

At the February 17 hearing, the Court ruled on two motions to compel:

- Google's January 31 Matrix, Issue No. 1 (also referenced as "Google 1") (motion to compel documents referenced within loan agreement); and

- Google's February 2 Corrected Matrix, Issue No. 3 ("Google 3") (motion to compel Brazos's financial records from 2017-2019).

> **Deleted:** WSOU

The Court denied Google's January 31 Matrix, Issue No. 1, and granted Google's February 2 Corrected Matrix, Issue No. 3.  The parties have prepared a proposed order reflecting these rulings, attached as Exhibit A.

**II.   Issues Submitted to the Court**

At the February 17 hearing, the Court also heard argument on three additional motions to compel, which it took under submission:

> **Deleted:** five

DRAFT

- Brazos's January 28 Matrix, Issue No. 4 (also referenced as "Brazos 1") (motion to compel Google's financial information for applications that call to either the Mobile Vision API or Awareness API);

- Brazos's January 28 Matrix, Issue No. 5 ("Brazos 2") (motion to compel Google's advertising revenue attributable to Awareness API); and

- Brazos's February 16 Matrix, Deposition Issue No. 1 (-585 Case) ("Brazos 3") (motion to compel regarding deposition of Reto Meier).

The parties have included a proposed order, including brief summaries of the disputes, attached as Exhibit A.[1] The parties have attached the matrices for these issues as Exhibit B.

### III. Issues the Parties Have Briefed But Not Yet Argued to the Court

The following issues remain to be argued, in numerical order:

- Brazos's February 16 Matrix, Deposition Issue No. 1(580 Case) ("Brazos 4") (motion to compel regarding deposition of Christiaan Prins[2];

- Brazos's February 16 Matrix, Deposition Issue No. 2 (585 Case) ("Brazos 6") (motion to compel regarding deposition of Payam Pakzad;

- Google's February 2 Corrected Matrix, Issue Nos. 4-6 (also referenced as "Google 2") (motion to compel a limited set of emails);

- Google's February 2 Corrected Matrix, Issue No. 8 ("Google 4") (motion to compel Brazos's deposition transcripts);

- Google's February 2 Corrected Matrix, Issue No. 1 ("Google 5") (motion to compel a privilege log from Brazos);

- Google's February 2 Corrected Matrix, Issue No. 7 ("Google 6") (motion to compel documents referenced at Mr. Hogan's deposition); and

- Brazos's February 16 Matrix Issue No. 1 ("Brazos 7") (motion to compel regarding Mr. Jim Maccoun's deposition).

The parties have attached the matrices for these issues at Exhibit C.

---

[1] Brazos's Hearing Demonstratives are included as Exhibit D.
[2] As noted by Brazos at the close of the February 17 hearing, the depositions of Messrs. Prins and Pakzad present the "same issues [as] what [Brazos] just went over with Mr. Meier." Hrg. Tr. 50:23-51:4.

DRAFT

**IV.  Withdrawn Issues**

In advance of the discovery hearing on February 17, 2022, the parties also conferred regarding the disputes slated for argument and agreed to withdraw four of the then-outstanding disputes:

- Google's February 2 Corrected Matrix, Issue No. 2 (motion to compel RFA responses);
- Brazos's January 28 Matrix, Issue No. 1 (motion to compel production of additional source code in the -572 case);
- Brazos's January 28 Matrix, Issue No. 2 (motion to compel production of additional source code in the -585 case); and
- Brazos's January 28 Matrix, Issue No. 3 (motion to compel production of additional documents in the -572 case).

**V.  Ongoing Scheduling Discussion and Replacement of National Counsel**

Since the hearing, replacement national counsel for plaintiff has appeared, and previous national counsel – Carter Arnett – filed a motion to withdraw (Dkt# __). Following the hearing, and the withdrawal of Carter Arnett, new counsel for Brazos contacted counsel for Google to discuss the instant discovery disputes, including solutions offered by Google at the hearing, and scheduling issues.[3]  In light of arguments made by counsel for Google during the February 17 hearing concerning scope of discovery at issue, Brazos proposed that a date be included in the schedule to amend its final infringement contentions.  Brazos anticipates sharing proposed amended contentions with Google to the extent the present state of discovery allows by the end of this month as to at least three of the remaining pending cases, and very shortly thereafter as to the remaining pending case(s).  As to projected amendments that bear on the scope of the instrumentalities accused in this case, Brazos intends to amend its contentions to disclose:

---

[3] Folio Law Group, replacement counsel, has not entered an appearance in the -579 case. Local counsel for Brazos and Google are discussing the status of the -579 case, including voluntary dismissal.

DRAFT

- **-572 case:** As accused products, Google's IP TV products including previously identified products e.g. YouTube TV, and additional products including for example Google TV, and YouTube.

- **-580 case:** As accused products that incorporate the previously identified infringing barcode-scanning instrumentality, at least uses of "Bar Hopper" in Google products and products made available for use by third-party developers, including at least Mobile Vision API; ML Kit; Bar Code Scanning API; Google Lens; Google Pay; Kent; Lookout; Reach; Cloud Vision; Cloud Robotics; and AiAi.

- **-584 case:** As accused products, Google's Pixel 4 phone, and additional products Google Nest Hub (2nd Gen) and Google Nest Thermostat.

- **-585 case:** As accused products that incorporate the previously identified infringing instrumentality, at least uses of location and context signals—i.e., geofencing—in Google products and products made available for use by third-party developers, including at least Awareness API (previously known as Context Manager API); Fence API; Context Fence API; Snapshot API; Google Play Services; Google API; Google Maps (including Google Timeline); and Google search.

Brazos's forthcoming contention amendments may alter or moot in some respects one or one more of the above motions.

Date: March 23, 2022                               Respectfully submitted,

                                        /s/ Mark D. Siegmund
                                        Mark D. Siegmund, TX SB No. 24117055
                                        mark@swclaw.com
                                        Greg Love, TX SB No. 24013060
                                        greg@swclaw.com

– 4 –

DRAFT

STECKLER WAYNE CHERRY & LOVE, PLLC
8416 Old McGregor Road
Waco, TX 76712

Joseph M. Abraham, TX SB No. 24088879
Timothy Dewberry, TX Bar No. 24090074
**Folio Law Group PLLC**
13492 Research Blvd., Suite 120, No. 177
Austin, TX 78750
T: 737-234-0201
Email: joseph.abraham@foliolaw.com
Email: timothy.dewberry@foliolaw.com

Cliff Win, CA Bar No. 270517
Steven Skelley, WA Bar No. 53017
**Folio Law Group PLLC**
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109
Tel:     (206) 880-1802
Email: cliff.win@foliolaw.com
Email: steve.skelley@foliolaw.com

*Attorneys for Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing & Development*

**Deleted:** [Plaintiff to insert signature block]

---

Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com

Tharan Gregory Lanier
(California Bar No. 138784) *(pro hac vice)*
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

– 5 –

DRAFT

Sasha Mayergoyz
**Jones Day**
77 W. Wacker Drive
Chicago, IL 60601
+1 (312) 782-3939
smayergoyz@jonesday.com

Tracy A. Stitt
Edwin O. Garcia
**Jones Day**
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com
edwingarcia@jonesday.com

Michael A. Lavine
**Jones Day**
555 California Street
26th Floor
San Francisco, California 94104
+1 (415) 626-3939
mlavine@jonesday.com

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
(*pro hac vice*)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208) (*pro hac vice*)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com
20-585@cases.warrenlex.com

*Attorneys for Defendant Google LLC*