# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING & DEVELOPMENT, | Case No. 6:20-cv-00572-ADA |
| | Case No. 6:20-cv-00580-ADA |
| *Plaintiff*, | Case No. 6:20-cv-00584-ADA |
| v. | Case No. 6:20-cv-00585-ADA |
| GOOGLE LLC | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

## JOINT MOTION TO ENTER DISPUTED SCHEDULING ORDER

On August 3, 2022, the Court granted Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos")'s Opposed Motion for Leave to File an Amended Complaint and Serve Amended Infringement Contentions, and further ordered the parties "to meet and confer to jointly propose a new schedule that opens discovery and extends the trial date to 2023." The parties have duly met and conferred in the week since the Court's order, but have been unable to agree on a proposed new schedule.

The parties thus file this Joint Motion to Enter a Disputed Scheduling Order, and attach their respective schedule proposals as Exhibit A. (Undisputed dates are <u>underlined</u>.)

**Brazos's Position:** Plaintiff Brazos submits that these cases should be set to be trial-ready by June 2023.[1] Google's proposal does not adequately account for the significant (though

---

[1] Brazos further reserves its rights to request that the four patents-in-suit be set for separate trials if Google's supplemental discovery production is dilatory, so that any cases that are ready for trial can timely proceed.

1

substantially incomplete) discovery taken to date; prior schedule modifications that have already departed from the OGP's default timelines; and the fact that remaining fact discovery will occur in parallel with any supplemental claim construction process. To that end, Brazos further submits:

- Any further amendments to Google's Final Invalidity Contentions, as well as any supplemental claim construction proceedings, should be limited in scope to Brazos's amendments to its Final Infringement Contentions; and

- Supplemental claim construction briefing (if any) should be limited to no more than five pages for opening and responsive briefs, and no more than three pages for reply and sur-reply briefs.

Brazos briefly addresses Google's objections below:

- Google's schedule conflicts are presently speculative, given how many cases settle before trial. Brazos will cooperate with Google to identify potential alternate trial dates if those conflicts remain operative as of the pretrial conference in this matter.

- Brazos's amended contentions involve new claims from only two of its four asserted patents—one claim in the 585 Case (previously unasserted claim 3 of the '961 patent), and six claims in the 584 Case (previously unasserted claims 6 and 17 of the '697 patent, plus apparatus claims 13-16 that "parallel . . . the method claims already asserted against the Pixel 4" (584 Case ECF No. 100 at 15)). Brazos contends no further claim construction is necessary. But if the Court wishes to proceed, any supplemental claim construction should be *supplemental*, not a do-over from scratch.

- Brazos's proposal fulfills its representation to the Court that it would "reasonably accommodate Google's needs in the context of a forthcoming reset schedule." 585

2

Case ECF No. 107 at 2. Brazos's schedule proposal allows Google to supplement discovery without undue time pressure but also lets Brazos's claims reach trial within a reasonable timeframe.

**Google's Position:** WSOU sought and obtained permission to "reset" these cases. Google therefore proposes a schedule that, as closely as possible, tracks the default schedule in the Court's Order Governing Proceedings while still getting to trial in just over a year—about six weeks after WSOU's proposed trial date. Despite this short difference between the two trial dates, the parties could not reach agreement because WSOU insisted on a one-sided schedule rather than the Court's evenly balanced approach.

Google's schedule follows the Court's OGP with two exceptions. First, it runs claim construction and fact discovery simultaneously instead of one after the other, allowing thirty weeks of fact discovery (as in the OGP) starting with the Court's order granting leave to amend. This consolidation of the OGP is appropriate because the parties have already done some of both claim construction and fact discovery, although they must *re*-do some of both due to the new claims and products at issue. Second, Google adjusted the trial date slightly to account for conflicts held by its lead trial counsel and damages expert–both have trials scheduled in June and July as Google informed WSOU. Otherwise, Google's schedule follows the order and sequencing of the Court's OGP, which is fair to both parties.

WSOU's proposed schedule, in contrast, is fair only to WSOU. First, it seeks to prevent meaningful claim construction, despite its new contentions adding seven **new** claims across the four patents in these cases, impairing Google's rights under *O2 Micro*. Google is not yet certain how much claim construction will be necessary—the Court granted the motion for leave to amend just last week—but cannot accept WSOU's unreasonable constraints on its rights.

3

Second, WSOU proposes to set a trial date despite counsel's and experts' known conflicts, in the hope that these conflicts will disappear and the case may proceed to trial. This is a recipe for disaster: if either conflict does not resolve and the Court reschedules at the eleventh hour, additional conflicts may push a possible trial far into the future, perhaps even 2024. The Court should set a trial date that all parties know now they can make, and make the parties stick to it.

Finally, WSOU's proposed fact discovery cutoff is not practical. Google proposes a fact discovery cutoff of March 1, 2023, following the O.G.P. by allowing 30 weeks of fact discovery—and, importantly, allowing nearly two months of fact discovery after the 2022 end-of-year holidays, so that depositions can occur in an orderly fashion. WSOU counters with February 8, 2023, which allows only five weeks of fact discovery in 2023, across two holiday periods. That is not enough time. Given typical holiday schedules, it will be effectively impossible to schedule depositions between December 15 and the New Year's Holiday period; under WSOU's schedule, the parties must either take significant depositions in early December, or complete all depositions in the short weeks thereafter available in 2023. Neither seems likely. The Court should not entire a date that is unlikely to succeed, requiring the parties to return to the Court.

In seeking leave to amend its complaint in one case and its contentions in all four, WSOU committed to the Court that, "To the extent that Google might otherwise be prejudiced by having to account for Brazos's proposed amendments, Brazos is prepared to reasonably accommodate Google's needs in the context of a forthcoming reset schedule." -585 Case, Dkt. 107 at 2. Having won leave to amend, WSOU's proposed schedule now fails to live up to its prior commitment, even when doing so would involve shifting deadlines as little as two weeks. The Court should hold WSOU to its commitment and enter Google's schedule, which follows the Court's fair and balanced OGP.

| | |
|---|---|
| Date:   August 15, 2022 | Respectfully submitted, |

/s/ Joseph M. Abraham                              
Joseph M. Abraham, TX SB No. 24088879
Timothy Dewberry, TX Bar No. 24090074
**FOLIO LAW GROUP PLLC**
13492 Research Blvd., Suite 120, No. 177
Austin, TX 78750
T: 737-234-0201
Email: joseph.abraham@foliolaw.com
Email: timothy.dewberry@foliolaw.com

Cliff Win, CA Bar No. 270517
Steven Skelley, WA Bar No. 53017
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109
Tel: (206) 880-1802
Email: cliff.win@foliolaw.com
Email: steve.skelley@foliolaw.com

Gregory P. Love
State Bar No. 24013060
Mark D. Siegmund
State Bar No. 24117055
**STECKLER WAYNE CHERRY & LOVE, PLLC**
8416 Old McGregor Road
Waco, TX 76712
Tel.: (254) 651-3690
Fax: (254) 651-3689
greg@swclaw.com
mark@swclaw.com

*Attorneys for Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing & Development*

 /s/ Michael E. Jones                          
Michael E. Jones (Texas Bar No. 10929400)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com

Tharan Gregory Lanier
(California Bar No. 138784) *(pro hac vice)*
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Sasha Mayergoyz
**Jones Day**
77 W. Wacker Drive
Chicago, IL 60601
+1 (312) 782-3939
smayergoyz@jonesday.com

Tracy A. Stitt
Edwin O. Garcia
**Jones Day**
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com
edwingarcia@jonesday.com

Michael A. Lavine
**Jones Day**
555 California Street
26th Floor
San Francisco, California 94104

+1 (415) 626-3939
mlavine@jonesday.com

Matthew S. Warren
Jennifer A. Kash
Erika H. Warren
Francesca M. S. Germinario
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com
20-585@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which served a copy via email to all counsel of record.

*/s/ Joseph M. Abraham*
Joseph M. Abraham

# CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), counsel for Brazos conferred with counsel for Google regarding the subject of this motion. Despite exchange of several proposals, the parties were unable to agree.

*/s/ Joseph M. Abraham*
Joseph M. Abraham