**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a | § | |
| BRAZOS LICENSING AND | § | |
| DEVELOPMENT, | § | Case No. 6:20-cv-580-ADA |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

<u>**MOTION TO DISMISS FOR LACK OF STANDING BY DEFENDANT GOOGLE LLC**</u>

## <u>TABLE OF CONTENTS</u>

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

    A.    The '491 Patent Inventors Assign the Patent to Nokia . . . . . . . . . . . . . . . . . . . . 3

    B.    ████████████████████████████████ . . . . . . . 3

        1.    ██████████████████ . . . . . . . . . . . . . . . . . . . . . . . . 3

        2.    ████████████████ . . . . . . . . . . . . . . . . . . . . . . . 4

        3.    █████████████ . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        4.    ██████████████████████ . . . 5

    C.    Wade Fails to Assign Its Rights Under APPA ██████████ . . . . . . . . 6

        1.    ████████ . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        2.    Neither Nokia Nor Wade Has Assigned the '491 Patent to WSOU . . . . . 7

    D.    ████████████████ . . . . . . . . . . . . . . . 8

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    I.    WSOU Bears the Burden to Establish Standing . . . . . . . . . . . . . . . . . . . . . . . . . 9

    II.    WSOU Lacks Standing Because it Has No Rights to the Asserted Patent . . . . . . 9

        A.    █████████████████████ . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        B.    ██████████████████████ . . 11

        C.    ████████████████████ . . . . . . . . . . . . . . . . . . . . 11

    III.    WSOU Cannot Establish Standing For Past Damages Because No Assignment to WSOU Expressly Conveyed Such Rights . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        A.    Assignors Must Expressly Assign the Right to Past Damages . . . . . . . . . . . . . 12

        B.    █████████████████████████████ . . . . . . . . . . . . . . 13

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## <u>TABLE OF AUTHORITIES</u>

*Cases*                                                                                      **Pages**

*Abbott Point of Care Inc. v. Epocal, Inc.*,
    666 F.3d 1299 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Abraxis Bioscience, Inc. v. Navinta LLC*,
    625 F.3d 1359 (Fed. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

*Allhusen v. Caristo Const. Corp.*,
    303 N.Y. 446 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Arachnid, Inc. v. Merit Indus.*,
    939 F.2d 1574 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Faison v. Lewis*,
    25 N.Y.3d 220 (N.Y. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*LNV Corp. v. Sorrento*,
    31 N.Y.S.3d 922 (N.Y. Sup. Ct. 2016), *aff'd*, 154 A.D.3d 840 (2017). . . . . . . . . . . . . . 11

*Moore v. Marsh*,
    74 U.S. 515 (1868) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
    427 F.3d 971 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sullivan v. Int'l Fid. Ins. Co.*,
    96 A.D.2d 555 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Teradata Corp. v. SAP SE*,
    570 F. Supp. 3d 810 (N.D. Cal. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## **INTRODUCTION**

Since the start of this litigation, WSOU and its predecessor-in-interest, Wade & Company ("Wade"), have resisted discovery into WSOU's acquisition and alleged ownership of the patent-in-suit.  For good reason:  by untangling the complicated web of transactions underlying WSOU's alleged ownership, Google discovered that WSOU lacks standing to assert U.S. Patent No. 7,946,491 ("the '491 patent") because the transfer of rights by its predecessor-in-interest is void.  And even if such transfer were valid, WSOU lacks standing to pursue damages prior to August 21, 2017.

The Nokia entities contracted with Wade to transfer patents to Wade, including the '491 patent.



Exs. 1 and 2.  Notwithstanding these unequivocal prohibitions, on August 21, 2017—

—Wade proceeded to execute an "Assignment of Patent Purchase Agreement" to WSOU, an NPE.  The Wade-to-WSOU transfer is,

As such, WSOU does not have standing to assert the '491 patent against Google.

Moreover, even if the assignment from Wade to WSOU were valid, none of the assignments in the history of the '491 patent includes the right to sue for past damages. As such, WSOU lacks standing to seek damages prior to August 21, 2017.

## BACKGROUND

**A.    The '491 Patent Inventors Assign the Patent to Nokia**

On September 5, 2006, named inventors Adrian Burian, Markku Vehvilainen, and Jari A. Kangas transferred "the entire right, title, and interest" to U.S. Patent Application No. 11/462152 to Nokia Corporation. Ex. 3 (U.S. Patent and Trademark Office ("P.T.O.") Reel 018349 Frame 0401). That application eventually issued as the '491 patent. Ex. 4

On January 16, 2015, Nokia Corporation assigned "all right, title, and interest" to the '491 patent to Nokia Technologies Oy, "subject to certain retained rights in favor of Nokia Corporation." Ex. 5 (P.T.O. Reel 035581 Frame 0659) at 6. No documents produced by any party shed light on the nature of these "retained rights."



**B.**    ████████████████████████████████████████████████

  **1.**    ████████████████████████████████

████████████████████████████████████████. Exs. 1, 6. According to its website, Wade specializes in "various lending products and direct investments," and its business includes "manag[ing] portfolio investments in private equity, venture capital, and real estate." Ex. 7. ████████████████████████████████

████████ Ex. 1 at 3.1.

  **2.**    ████████████████████████████████████████

████████████████████████████████████████



**3.**



**4.**



Ex. 2 at WSOU-GOOALL-0000887-8 (emphasis added).

*Id*. at WSOU-GOOALL-0000887-8 (emphasis added).

**C.     Wade Fails to Assign Its Rights Under APPA**

On August 21, 2017, the very same day that Wade executed the APPA and o███████████

████████████████████████, Wade executed a purported assignment of the APPA to

WSOU.  Ex. 11 at Frame 0846.  The assignment document provided that Wade "wishes to assign

the whole of its interest in the Patent Purchase Agreement to WSOU Investments LLC.  Wade

and Company hereby assigns to WSOU Investments LLC and WSOU Investments LLC hereby

accepts the whole of the interest of Wade and Company in the Patent Purchase Agreement."  *Id.*

The assignment states that "the Amendment to the Patent Purchase Agreement permits Wade and Company to assign the whole of its interest in the Patent Purchase Agreement to WSOU Investments LLC, a company organized under the laws of Delaware," but the agreement is nowhere signed or acknowledged by any of the Nokia entities.  Instead, only Wade and WSOU signatures appear.  *Id.*

1.   

The record is devoid of any documents that could meet the ████████████████ ████████—WSOU and Nokia produced no such documents, and Wade likewise claimed it did not possess any responsive documents.  ████████████████████████

███████ Ex. 12 at 79:9-25*; id.* ████████████████████

2.      **Neither Nokia Nor Wade Has Assigned the '491 Patent to WSOU**

On September 25, 2017, WSOU recorded the purported assignment in the public record, characterizing it as a conveyance from Nokia to WSOU supposedly executed July 22, 2017 (Ex. 13 at Frame 0822, below)—none of this is correct.  In fact, the record includes an "Assignee Recordation Cover Sheet" explaining that the recorded "assignment" is a collection of disparate documents submitted to "present evidence of legal transfer of title" between Nokia Technologies

Oy and WSOU Investments, LLC.  Ex. 13 at Frame 0842.  That "evidence" consists of the

Nokia-to-Wade assignment Schedule B3 and Amended Schedule B3, the "Assignment of Patent

Purchase Agreement" between Wade and WSOU, a document entitled "Release and

Relinquishment of Interest in WSOU Investments, LLC, by WCFT Cayman, Ltd.," and the list

of patents assigned by the Nokia entities to Wade and Company under the PPA, inclusive of the

'491 patent.  *Id*.  No agreement listed in this "recordation" indicates that any conveyance

between Nokia on the one hand and WSOU on the other occurred on July 22, 2017.

| NATURE OF CONVEYANCE: | ASSIGNMENT | |
|---|---|---|

| CONVEYING PARTY DATA | | |
|---|---|---|
| **Name** | | **Execution Date** |
| NOKIA TECHNOLOGIES OY | | 07/22/2017 |

| RECEIVING PARTY DATA | |
|---|---|
| **Name:** | WSOU INVESTMENTS, LLC |
| **Street Address:** | 11150 SANTA MONICA BLVD. |
| **Internal Address:** | SUITE 1400 |
| **City:** | LOS ANGELES |
| **State/Country:** | CALIFORNIA |
| **Postal Code:** | 90025 |

Nokia did ***not*** execute any assignment to WSOU.  Instead, any rights WSOU purports to

have in the '491 patent are, by its own public filings, solely based on Wade's attempt to assign

rights under the APPA.

**D.** ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ Exs. 2 at

WSOU-GOOALL-0001254 & 6 at WSOU-GOOALL-0000790.  Having received no express

right to past damages from Nokia, Wade did not have any such right to give WSOU when it

purported to assign "the whole of its interest in the Patent Purchase Agreement to WSOU

Investments LLC." Ex. 11.  Moreover, the August 21, 2017 purported assignment from Wade to WSOU is also silent on which entity has the right to sue for past damages.  *Id.*

## ARGUMENT

**I.     WSOU Bears the Burden to Establish Standing**

As "[s]tanding to sue is a threshold requirement in every federal action," *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975 (Fed. Cir. 2005), WSOU bears "the burden to show necessary ownership rights to support standing to sue," *Abbott Point of Care Inc. v. Epocal, Inc.*, 666 F.3d 1299, 1302 (Fed. Cir. 2012), and make a showing that it "held enforceable title to the patent at the inception of the lawsuit." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010).  To bring its claim for patent infringement, WSOU must establish constitutional standing under Article III of the U.S. Constitution as well as statutory standing, which entitles it to relief under 35 U.S.C. § 281.  *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.,* 925 F.3d 1225, 1234-36 (Fed. Cir. 2019).  WSOU cannot meet either burden.

**II.    WSOU Lacks Standing Because it Has No Rights to the Asserted Patent**

WSOU has never possessed, either at the time of filing or thereafter, the rights required to confer statutory standing to assert the '491 patent.  The Court should therefore dismiss WSOU's claim in its entirety.

**A.**



Ex. 2 at WSOU-GOOALL-0000887.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████.  *See* Ex. 2 at WSOU-GOOALL-0000887.

███████████████████████████████████████████████

and "New York courts have 'consistently held that assignments made in contravention of a

prohibition clause [*e.g.*, a contractual provision prohibiting assignments without the written

consent of a party] in a contract are void if the contract contains clear, definite, and appropriate

language declaring the invalidity of such assignments.'" *Teradata Corp. v. SAP SE*, 570 F. Supp.

3d 810, 824-25 (N.D. Cal. 2021) (alterations in original) (quoting *Sullivan v. Int'l Fid. Ins. Co.*,

96 A.D.2d 555, 465 N.Y.S.2d 235, 237 (1983) (collecting cases)); *see also Allhusen v. Caristo

Const. Corp.*, 303 N.Y. 446, 452 (1952) (giving voiding effect to clause stating that assignment

"without the written consent of the party . . . shall be void").

██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

**B.**  

," Ex. 14 at 40:5-9—in other words, WSOU was an NPE.

Indeed, to date, WSOU has filed over 200 patent litigations, primarily in this Court.

**C.**

Under New York law, , an instrument that is void *ab initio* is "entirely without effect from inception."  *Faison v. Lewis*, 25 N.Y.3d 220, 222, 224, 230 (N.Y. 2015) (holding that something void *ab initio* "is never entitled to legal effect" because "[v]oid things are as no things") (internal citations omitted); *LNV Corp. v. Sorrento*, 31 N.Y.S.3d 922 (N.Y. Sup. Ct. 2016) at *3, *aff'd*, 154 A.D.3d 840 (2017) (citing *Faison* for its explanation of the term "void *ab initio*").  When Wade attempted to assign its interest in the APPA to WSOU

through its assignment to WSOU on August 21, 2017, *see* Ex. 11, that transfer was void from its

inception.  As a consequence, WSOU did not step into the shoes of Wade, either in the APPA or

in the Nokia to Wade assignment, and WSOU did not receive any rights to the '491 patent.

As any assignments carried out in violation of the Assignability section are "void *ab

initio*," WSOU's rights to the '491 patent never existed, and WSOU therefore had no standing to

pursue any infringement of those rights when it filed this action.  WSOU's claim for patent

infringement should be dismissed in its entirety.

### III.   WSOU Cannot Establish Standing For Past Damages Because No Assignment to WSOU Expressly Conveyed Such Rights

Whether or not WSOU can establish its title to the asserted patent, WSOU at least lacks

standing to recover past damages for infringement of the '491 patent as it did not hold "legal **title

to the patent during the time of the infringement**."  *Arachnid, Inc. v. Merit Indus.*, 939 F.2d

1574, 1579 (Fed. Cir. 1991) (emphasis in original).  Thus, WSOU lacks standing to sue for any

infringement that may have occurred before Wade purported to assign the '491 patent to WSOU.

WSOU never expressly acquired the right to sue for past damages for the '491 patent, and cannot

assert claims for infringement and corresponding damages prior to August 21, 2017.  *See supra*

Background, § B.2.  Accordingly, the Court should, at minimum, dismiss WSOU's claim for

damages arising before this date.

#### A.   Assignors Must Expressly Assign the Right to Past Damages

WSOU claims it "is the owner of all rights, title, and interest in and to" the '491 patent,

"the right to assert all causes of action arising under the" patent, and "the right to any remedies

for the infringement" of the patent—including damages arising before it purportedly acquired

legal title to the patent.  *See* Docket No. 1 at ¶ 44.  "A party may sue for past infringement

transpiring before it acquired legal title if a written assignment expressly grants the party a right to do so," *Abraxis*, 625 F.3d at 1367, but no rightsholder of the '491 patent has ever expressly conferred upon WSOU the exclusionary right to sue for damages pre-dating assignment of the '491 patent.  *See id.* (citing *Moore v. Marsh*, 74 U.S. 515, 522 (1868)) ("[I]t is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement committed before such assignment").  As a matter of law, WSOU therefore cannot establish its entitlement to past damages prior to August 21, 2017.

**B.**



. *See Moore*, 74 U.S. at 522; *Arachnid*, 939 F.2d at 1579.

, the right would have remained with Wade as no express assignment of past damages exists within Wade's assignment to WSOU.  The assignment from Wade to WSOU does not specify any transfer of rights to sue for past infringement, *see generally*

Ex. 11, so WSOU did not obtain such rights for the brief period Wade allegedly owned the patent either.  Because there was no express assignment of the right to sue for past infringement in either the assignment from Nokia to Wade or the purported assignment from Wade to WSOU, this right was never granted to WSOU, and the Court should dismiss WSOU's claim for any damages arising prior to August 21, 2017.

## **CONCLUSION**

In light of the foregoing, the Court should dismiss WSOU's claim for patent infringement of the asserted patent.  Alternatively, the Court should dismiss WSOU's claim for damages prior to August 21, 2017.

Date: August 8, 2022                                          Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones (Texas Bar No. 10929400)
Shaun W. Hassett (Texas Bar No. 24074372)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
shaunhassett@potterminton.com

Tharan Gregory Lanier
(California Bar No. 138784) *(pro hac vice)*
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario

– 13 –

(California Bar No. 326208)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com

*Attorneys for Defendant Google LLC*


<u>**CERTIFICATE OF SERVICE**</u>

I certify that on August 8, 2022, I served the foregoing Motion to Dismiss for Lack of

Standing by Defendant Google LLC by electronic mail on all counsel of record.

_____
Ellie Silberhorn