## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

**WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,**

    *Plaintiff,*

    **v.**

**GOOGLE LLC,**

    *Defendant.*

**Case No.: 6:20-cv-00580-ADA**

**JURY TRIAL DEMANDED**

**PUBLIC VERSION**

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS <u>FOR LACK OF STANDING</u>

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

FACTUAL BACKGROUND ...................................................................................3

█████████████████████████████████ ...................................3

███████████████████████████████████████.................5

████████████████████████████████████████
██████████████████████████.................6

ARGUMENT ...........................................................................................................7

The Court Has Subject Matter Jurisdiction Because the Case Against Google Was
Filed Under the Patent Act and Brazos Properly Alleged Ownership and
Right to Recover All Damages, Including Past Damages ....................................7

██████████████████████████ .................8

██████████████████████████████ .................12

████████████████████████████████
████████████ .................13

████████████████████████████████
██████████████████████████ .................17

Google Cannot Clear Its Bar to Prevail on an Early 12(b)(1) Motion .............19

CONCLUSION ......................................................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arterbury v. Odessa Separator, Inc.*,
　2019 WL 6699804 (E.D. Tex. Jan. 30, 2019) .........................................................................20

*Au New Haven, LLC v. YYK Corp.*,
　210 F. Supp. 3d 549 (S.D.N.Y. 2016) ....................................................................................11

*Balsam Coffee Solutions, Inc. v. Folgers Coffee Co.*,
　2009 WL 3297292 (E.D. Tex. Oct. 13, 2009).........................................................................20

*Beal Sav. Bank v. Sommer*,
　8 N.Y.3d 318 (App. Div. 2007) ..............................................................................................14

*Born v. Schrenkeisen*,
　110 N.Y. 55 (N.Y. 1888).........................................................................................................17

*C.R. Daniels, Inc. v. Natzc Int'l Grp., LLC*,
　2012 WL 1268623 (D. Md. Apr. 13, 2012) ...........................................................................16

*Cara Assocs., L.L.C. v. Milstein*,
　140 A.D.3d 657 (N.Y. App. Div. 2016)..................................................................................15

*Corhill Corp. v S.D. Plants, Inc.*,
　9 N.Y.2d 595 (N.Y. 1961).......................................................................................................15

*Diamondback Indus. v. Repeat Precision, LLC*, No. 6:19-CV-00034-ADA,
　2019 U.S. Dist. LEXIS 230381, at *9-15 (W.D. Tex. Sept. 11, 2019)...................................20

*DDB Techs., LLC v. MLB Advanced Media, LP*,
　517 F.3d 1284 (Fed. Cir. 2008) ..............................................................................................15

*Fed. Ins. Co. v. Ams. Ins. Co.*,
　258 A.D.2d 39 (N.Y. App. Div. 1999)....................................................................................17

*Flast v. Cohen*,
　392 U.S. 83 (N.Y. 1968) ...........................................................................................................7

*Greenfield v. Philles Recs., Inc.*,
　98 N.Y.2d 562 (N.Y. 2002)......................................................................................................14

*Harris v. Uhlendorf*,
    24 N.Y.2d 463 (N.Y. 1969) ................................................................................................17

*In re Marineland Ocean Resorts, Inc.*,
    242 B.R. 748 (Bankr. M.D. Fla. 1999) ..............................................................................19

*Kenyon & Kenyon LLP v. Sightsound Techs., LLC*,
    2021 WL 1856980 (Sup. Ct. N.Y. Cty. May 10, 2021) ......................................................16

*Lawyers' Fund for Client Prot. of State of N.Y. v. Bank Leumi Tr. Co. of N.Y.*,
    727 N.E.2d 563 (N.Y. 2000) ..............................................................................................14

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) ........................................................................................................7, 8

*Lipper Holdings, LLC v. Trident Holdings, LLC*,
    1 A.D.3d 170 (N.Y. App. Div. 2003) ..................................................................................15

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019) ....................................................................................2, 7, 8

*Mars, Inc. v. TruRX LLC*, No. 6:13-cv-00526-RWS-KNM,
    2016 U.S. Dist. LEXIS 121501, at *12-17 (E.D. Tex. Mar. 14, 2016) ................................20

*Muzak Corp. v. Hotel Taft Corp.*,
    1 N.Y.2d 42 (N.Y. 1956) ....................................................................................................15

*Nova Cas. v. Harleysville Worchester Ins. Co.*,
    146 A.D.3d 428 (N.Y. App. Div. 2017) ..............................................................................15

*Physical Distrib. Servs., Inc. v. R.R. Donnelley & Sons Co.*,
    561 F.3d 792 (8th Cir. 2009) ..............................................................................................19

*Roc Nation LLC v. HCC Int'l Ins. Co., PLC*,
    523 F. Supp. 3d 539 (S.D.N.Y. 2021) ................................................................................17

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
    959 F.3d 1065 (Fed. Cir. 2020) ...................................................................................2, 8, 19

*Sillman v. Twentieth Century-Fox Film Corp.*,
    3 N.Y.2d 395 (1957) ..........................................................................................................18

*Singer Asset Finance Co., LLC v. Wyner*
    156 N.H. 468 (2007) ..........................................................................................................18

*Univ. of S. Fla. Research Found., Inc. v. Fujifilm Med. Sys.*,
   19 F.4th 1315 (Fed. Cir. 2021)......................................................................7

*W.W.W. Assoc. v Giancontieri*,
   77 N.Y.2d 157 (N.Y. 1990)..........................................................................14

*Westmoreland Coal Co. v Entech, Inc.*,
   100 N.Y.2d 352 (N.Y. 2003)........................................................................14

*Williamson v. Tucker*,
   645 F.2d 404 (5th Cir. 1981)........................................................................20

*Zodiac Enters. v. Am. Broadcasting Cos.*,
   81 A.D.2d 337 (N.Y. App. Div. 1981).........................................................10

**Statutes**

35 U.S.C. § 281 ..............................................................................................7

**Rules**

Federal Rule of Civil Procedure 12(b)(1).........................................................1

**Other Authorities**

*29 Williston on Contracts* §74:22 (4th ed.) ..................................................19

WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") files this opposition to Google LLC's motion to dismiss for lack of standing ("Mot.").[1]

**INTRODUCTION**

Google's motion to dismiss should be denied on multiple grounds. Google ignores both governing Supreme Court and Federal Circuit law and Brazos's well-pleaded allegations establishing subject matter jurisdiction, and instead attacks Brazos' complaint on the merits with cherry-picked extrinsic evidence selected by Google, notwithstanding the high bar that Google must clear to prevail on an early Rule 12(b)(1) motion such as this one. Google's motion would require the Court to weigh evidence to determine ███████████████████████████████ ████████████████████████████████ █ ██████████████████████████████ ██████████████████████████████████████████████ ████████ ██████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████ None of these evidentiary disputes are amenable to resolution on the minimal factual record here.

Procedurally, the Federal Circuit has clarified that the ████████████████████████ ████████████████████████████████████████████ does not implicate

_____

[1] Google never expressly recites the procedural mechanism allegedly entitling it to dismissal in this case, but the authorities cited by Google in support of its motion rely on Federal Rule of Civil Procedure 12(b)(1), which is directed to "lack of subject-matter jurisdiction."

█████████████████████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████████████

subject-matter jurisdiction. *See Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020). And the Federal Circuit has similarly held that whether the assignee "possesses all substantial rights in a patent [such as the right to past damages] does not implicate standing or subject-matter jurisdiction." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235-36 (Fed. Cir. 2019). ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

While not styled as a motion for summary judgment, Google asks the Court to evaluate hundreds of pages of documents and testimony to grant Google's request for dismissal.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████

## FACTUAL BACKGROUND



## ARGUMENT

**The Court Has Subject Matter Jurisdiction Because the Case Against Google Was Filed Under the Patent Act and Brazos Properly Alleged Ownership and Right to Recover All Damages, Including Past Damages**

The Court unquestionably has subject matter jurisdiction over these patent infringement cases. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) (As long as a plaintiff alleges a case or controversy under the Patent Act, like Brazos here, the court has both statutory and constitutional authority to adjudicate the matter.); *Lone Star*, 925 F.3d at 1235 (Fed. Cir. 2019) (quoting *Flast v. Cohen*, 392 U.S. 83, 99 (N.Y. 1968)) (The "fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court [like Brazos here], and not on the issues he wishes to have adjudicated.").

Google argues that Brazos lacks constitutional standing because it was not properly assigned the asserted '491 patent and thus has no exclusionary or damages rights. Google is wrong. The "absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional power to adjudicate the case." *Lexmark*, 572 U.S. at 128 n.4 (2014). And the binding law[5] is clear that the question of what rights were assigned to the patentee does not implicate Article III standing.

Both the Federal Circuit and the U.S. Supreme Court have held that Google's argument challenging sufficiency of the assignment to Brazos does not implicate subject matter jurisdiction:

> In *Lone Star*, we made clear that whether one qualifies as a patentee under 35 U.S.C. § 281 is a statutory prerequisite to the right to relief in a patent infringement action, but **does not implicate the district court's subject matter jurisdiction**. There, we recognized that intervening Supreme Court precedent made clear that **our earlier decisions treating the prerequisites of the Patent Act as**

---

[5] The Federal Circuit applies regional circuit law when reviewing a dismissal of a complaint for lack of standing unless the issue is unique to patent law and therefore exclusively assigned to the Federal Circuit. *See Univ. of S. Fla. Research Found., Inc. v. Fujifilm Med. Sys.*, 19 F.4th 1315, 1323-24 (Fed. Cir. 2021).

**jurisdictional were wrong**. We expressly held that "[w]e therefore firmly bring ourselves into accord with *Lexmark* [*Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S. Ct. 1377, 188 L.Ed.2d 392 (2014)] and our sister circuits by concluding that whether a party possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction." *Lone Star*, 925 F.3d at 1235–36. **As long as a plaintiff alleges facts that support an arguable case or controversy under the Patent Act, the court has both the statutory and constitutional authority to adjudicate the matter**. *Id.* at 1235 (citing *Lexmark* []). Because Ms. Schwendimann's Complaint contained such allegations—that she is the owner by assignment of the '845 patent and Appellants infringed that patent—there is no "standing" issue to be decided in this appeal.

*Schwendimann*, 959 F.3d at 1071 (emphasis added).

Here, just like the plaintiff in *Schwendimann*, Brazos established subject matter jurisdiction by alleging that: (i) this is a case or controversy under the Patent Act; (ii) Brazos was the patent owner when the cases were filed in June 2020; (iii) Google infringed Brazos' patent; (iv) Brazos has been damaged by Google's infringement; and (v) Brazos has the right to all causes of action and all damages related to the asserted patent. Compl., ¶ 44.

Google does not dispute that Brazos made those allegations. As such, under *Lexmark*, *Lone Star*, and *Schwendimann*, the inquiry should end here, and Google's motion should be denied.







████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

     To the extent there is any ambiguity, New York law gives a "narrow reading . . . to anti-assignment clauses." *Au New Haven, LLC v. YYK Corp.*, 210 F. Supp. 3d 549, 555 (S.D.N.Y. 2016). In *Au New Haven*, a licensing agreement's anti-assignment clause prohibited any party from assigning the "Agreement or any interest hereunder" or "any . . . rights or obligations hereunder" and stated that "[a]ny such assignment . . . shall be void." *Id.* at 554. "[C]onstruing the anti-assignment provision narrowly as dictated by New York law," the court held that clause did not prohibit or render void the assignment of a specific patent under the licensing agreement. *Id.* at 556. While the patent was "the subject of the licensing agreement," it did "not originate from the licensing agreement," and therefore, the anti-assignment provision did "not render the 2014 Assignment void *ab initio*." *Id.* Similarly here, ████████████████████ did not serve to prohibit an assignment, but rather assumed that an "assignment hereunder" has been made. █

████████████████████████████████████████████████

       ████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████ ████████████████████████████



In addition, Brazos had "more than negligible" other business activities unrelated to the

assertion of patents, including helping companies unlock their patent portfolio value by efficiently employing patent assets to support debt financing as well as leveraging a technology platform for patent analysis to help private equity firms, investment bankers, and hedge fund managers develop data-driven structured financial products. *Id.*, ¶ 8.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████

Binding New York law[7] makes it abundantly clear that contracts and their schedules/exhibits ████████████████████████████████████ should be read together as one document for the purposes of contract interpretation. *See Greenfield v. Philles Recs., Inc.*, 98 N.Y.2d 562, 572 (N.Y. 2002) (A contract should be "read as a whole to determine its purpose and intent.") (quoting *W.W.W. Assoc. v Giancontieri*, 77 N.Y.2d 157, 162 (N.Y. 1990)); *Lawyers' Fund for Client Prot. of State of N.Y. v. Bank Leumi Tr. Co. of N.Y.*, 727 N.E.2d 563, 566 (N.Y. 2000) (Courts should interpret an agreement "as a whole" and read the document "in its entirety" instead of focusing exclusively on the provision in question.); *Beal Sav. Bank v. Sommer*, 8 N.Y.3d 318, 324-25 (App. Div. 2007) (A contract should be "read as a whole, and every part will be interpreted with reference to the whole [].") (quoting *Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 N.Y.2d 352, 358 (N.Y. 2003)).

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

█ ████████████████████████████████████████████████████

███████████████████████████████████████████████████████

*See Lipper Holdings, LLC v. Trident Holdings, LLC*, 1 A.D.3d 170, 171 (N.Y. App. Div. 2003) ("A contract should not be interpreted to produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties.") (internal citations omitted); *Nova Cas. v. Harleysville Worchester Ins. Co.*, 146 A.D.3d 428, 428 (N.Y. App. Div. 2017) ("We reject this interpretation, because it renders a portion of the contract meaningless and fails to read all contractual clauses together contextually."); *Cara Assocs., L.L.C. v. Milstein*, 140 A.D.3d 657, 658 (N.Y. App. Div. 2016) (A cardinal rule of construction is that "a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect.") (quoting *Corhill Corp. v S.D. Plants, Inc.*, 9 N.Y.2d 595, 599 (N.Y. 1961)).

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████  *See Muzak Corp. v. Hotel Taft Corp.*, 1 N.Y.2d 42, 46-47 (N.Y. 1956) ("Even if there was an inconsistency between a specific provision and a general provision of a contract [] the specific provision controls.").

Further, the Federal Circuit has held that an executed assignment pursuant to an agreement does not affect the conclusion that the underlying agreement itself effected the assignment of the referenced rights. *See DDB Techs., LLC v. MLB Advanced Media, LP*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) (rejecting the argument that an assignment was the operative document and reasoning that nothing in the assignment conflicted with the assignment provision in the agreement); *see also C.R. Daniels, Inc. v. Natzc Int'l Grp., LLC*, 2012 WL 1268623, at *15 (D. Md. Apr. 13, 2012) (*DDB Technologies* "ma[kes] clear that the fact of a later execution or recordation of 'assignment' does not govern whether, based on a prior document, there was an earlier transfer of legal title.").

*See Kenyon & Kenyon LLP v. Sightsound Techs., LLC*, No. 650795/2014, 2021 WL 1856980, at *10 (Sup. Ct. N.Y. Cty. May 10, 2021) (Where extrinsic evidence is introduced to aid in construction, "sworn affidavits by both original parties to a contract ████████████████ and those parties' conduct after the contract was

formed ███████████████████████████████████████████████████

████████████████████████ are significant evidence of the parties' intent."); *see also Fed. Ins.*

*Co. v. Ams. Ins. Co.*, 258 A.D.2d 39, 44-45 (N.Y. App. Div. 1999) ("[T]here could be no more

compelling evidence of intent than the sworn testimony and affidavits of both parties to the

contract."). ██████████████████████████████████████████

███████████████████████████████████ ████████████████

████████████████████████████████████

██████████████████████████████████████████████████
████████████████████████████████████

      █████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████

      ████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████

      ████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

**Google Cannot Clear Its Bar to Prevail on an Early 12(b)(1) Motion**

Even if the Court is disinclined to dismiss Google's motion with prejudice based on the myriad reasons above, the Court should dismiss Google's motion without prejudice as premature.

The standard applied to Rule 12(b)(1) motions is governed by regional circuit law. *See supra* n.5. The Fifth Circuit has held that although "[t]he district court ... has the power to dismiss

for lack of subject matter jurisdiction [based] on … the complaint supplemented by undisputed facts plus the court's resolution of disputed facts …. [i]nsofar as the defendant's motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence." *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981). ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

Both this Court and its sister Texas federal courts have denied motions brought under Rule 12(b)(1) that would require the court to resolve complex contractual issues in favor of the party pursuing dismissal, such as Google's motion presently seeks. *See, e.g., Diamondback Indus. v. Repeat Precision, LLC*, No. 6:19-CV-00034-ADA, 2019 U.S. Dist. LEXIS 230381, at *9-15 (W.D. Tex. Sept. 11, 2019); *Arterbury v. Odessa Separator, Inc.*, No. 5:16-CV-00183-RWS-RSP, 2019 U.S. Dist. LEXIS 28463, at *3-10, 2019 WL 6699804 (E.D. Tex. Jan. 30, 2019), *report and recommendation adopted* 2019 U.S. Dist. LEXIS 28013, 2019 WL 858648 (E.D. Tex. Feb. 22, 2019); *Mars, Inc. v. TruRX LLC*, No. 6:13-cv-00526-RWS-KNM, 2016 U.S. Dist. LEXIS 121501, at *12-17 (E.D. Tex. Mar. 14, 2016), *report and recommendation adopted* 2016 U.S. Dist. LEXIS 121505 (E.D. Tex. Apr. 29, 2016); *Balsam Coffee Solutions, Inc. v. Folgers Coffee Co.*, No. 6:09-CV-89, 2009 U.S. Dist. LEXIS 95860, at *9-13, 2009 WL 3297292 (E.D. Tex. Oct. 13, 2009). This Court should follow the same course of action and deny Google's motion.

**CONCLUSION**

For the foregoing reasons, the Court should deny Google's Motion.

Dated: August 29, 2022

Respectfully Submitted,

By: */s/ Greg Love*
Greg Love
State Bar No. 24013060
Mark D. Siegmund
State Bar No. 24117055
**STECKLER WAYNE CHERRY & LOVE, PLLC**
8416 Old McGregor Road
Waco, TX 76712
Tel.: (254) 651-3690
Fax: (254) 651-3689
greg@swclaw.com
mark@swclaw.com

Joseph M. Abraham, TX SB No. 24088879
Timothy Dewberry, TX Bar No. 24090074
**FOLIO LAW GROUP PLLC**
13492 Research Blvd., Suite 120, No. 177
Austin, TX 78750
T: 737-234-0201
Email: joseph.abraham@foliolaw.com
Email: timothy.dewberry@foliolaw.com

Cliff Win, CA Bar No. 270517
Steven Skelley, WA Bar No. 53017
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109
Tel:     (206) 880-1802
Email: cliff.win@foliolaw.com
Email: steve.skelley@foliolaw.com

*Attorneys for Plaintiff WSOU Investments, LLC d/b/a*
*Brazos Licensing & Development*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was served on all counsel of record via the Court's

CM/ECF system on August 29, 2022.

*/s/ Greg Love*
Greg Love