# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | **PUBLIC VERSION** |
| Plaintiff, | § § | Case No. 6:20-cv-580-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § § § | ▬▬▬▬▬▬▬▬▬ |
| Defendant. | § § | |

**REPLY IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF STANDING BY DEFENDANT GOOGLE LLC**

**TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    WSOU's Bare Allegation Does Not Establish Constitutional or Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    ██████████████████████████████████████████████████ . . . 2

    III.   ██████████████████████████████ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# **TABLE OF AUTHORITIES**

*Cases*                                                    **Pages**

*Alps S., LLC v. Ohio Willow Wood Co.*,
    787 F.3d 1379 (Fed. Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fed. Ins. Co. v. Ams. Ins. Co.*,
    258 A.D.2d 39 (N.Y. App. Div. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Greer v. United States,*
    333 F. Supp. 3d 631 (W.D. La. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Intell. Tech LLC v. Zebra Techs. Corp.*,
    No. 19-628, 2022 WL 1608014. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Kenyon & Kenyon LLP v. Sightsound Techs., LLC*,
    No. 650795/2014, 2021 WL 1856980, (Sup. Ct. N.Y. Cty. May 10, 2021). . . . . . . . . . . . 3

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Miller v. Lagana*,
    No. 15-2510, 2017 WL 3401266 (D.N.J. Aug. 8, 2017). . . . . . . . . . . . . . . . . . . . . . . 4

*Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.,*
    422 F. Supp. 3d 1191 (W.D. Tex. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Uniloc USA, Inc. v. Apple, Inc.*,
    No. 18-358, 2020 WL 7122617. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Other*

5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## INTRODUCTION

The dispute here is simple—whether the record reflects ███████████ ███████████████████████. If it does not, then ███████████████████ █████ and WSOU does not have standing to bring this suit. In its opposition, WSOU introduces ambiguous emails, ███████████████████, and its CEO's self-serving declaration that claims to vouch for ████████████████████████████████████████████████████. WSOU does not submit anything evidencing ████████████████████████████ █████████ and that is all that matters here. The Court should ignore WSOU's belated attempts to ████████████ through "waiver" or "contract reformation" and dismiss WSOU's legless claims.

## ARGUMENT

### I. WSOU's Bare Allegation Does Not Establish Constitutional or Subject Matter Jurisdiction

WSOU cites several cases for the proposition that "[a]s long as a plaintiff alleges a case or controversy under the Patent Act, like Brazos here, the court has both statutory and constitutional authority to adjudicate the matter." Opp. at 7. Even if such a bright-line rule existed—it does not—WSOU's citations provide no support. WSOU argues that "[t]he Court unquestionably has subject matter jurisdiction over these patent infringement cases" under *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014), but fails to address the necessity of evaluating both constitutional and statutory standing even after *Lexmark*. "*Lexmark* and *Lone Star* do not require that we throw the baby out with the bathwater. They just require us to separate the inquiries of statutory right to sue and constitutional standing." *Uniloc USA, Inc. v. Apple, Inc.*, No. 18-358, 2020 WL 7122617, at *4 (N.D. Cal. Dec. 4, 2020). This Court recently held that "[a]scertaining standing in a patent-infringement case requires an inquiry into both Article III or 'constitutional' standing and what has been called 'statutory' or 'prudential' standing. To have constitutional standing, a plaintiff must have an 'exclusionary right'. . . To have statutory standing, a

plaintiff must have 'all substantial rights' to the asserted patent." *Intell. Tech LLC v. Zebra Techs. Corp.*, No. 19-628 (ADA), 2022 WL 1608014, at *2 (W.D. Tex. May 20, 2022), *reconsideration denied*, 19-628, 2022 WL 3088572 (W.D. Tex. Aug. 3, 2022). WSOU fails to plead facts establishing the sufficiency of its rights, instead supplying a legal conclusion one sentence long. Opp. at 8, citing Compl., ¶ 44. As "[t]he Court is not required to assume the truth of legal conclusions merely because they are cast in the form of factual allegations," *Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019), the inquiry does not "end here" (Opp. at 8) because WSOU has not adequately alleged its entitlement to standing.

II. ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

---

[1] WSOU calls into question the propriety of considering evidence outside of the pleadings on a motion under 12(b)(1) for lack of subject matter jurisdiction. This Court recently held that "courts in the Fifth Circuit are permitted to resolve factual disputes underlying subject matter jurisdiction without converting a motion under Rule 12(b)(1) to one for summary judgment." *Intell. Tech*, 2022 WL 1608014, at *2. Any attempt to shift the burden of proof to Google by challenging the form of motion is misplaced: "[t]he burden of proof applicable to Rule 12(b)(1) analysis is on the party asserting jurisdiction." *Greer v. United States*, 333 F. Supp. 3d 631, 635 (W.D. La. 2018) (citing *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011)).



– 3 –

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

████████████████

██████████████████████████████████

███████████████████████████████████████

████████████████████████████████

███████████████████████████████

████████████████████████████

█████████████████████████ "Defendants should not be allowed to profit from their withholding of discovery." *Miller v. Lagana*, No. 15-2510, 2017 WL 3401266, at *3 (D.N.J. Aug. 8, 2017); instead, the Court should "allow discovery to be completed on the issue and order a further hearing to be held before ruling on the Rule 12(b)(1) motion." 5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.).

III.  ████████████████████████████████

████████████████████████████

███████████████████████████████

█████████████████████████████

████████████████████████████

███████████████████████████████

– 4 –

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

████████████████████████████████

██████████████████████████████████

███

As a party asserting patent infringement is "required to have legal title to the patents on the day it filed the complaint and that requirement can not be met retroactively," *Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1385 (Fed. Cir. 2015) (quoting *Abraxis*, 625 F.3d at 1366), ██

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

█████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████

## **CONCLUSION**

In light of the foregoing, the Court should dismiss WSOU's claim for patent infringement of the asserted patent.

Date:   September 12, 2022                    Respectfully submitted,

/s/ *Michael E. Jones*
Michael E. Jones (Texas Bar No. 10929400)
Shaun W. Hassett (Texas Bar No. 24074372)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
shaunhassett@potterminton.com

Tharan Gregory Lanier
(California Bar No. 138784) *(pro hac vice)*
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I certify that on September 12, 2022, I served the foregoing Reply in Support of Motion to Dismiss for Lack of Standing by Defendant Google LLC by electronic mail on all counsel of record.

*/s/ Michael E. Jones*
Michael E. Jones

– 6 –