IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING & DEVELOPMENT, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 6:20-cv-00580-ADA ) ) |
| GOOGLE, LLC, | ) **JURY TRIAL DEMANDED** ) |
| Defendant | ) ) ) |

## ORDER ON DISCOVERY DISPUTE

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing & Development ("Brazos") filed a complaint for patent infringement against Defendant Google, LLC ("Google") based on U.S. Patent No. 7,946,491. Fact discovery in this matter is scheduled to close on March 22, 2023. *See* ECF No. 153. Pursuant to the Court's Order Governing Proceedings, on February 24, 2023, Brazos submitted a discovery dispute.

| Brazos's Position | Google's Position |
|---|---|
| **Relief Sought:**<br><br>Brazos requests that the Court order Google to produce additional source code relating to the barcode scanning functionality of Google's Android 13 Quick Settings, consistent with Brazos's requests of January 22 (non-submitted in support hereof in deference to Google's concerns re: confidentiality).<br><br>**Summary:**<br><br>This dispute concerns Google's attempt to limit its source code production concerning an | **Relief Sought:**<br><br>Deny WSOU's motion.<br><br>**Summary:**<br><br>Google has already produced source code for the accused barcode scanning functionality that is part of the broader Android 13 Quick Settings. WSOU now seeks production of source code for *other, non-barcode scanning* features within Android 13 Quick Settings, without proffering any theory of relevance. |

1

| **Brazos's Position** | **Google's Position** |
|---|---|
| accused instrumentality based on Google's untested assertions of alleged irrelevance.<br><br>The asserted '491 patent concerns processing and decoding input images in connection with optical barcode reading. Several months following service of Brazos's Amended Infringement Contentions, Google ultimately supplemented its source code production on December 19, 2022, as to approximately a dozen individual Google products, including "Android 13 Quick Settings."<br><br>Brazos undertook to review Google's supplemental code production as promptly as the year-end holidays would allow. On January 22, Brazos identified to Google approximately 30 modules that are apparently imported as part of the "Android13Barcode" functionality, and requested that Google supplement its source code production to include those additional modules. Brazos's knowledge as to the detailed contents of these missing modules is limited, as Brazos is inherently unable to review source code that Google has not made available.<br><br>Google responded on January with arguments that "the modules your email identified do not appear relevant to the accused functionality" and that "these further requests are overbroad and not proportional to the needs of the case." Google reiterated its position that "this code has nothing to do with scanning QR codes" in a letter dated February 1 (received by Brazos February 2). Google's position is not reasonable, as it leaves Google the sole arbiter of alleged relevance to whether and how Android 13 Quick Settings infringes the asserted '491 patent, without allowing Brazos access to a discrete universe of additional code—***all of which is expressly called by that portion of the Android 13 code that Google has already made available***—that is required for Brazos to test Google's position. | On January 22, WSOU wrote to Google to request certain additional source code be produced regarding Android 13 Quick Settings. Google promptly investigated, and explained to WSOU that it is mistaken regarding certain source file naming conventions, and that the requested modules do not concern barcode scanning or QR codes or anything of the sort. Google explained that the requested dozens of additional modules do not carry out the functions WSOU identified as the basis for their relevance. In short, WSOU demands Google collect and produce wholly irrelevant source code for the sole reason that it is a part of Android 13 Quick Settings, which includes numerous irrelevant features like device volume, hotspot, and brightness. WSOU has only accused barcode scanning in Android 13 Quick Settings, and Google has already produced that source code.<br><br>Rather than respond with an alternate theory of relevance, and without meeting and conferring by telephone as required by this Court's O.G.P., WSOU submitted this dispute.<br><br>Despite WSOU's failure to meet and confer in advance of this submission, Google attempted in good faith to do so after the fact. During that discussion, Google asked WSOU whether it could identify any line of code in Google's production that it could not trace or understand in the absence of the requested Quick Settings code. WSOU *could not identify a single line of code that it could not understand or a single place in Google's production where its review could not proceed*.<br><br>As it explained to WSOU, in order to perform this collection, Google would have to trace 30 different sets of imported code, and in short order, to collect material that has no bearing on any material fact at issue in this case. Collecting and producing each of these dependencies as requested by WSOU would be severely burdensome. As these dependencies do |

2

| **Brazos's Position** | **Google's Position** |
|---|---|
| Fact discovery closes March 1, 2023, and Brazos needs this information—plus a reasonable period of review—to properly depose Google's 30(b)(6) technical designee concerning Android 13 Quick Settings, Mr. Kalia. The Court should order Google to produce the requested source code. | not concern the accused functionality, this burden is disproportionate to the needs of the case. |

**The Court's Order:**

The Court on February 27, 2023, after considering the parties' written submission on the dispute and hearing oral argument thereon. The Court ORDERS the parties to meet and confer concerning the subject of Plaintiff's requests, and to update the Court as to the status of those further discussions no later than March 2, 2023.

SIGNED this 8th day of March, 2023.

                                                  Derek T. Gilliland
                                                  United States Magistrate Judge