# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § | Case No. 6:20-cv-580-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § § § | |
| Defendant. | § | |

# MOTION FOR PARTIAL SUMMARY JUDGMENT OF
# NON-INFRINGEMENT BY DEFENDANT GOOGLE LLC

## INTRODUCTION

WSOU and Google agree that Barhopper v1 does not infringe the sole patent asserted in this case; Google accordingly requests that the Court grant partial summary judgment.

## BACKGROUND

### A.     WSOU Accuses Barhopper of Infringement

On June 29, 2020, WSOU Investments, LLC d/b/a Brazos Licensing & Development, LLC ("WSOU") filed its complaint in this action.  Docket No. 1.  The complaint broadly accused "barcode reading" functionality of infringing U.S. Patent No. 7,946,491. *E.g., id.* ¶ 46.  In 2021, Google produced source code for three versions of its internal Barhopper library, which other applications can use to read barcodes:  v1, v2, and v3.  On May 20, 2022, WSOU sought leave to amend its infringement contentions, Docket No. 103, seeking to add allegations that the "products accused herein encompass Google's 'Barhopper' algorithm and any products incorporating Barhopper," and defined Barhopper as "consist[ing] of three versions, named Barhopper V1, V2, and V3."  Docket No. 107, Ex. 27 at 2, 3.  WSOU's contentions focused on Barhopper, describing it throughout and referencing it more than 200 times.  *See generally id.* To support that motion, WSOU argued that "Google has long been aware" that "Barhopper was a part of the accused instrumentality."  Docket No. 111 at 11.  The Court granted the motion.

### B.     WSOU Requests and Google Provides Discovery Regarding All Barhopper Versions

WSOU promptly wrote to Google, noting that its "Amended Final Infringement Contentions accuse products which incorporate, call, use, or otherwise deploy Google's barcode recognition engine, also known as Barhopper (including at least Barhopper V1, V2 and V3 – collectively 'Barhopper')," and seeking discovery regarding all "products incorporating, calling, using, or otherwise deploying Barhopper."  Declaration of Francesca Germinario, Ex. 1 at 1 (all

subsequent exhibits are to this declaration). Google provided this discovery. WSOU also requested that Google update its interrogatory responses: "Now that Brazos's infringement theory has been clarified to encompass Barhopper, Google must identify the release dates for at least each version of Barhopper." Ex. 2 at 2. Since WSOU accused all versions of Barhopper, *see supra*, Google provided the date of first alleged infringement: its initial testing of Barhopper v1. *See* Ex. 3 at 8. WSOU knew this date represented the initial testing of Barhopper v1, as Google had produced other documents showing the other versions came much later (*e.g.*, Ex. 4), but WSOU accepted this date and did not ask Google to change it. Finally, in response to WSOU's deposition requests, Google provided twelve technical witnesses in this matter, who testified regarding Google products using all versions of Barhopper, including v1. *See, e.g.*, Ex. 5 at 29:21 to 30:4; 49:22-25; 78:4 to 81:22; 108:22 to 110:6; 124:20 to 125:9.

In short, across every dimension of discovery, and from the time of Google's first source-code production in May 2021 to the close of fact discovery in March 2023, WSOU requested and Google provided fulsome discovery on all versions of Barhopper, including v1.

**C.     WSOU Abandons Any Claim of Infringement by Barhopper v1**

On April 4, 2023, WSOU served its opening expert reports in this matter, which abandoned any claim of infringement by Barhopper v1. Exs. 6 and 7. WSOU's technical expert, Tibor Kozek, Ph.D, made no claim that Barhopper v1 infringes the patent; to the contrary, he opined that "without the '491 patent's invention, Google would not have been able to realize Barhopper v2's improved performance as compared to Barhopper v1." Ex. 6 ¶ 573; *see id.* ¶¶ 571-74. And Dr. Kozek's infringement opinion repeatedly relied on functionality that does not exist in Barhopper v1. *E.g.*, *id*. ¶¶ 79-86, 131-132, 152-153, 178-179, 211. Dr. Kozek's report not only failed to accuse Barhopper v1 of infringement, but confirmed that it does not

infringe. It lacked only the words: 'Barhopper v1 does not infringe the patent.'

Similarly, WSOU's damages expert Justin Blok explicitly excluded Barhopper v1 from his report, defining the "Accused Technology" as "the use of Barhopperv2 [sic] and Barhopper v3 within the Accused Instrumentalities," and justifying his damages opinion using the "Incremental Improvement in Barcode Detection Capability" of the "Accused Technology Compared to Barhopper v1." Ex. 7 ¶¶ 32, 218; *see id.* ¶¶ 218-222. Mr. Blok's report depended on the "incremental improvement of the Accused Technology over Barhopper v1," a calculation that required Barhopper v1 not to infringe the patent. *Id.* ¶ 220. As with Dr. Kozek, Mr. Blok's report lacked only the words: 'Barhopper v1 does not infringe the patent.'

After reviewing these reports, on April 5, Google emailed WSOU to seek a stipulation of non-infringement. Ex. 8. WSOU did not respond. Google emailed again, Ex. 9, and WSOU responded vaguely: "The scope of Brazos's infringement report is clear." Ex. 10. Google asked WSOU for its position on this issue, and offered to meet and confer. Ex. 11. WSOU did not respond. Google again asked WSOU when it was available to meet and confer. Ex. 12. WSOU agreed to confer today; during this call, WSOU agreed that it "is not presently contending that Barhopper v1 infringes" and that "nothing in the record shows Barhopper v1 infringes," but could not confirm whether it would join this motion before reviewing it. *See* Ex. 13.

## ARGUMENT

To prevail on a claim of infringement, WSOU must "make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial"; if it fails to do so, "summary judgment must be granted." *VLSI Tech. LLC v. Intel Corp.*, No. 19-977, 2021 WL 2773013, at *2 (W.D. Tex. Apr. 12, 2021). "To show literal infringement of a patent, a patentee must supply sufficient evidence to prove that the accused

– 3 –

product or process meets every element or limitation of a claim." *Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997). WSOU has no such evidence, and could not bring any if it did, after its own expert witnesses admitted that Barhopper v1 does not infringe and relied on its non-infringement to support their opinions. *See supra* § C; *Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1367 (Fed. Cir. 2004) (overruling judgment of infringement where "the only expert testimony directly contradicted this conclusion").

The law "mandates the entry of summary judgment" against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, as such a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Jarabes Veracruzanos, Inc. v. Productora de Alimentos Mexicanos, S.A. de C.V.*, No. 14-466, 2016 WL 7486367, at *2 (W.D. Tex. Feb. 9, 2016), *report and recommendation adopted sub nom. Jarabes Veracruzanos, Inc. v. Productora de Alimentos Mexicanos*, 2016 WL 7486368 (W.D. Tex. Apr. 8, 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). That is so here: WSOU has confirmed that it does not allege infringement by Barhopper v1, and WSOU's expert witnesses have relied on Barhopper v1's non-infringement to form and support their opinions. Under these circumstances, partial summary judgment is appropriate.

## CONCLUSION

For the reasons set forth above, Google respectfully requests that the Court grant partial summary judgment of non-infringement by Google's Barhopper v1.

Date: April 12, 2023                             Respectfully submitted,

                                                 */s/ Shaun W. Hassett*
                                                 Michael E. Jones (State Bar No. 10929400)
                                                 mikejones@potterminton.com

– 4 –

Shaun W. Hassett  (State Bar No. 24074372)
shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile

Tharan Gregory Lanier
(California Bar No. 138784) (pro hac vice)
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com

*Attorneys for Defendant Google LLC*