# EXHIBIT B

1              IN THE UNITED STATES DISTRICT COURT

2              FOR THE WESTERN DISTRICT OF TEXAS

3                      WACO DIVISION

4

5    WSOU INVESTMENTS, LLC d/b/a

     BRAZOS LICENSING &

6    DEVELOPMENT,

7                        Plaintiff,

8         vs.                      No. 6:20-cv-00580-ADA

9    GOOGLE LLC,

10                       Defendant.

     _____/

11

12

13           DEPOSITION OF TIBOR KOZEK, Ph.D.

14           appearing at Oakland, California

15               Wednesday, May 24, 2023

16               Volume I (Pages 1 - 196)

17

18

19

20

21    Reported by:

22    Natalie Y. Botelho

23    CSR No. 9897

24

25    Job No. 5929710

                                           Page 1

1              IN THE UNITED STATES DISTRICT COURT

2              FOR THE WESTERN DISTRICT OF TEXAS

3                        WACO DIVISION

4

5    WSOU INVESTMENTS, LLC d/b/a

     BRAZOS LICENSING &

6    DEVELOPMENT,

7                        Plaintiff,

8       vs.                        No. 6:20-cv-00580-ADA

9    GOOGLE LLC,

10                       Defendant.

     _____/

11

12

13

14           Videotaped deposition of TIBOR KOZEK,

15   Ph.D., Volume I, taken on behalf of Defendant, at 1

16   Kaiser Plaza, Suite 250, Oakland, California,

17   beginning at 9:23 a.m. and ending at 3:52 p.m. on

18   Wednesday, May 24, 2023, before NATALIE Y. BOTELHO,

19   Certified Shorthand Reporter No. 9897.

20

21

22

23

24

25

                                           Page  2

```
 1     APPEARANCES:
 2
 3     For Plaintiffs:
 4              FOLIO LAW GROUP PLLC
                BY:  C. MACLAIN WELLS, ESQ.
 5              BY:  JOSEPH M. ABRAHAM, ESQ. (via Zoom)
                BY:  TIM DEWBERRY, ESQ. (via Zoom)
 6              1200 Westlake Avenue N., Suite 8
                Seattle, WA 98109
 7              (206)880-1802
                maclain@foliolaw.com
 8              joseph.abraham@foliolaw.com
                timothy.dewberry@foliolaw.com
 9
       For Defendants:
10
                WARREN LEX LLP
11              BY:  MATT WARREN, ESQ.
                BY:  FRANCESCA GERMINARIO, ESQ.
12              2261 Market Street, Suite 606
                San Francisco, CA  94114
13              (415)895-2928
                matt@warrenlex.com
14              francesca@warrenlex.com
15
16     Also Present:
17              NEIL GEORGE, Videographer
18
19
20
21
22
23
24
25
```

Page 3

| | | |
|---|---|---|
| 1 | A.        I believe that is correct. | 09:50:25 |
| 2 | Q.        Okay.  And all of the items in -- withdraw | 09:50:27 |
| 3 | that. | 09:50:30 |
| 4 |          The pieces of prior art that Dr. Schonfeld | 09:50:33 |
| 5 | talked about in his report all scanned barcodes, | 09:50:36 |
| 6 | correct? | 09:50:40 |
| 7 |          MR. WELLS:  Objection; compound. | 09:50:41 |
| 8 |          THE WITNESS:  Dr. Schonfeld's report | 09:50:45 |
| 9 | refers to devices that perform similar | 09:50:47 |
| 10 | functionality. | 09:50:50 |
| 11 |          MR. WARREN:  Q.  Okay.  They all scan | 09:50:51 |
| 12 | barcodes, correct? | 09:50:52 |
| 13 | A.        The references describe method that -- | 09:50:57 |
| 14 | methods that are intended to scan barcodes. | 09:51:00 |
| 15 | Q.        That's fair.  And all of the prior art | 09:51:03 |
| 16 | references that Dr. Schonfeld discusses in his | 09:51:07 |
| 17 | report scan barcodes, but you have opined that none | 09:51:10 |
| 18 | of them practice the '491 patent, correct? | 09:51:13 |
| 19 | A.        That is correct. | 09:51:17 |
| 20 | Q.        Okay.  So we can agree that there are many | 09:51:17 |
| 21 | ways to scan barcodes that do not practice the '491 | 09:51:20 |
| 22 | patent, correct? | 09:51:22 |
| 23 |          MR. WELLS:  Objection; vague. | 09:51:24 |
| 24 |          THE WITNESS:  There could be methods that | 09:51:26 |
| 25 | perform the same functionality and do barcode | 09:51:31 |

Page 28

| | | |
|---|---|---|
| 1 | recognition without the use of the '491 patent. | 09:51:36 |
| 2 | MR. WARREN:  Q.  And indeed, there are, | 09:51:39 |
| 3 | because Dr. Schonfeld talked about them, and you | 09:51:41 |
| 4 | have opined that they do not practice the '491 | 09:51:43 |
| 5 | patent, correct? | 09:51:46 |
| 6 | MR. WELLS:  Objection; asked and answered, | 09:51:48 |
| 7 | argumentative. | 09:51:49 |
| 8 | THE WITNESS:  The methods presented in | 09:51:55 |
| 9 | Dr. Schonfeld's report as prior art do not practice | 09:51:57 |
| 10 | the '491 patent. | 09:52:01 |
| 11 | MR. WARREN:  Q.  But they do all scan | 09:52:03 |
| 12 | barcodes, correct? | 09:52:04 |
| 13 | A.      They purport to be suitable for barcode | 09:52:05 |
| 14 | scanning. | 09:52:08 |
| 15 | Q.      And so it is your opinion that if someone | 09:52:11 |
| 16 | were to implement any of the prior art references in | 09:52:14 |
| 17 | Dr. Schonfeld's report in the present day, that | 09:52:19 |
| 18 | person would not practice the '491 patent, correct? | 09:52:22 |
| 19 | MR. WELLS:  Objection; improper -- | 09:52:29 |
| 20 | incomplete hypothetical, and calls for a legal | 09:52:29 |
| 21 | conclusion.  Also, outside of scope. | 09:52:32 |
| 22 | MR. WARREN:  Q.  You may answer. | 09:52:36 |
| 23 | A.      I believe that those prior art implemented | 09:52:39 |
| 24 | could potentially perform barcode detection. | 09:52:45 |
| 25 | Q.      So I asked a different question.  What I | 09:52:52 |

Page 29

| | | |
|---|---|---|
| 1 | was trying to ask was, it is your opinion that if | 09:52:54 |
| 2 | someone were to implement any of the prior art | 09:53:00 |
| 3 | references that Dr. Schonfeld described in his | 09:53:04 |
| 4 | invalidity report in the present day, that | 09:53:06 |
| 5 | implementation would not practice the '491 patent, | 09:53:10 |
| 6 | correct? | 09:53:14 |
| 7 | MR. WELLS:  Objection; incomplete | 09:53:15 |
| 8 | hypothetical, calls for a legal conclusion, and | 09:53:16 |
| 9 | outside of the scope. | 09:53:19 |
| 10 | THE WITNESS:  My opinion is, sitting here | 09:53:25 |
| 11 | today, is that if somebody implemented those methods | 09:53:26 |
| 12 | today and those were, in fact, functional, then you | 09:53:30 |
| 13 | would have an instantiation that does not infringe | 09:53:38 |
| 14 | the '491 patent. | 09:53:44 |
| 15 | MR. WARREN:  Q.  Thank you.  That's very | 09:53:46 |
| 16 | helpful.  The patent does not claim to invent any | 09:53:46 |
| 17 | particular barcode format, correct? | 09:53:50 |
| 18 | A.      As I understand, the patent does not claim | 09:53:58 |
| 19 | the invention of any specific barcode format. | 09:54:04 |
| 20 | Q.      Okay.  And the patent doesn't claim any | 09:54:06 |
| 21 | technique in particular for reading any barcode, | 09:54:12 |
| 22 | correct? | 09:54:15 |
| 23 | A.      The patent proposes a specific set of | 09:54:22 |
| 24 | methods for performing that function. | 09:54:25 |
| 25 | Q.      Perhaps I wasn't clear.  The patent | 09:54:28 |

Page 30

| | | |
|---|---|---|
| 1 | current barcode reading method, correct? | 10:26:09 |
| 2 | A.      That's what it says, correct. | 10:26:11 |
| 3 | Q.      And if successful, the output of that | 10:26:12 |
| 4 | decoding function will be symbolic data, correct? | 10:26:15 |
| 5 | MR. WELLS:  Objection; misstates the | 10:26:20 |
| 6 | document, outside of scope. | 10:26:22 |
| 7 | THE WITNESS:  The decoding step outputs | 10:26:26 |
| 8 | symbolic data. | 10:26:33 |
| 9 | MR. WARREN:  Q.  And the input of step 1d | 10:26:34 |
| 10 | is the input image, correct? | 10:26:36 |
| 11 | MR. WELLS:  Objection; vague and | 10:26:38 |
| 12 | ambiguous, incomplete hypothetical, outside of | 10:26:38 |
| 13 | scope. | 10:26:42 |
| 14 | THE WITNESS:  Within the logic of the '491 | 10:26:51 |
| 15 | patent, the input of decoding is the successful | 10:26:53 |
| 16 | processed input image because it is done in response | 10:27:02 |
| 17 | to the processing of the input image being | 10:27:08 |
| 18 | successful. | 10:27:10 |
| 19 | MR. WARREN:  Q.  So the patent says -- I | 10:27:16 |
| 20 | just want to make sure I understand.  The patent | 10:27:19 |
| 21 | says, "attempting a decode of the input image," | 10:27:21 |
| 22 | right?  That's in quotes, "the input image."  You | 10:27:23 |
| 23 | see that? | 10:27:26 |
| 24 | A.      Yes. | 10:27:27 |
| 25 | MR. WELLS:  Objection; misstates -- | 10:27:27 |

Page 50

| | | |
|---|---|---|
| 1 | little bit because you want to make sure that I | 10:30:04 |
| 2 | understand that the input image in step 1d has | 10:30:08 |
| 3 | already been processed, correct? | 10:30:11 |
| 4 | MR. WELLS:  Objection; misstates | 10:30:14 |
| 5 | testimony. | 10:30:15 |
| 6 | THE WITNESS:  Step 1d states that the | 10:30:22 |
| 7 | decoding is attempted as a consequence of successful | 10:30:24 |
| 8 | processing of the input image. | 10:30:29 |
| 9 | MR. WARREN:  Q.  So by the time we get to | 10:30:31 |
| 10 | attempting a decode of the input image, the input | 10:30:33 |
| 11 | image that we're talking about has already been | 10:30:36 |
| 12 | successfully processed, correct? | 10:30:38 |
| 13 | MR. WELLS:  Objection; misstates the | 10:30:41 |
| 14 | testimony -- the document. | 10:30:42 |
| 15 | THE WITNESS:  1d states that decoding is | 10:30:49 |
| 16 | attempted after successful processing of the input | 10:30:53 |
| 17 | image. | 10:30:58 |
| 18 | MR. WARREN:  Q.  And so is the input image | 10:30:59 |
| 19 | that 1d is attempting to decode the processed input | 10:31:01 |
| 20 | image, in your opinion? | 10:31:04 |
| 21 | MR. WELLS:  Objection; vague and | 10:31:07 |
| 22 | ambiguous, calls for a legal conclusion. | 10:31:07 |
| 23 | THE WITNESS:  1d says that the attempt at | 10:31:16 |
| 24 | decoding is made in response to the input image | 10:31:19 |
| 25 | having been successfully processed. | 10:31:24 |

Page 53

| | | |
|---|---|---|
| 1 | ambiguous, outside of scope. | 11:36:38 |
| 2 | THE WITNESS:  The claim language says that | 11:36:47 |
| 3 | the processing of -- that success of the processing | 11:36:50 |
| 4 | is determined based on the completion of the | 11:36:55 |
| 5 | correction steps.  Correction step may fail, and | 11:37:00 |
| 6 | therefore, it would result in the need to return a | 11:37:08 |
| 7 | unsuccessful result for the processing. | 11:37:16 |
| 8 | MR. WARREN:  Q.  And if the correction | 11:37:20 |
| 9 | step results in a manipulation of image data that | 11:37:21 |
| 10 | would increase the speed and accuracy of the barcode | 11:37:26 |
| 11 | reading, that would be a successful correction, | 11:37:29 |
| 12 | correct? | 11:37:31 |
| 13 | MR. WELLS:  Objection; misstates the | 11:37:32 |
| 14 | document, outside of scope. | 11:37:34 |
| 15 | THE WITNESS:  The purpose of correction is | 11:37:37 |
| 16 | to improve the data, which in turn is measured by | 11:37:41 |
| 17 | the speed and accuracy of the recognition process. | 11:37:45 |
| 18 | In turn, success of processing is dependent on the | 11:37:57 |
| 19 | correct -- the completion of the correction steps. | 11:38:03 |
| 20 | MR. WARREN:  Q.  And so if someone in step | 11:38:10 |
| 21 | 1a performs a correction on the input image and that | 11:38:11 |
| 22 | correction results in a manipulation of image data | 11:38:20 |
| 23 | that would improve speed and accuracy of barcode | 11:38:23 |
| 24 | reading, would that, in your view, be determined in | 11:38:26 |
| 25 | step 1b to be successful processing of the input | 11:38:31 |

Page 88

| | | |
|---|---|---|
| 1 | image? | 11:38:36 |
| 2 | MR. WELLS:  Objection; incomplete | 11:38:37 |
| 3 | hypothetical, outside of scope. | 11:38:39 |
| 4 | THE WITNESS:  1b states that the | 11:38:45 |
| 5 | determination is made based on whether or not the | 11:38:46 |
| 6 | correction step is completed.  That's all it says. | 11:38:51 |
| 7 | MR. WARREN:  Q.  So in your view, the | 11:39:01 |
| 8 | patent doesn't require a particular outcome of the | 11:39:02 |
| 9 | determining step for a correction that results in a | 11:39:12 |
| 10 | manipulation of image data that would improve speed | 11:39:20 |
| 11 | and accuracy of barcode reading? | 11:39:26 |
| 12 | MR. WELLS:  Objection; vague and | 11:39:29 |
| 13 | ambiguous, outside of scope. | 11:39:29 |
| 14 | THE WITNESS:  Step 1b calls for the | 11:39:34 |
| 15 | determination whether or not the processing is | 11:39:36 |
| 16 | successful.  That determination is used to select | 11:39:39 |
| 17 | the next step in the algorithm. | 11:39:46 |
| 18 | MR. WARREN:  Q.  I understand that.  I'm | 11:39:51 |
| 19 | trying to understand the relationship between 1b and | 11:39:52 |
| 20 | 1a.  And so you testified previously that a | 11:39:54 |
| 21 | correction was intended -- withdraw that. | 11:39:57 |
| 22 | You testified previously that a correction | 11:39:59 |
| 23 | is any manipulation of image data that would improve | 11:40:01 |
| 24 | speed and accuracy of barcode reading, correct? | 11:40:04 |
| 25 | MR. WELLS:  Objection; vague. | 11:40:09 |

Page 89

| 1 | with different -- with different steps to follow. | 11:45:09 |
| 2 | It's normally a function call that returns if it's a | 11:45:18 |
| 3 | software implementation. | 11:45:22 |
| 4 | MR. WARREN:  Q.  When you say "different | 11:45:24 |
| 5 | steps to follow," I don't totally understand what | 11:45:25 |
| 6 | you mean. | 11:45:27 |
| 7 | A.      It's a branch point in the code.  That's | 11:45:27 |
| 8 | the -- that's the point I'm trying to make.  The | 11:45:31 |
| 9 | deter- -- when it says "determination," that's an | 11:45:33 |
| 10 | if/then in software, or it could be a single bit if | 11:45:36 |
| 11 | it's implemented in hardware. | 11:45:40 |
| 12 | Q.      I see.  Okay.  That's helpful. | 11:45:42 |
| 13 | All right.  It is quarter of 12:00.  I | 11:45:46 |
| 14 | think it's been an hour. | 11:45:54 |
| 15 | THE VIDEOGRAPHER:  Yes. | 11:45:56 |
| 16 | MR. WELLS:  Why don't we go off the record | 11:45:57 |
| 17 | and we can discuss lunch. | 11:45:59 |
| 18 | MR. WARREN:  Yeah, I was going to say we | 11:46:01 |
| 19 | can go off the record and discuss lunch. | 11:46:02 |
| 20 | THE VIDEOGRAPHER:  The time is 11:46 a.m. | 11:46:04 |
| 21 | We are now off the record. | 11:46:05 |
| 22 | (Recess taken from 11:46 a.m. to | 12:30:28 |
| 23 | 12:30 p.m.) | 12:30:28 |
| 24 | THE VIDEOGRAPHER:  Time is 12:30 p.m.  We | 12:30:37 |
| 25 | are back on the record. | 12:30:39 |

Page 92

| | | |
|---|---|---|
| 1 | A.        Allow me some time here. | 12:34:44 |
| 2 | Q.        Take your time.  It's really just, I | 12:34:45 |
| 3 | think, Paragraphs 72 through 76, because then you | 12:34:47 |
| 4 | move on to Claim 2, but take your time. | 12:34:50 |
| 5 | (Pause.) | 12:38:10 |
| 6 | MR. WARREN:  Q.  I can't tell from the | 12:41:18 |
| 7 | body language if you're ready.  Are you ready? | 12:41:19 |
| 8 | A.        I am. | 12:41:21 |
| 9 | Q.        Perfect. | 12:41:22 |
| 10 | Can you read back the question again. | 12:41:31 |
| 11 | (Record read.) | 12:41:47 |
| 12 | THE WITNESS:  In my response to his | 12:41:52 |
| 13 | report, I'm only reacting to the Claim 1 statements, | 12:41:54 |
| 14 | correct. | 12:42:01 |
| 15 | MR. WARREN:  Q.  Claim 1c is the element | 12:42:02 |
| 16 | that I'm talking about, so I'll ask the question | 12:42:04 |
| 17 | again.  I just want to make sure we agree that in | 12:42:06 |
| 18 | your response to Dr. Schonfeld on Claim 1, the | 12:42:09 |
| 19 | challenge that you make is limited to failure to | 12:42:13 |
| 20 | disclose claim limitation 1c in your opinion; is | 12:42:17 |
| 21 | that correct? | 12:42:21 |
| 22 | A.        In the report I'm dealing with Claim 1/1c | 12:42:21 |
| 23 | as a sufficient basis to show that his findings are | 12:42:33 |
| 24 | different from mine. | 12:42:40 |
| 25 | Q.        Sure.  Sorry.  Did I -- were you finished | 12:42:42 |

Page 95

| | | |
|---|---|---|
| 1 | and barcode decoding, and at that point it returns | 12:48:01 |
| 2 | the barcode result. | 12:48:09 |
| 3 | MR. WARREN:  Q.  And doesn't practice | 12:48:11 |
| 4 | Claim 1c because there's no ability to switch in | 12:48:15 |
| 5 | response to the processing of the input image being | 12:48:24 |
| 6 | unsuccessful, correct? | 12:48:26 |
| 7 | MR. WELLS:  Objection; vague. | 12:48:32 |
| 8 | THE WITNESS:  1c talks about the | 12:48:54 |
| 9 | processing being unsuccessful.  That is a decision | 12:48:55 |
| 10 | point prior to decoding as it's described in Patent | 12:49:00 |
| 11 | '491.  That decision point simply does not exist in | 12:49:05 |
| 12 | the Kotlarsky reference. | 12:49:11 |
| 13 | MR. WARREN:  Okay.  Let's mark as | 12:49:13 |
| 14 | Exhibit 3.  Exhibit 3. | 12:49:14 |
| 15 | (Whereupon Exhibit 3 was marked for | 12:49:35 |
| 16 | identification.) | 12:49:35 |
| 17 | MR. WARREN:  Exhibit 3 is a copy of Figure | 12:49:36 |
| 18 | 6 from the '491 patent.  It has Bates No. | 12:49:38 |
| 19 | WSOU_580_7946491-331. | 12:49:40 |
| 20 | Q.    Feel free to compare it.  I honestly just | 12:49:48 |
| 21 | want you to have it as a separate piece of paper so | 12:49:49 |
| 22 | you can hold it next to the claims without paging | 12:49:51 |
| 23 | back and forth in your document.  So if you could do | 12:49:54 |
| 24 | that for me.  Feel free to check if you want to make | 12:49:56 |
| 25 | sure that I haven't given you a figure that's from | 12:50:03 |

Page 99

| | | |
|---|---|---|
| 1 | somewhere else, but rest assured this is the figure | 12:50:05 |
| 2 | from '491 patent.  So are you familiar with Figure | 12:50:07 |
| 3 | 6? | 12:50:11 |
| 4 | A.        I have at some point looked at Figure 6. | 12:50:13 |
| 5 | Q.        You mention that there have to be two | 12:50:17 |
| 6 | decision points, one before processing -- I'm | 12:50:19 |
| 7 | sorry -- one after processing and one after | 12:50:24 |
| 8 | decoding; is that correct? | 12:50:25 |
| 9 | A.        1c specifically in Patent '491 refers to a | 12:50:26 |
| 10 | decision point in response to the processing the | 12:50:36 |
| 11 | input image being unsuccessful. | 12:50:43 |
| 12 | Q.        Okay.  And that decision point in Figure 6 | 12:50:47 |
| 13 | is Item 210, correct? | 12:50:48 |
| 14 | MR. WELLS:  Objection; vague and | 12:50:52 |
| 15 | ambiguous, and outside the scope. | 12:50:52 |
| 16 | THE WITNESS:  The way I would put it, the | 12:51:42 |
| 17 | 210 matches the language 1c. | 12:51:43 |
| 18 | MR. WARREN:  Q.  Okay.  And 230 matches | 12:51:48 |
| 19 | the language of 1e, correct? | 12:51:49 |
| 20 | MR. WELLS:  Objection; vague and | 12:52:00 |
| 21 | ambiguous, outside of scope. | 12:52:00 |
| 22 | THE WITNESS:  Inasmuch as 230 refers to | 12:52:11 |
| 23 | the decoding, the success of the decoding, yes, it | 12:52:15 |
| 24 | corresponds to 1e. | 12:52:20 |
| 25 | MR. WARREN:  Q.  And so to practice Claim | 12:52:22 |

Page 100

| | | |
|---|---|---|
| 1 | 1, you must have both decision points, the decision | 12:52:26 |
| 2 | point in 210 and the decision point in 230, correct? | 12:52:31 |
| 3 | MR. WELLS:  Objection; misstates the | 12:52:36 |
| 4 | document, calls for a legal conclusion, and outside | 12:52:37 |
| 5 | of scope. | 12:52:40 |
| 6 | THE WITNESS:  Patent '291 (sic) and its 1c | 12:52:48 |
| 7 | and 1e subsections describes two separate decision | 12:52:51 |
| 8 | points. | 12:52:59 |
| 9 | MR. WARREN:  Q.  And in Figure 6 -- | 12:53:00 |
| 10 | withdraw that. | 12:53:26 |
| 11 | And that is also true of Claim 13, | 12:53:28 |
| 12 | correct? | 12:53:33 |
| 13 | A.     Can you restate? | 12:53:39 |
| 14 | Q.     Yes.  You testified, I believe, that Claim | 12:53:40 |
| 15 | 1 requires two decision points, in 1c and 1e, and | 12:53:44 |
| 16 | that those decision points appear in Figure 6 at | 12:53:51 |
| 17 | Item 210 and 230.  Do I understand your testimony | 12:53:54 |
| 18 | correctly? | 12:53:58 |
| 19 | MR. WELLS:  Objection; misstates | 12:53:58 |
| 20 | testimony, and calls for a legal conclusion, and | 12:53:59 |
| 21 | outside of scope. | 12:54:02 |
| 22 | THE WITNESS:  I stated that the flow | 12:54:09 |
| 23 | diagram on -- in Figure 6, Box 210 corresponds to | 12:54:14 |
| 24 | the language in Claim 1c.  And I further stated -- | 12:54:19 |
| 25 | agreed that Box 230, which depicts a decision point | 12:54:25 |

Page 101

| 1 | based on the success of decoding, corresponds with | 12:54:33 |
|---|---|---|
| 2 | Claim 1e. | 12:54:38 |
| 3 | MR. WARREN:  Q.  And is that also true | 12:54:41 |
| 4 | with regard to Claim 13?  Do you agree with me that | 12:54:45 |
| 5 | Box 210 corresponds to the language in 13c, a third | 12:54:49 |
| 6 | executable portion for switching to one of a | 12:54:55 |
| 7 | different barcode reading method or processing a new | 12:54:57 |
| 8 | frame of the input image using the current barcode | 12:55:00 |
| 9 | reading method in response to the processing of the | 12:55:03 |
| 10 | input image being unsuccessful? | 12:55:05 |
| 11 | MR. WELLS:  Objection; calls for a legal | 12:55:08 |
| 12 | conclusion, outside of scope. | 12:55:09 |
| 13 | THE WITNESS:  I would concur that 13c -- | 12:55:46 |
| 14 | the language in 13c describes a decision point based | 12:55:54 |
| 15 | on the processing being successful or unsuccessful, | 12:56:02 |
| 16 | which is what Figure 6, Box 210, also states. | 12:56:08 |
| 17 | MR. WARREN:  Q.  And I should note, if you | 12:56:15 |
| 18 | could turn to Paragraph 127 of your report for me | 12:56:16 |
| 19 | regarding independent Claim 13, it says, "I note | 12:56:21 |
| 20 | that this claim corresponds in a" -- "substantively | 12:56:33 |
| 21 | similar to Claim 1 which I have analyzed above, | 12:56:36 |
| 22 | differing only because Claim 13 is a | 12:56:39 |
| 23 | computer-readable medium claim while Claim 1 is a | 12:56:41 |
| 24 | method claim. | 12:56:43 |
| 25 | Furthermore, Dr. Schonfeld's analysis of | 12:56:44 |

Page 102

| | | |
|---|---|---|
| 1 | corresponds, along with 13e and 1e, to Box 230 in | 13:00:59 |
| 2 | Figure 6, correct? | 13:01:03 |
| 3 | MR. WELLS:  Objection; vague, outside of | 13:01:05 |
| 4 | scope. | 13:01:06 |
| 5 | THE WITNESS:  The decision point described | 13:01:11 |
| 6 | in 1c in response to the decoding being successful | 13:01:13 |
| 7 | or unsuccessful corresponds to Section 13e and 25e | 13:01:19 |
| 8 | describing the same decision point. | 13:01:26 |
| 9 | MR. WARREN:  Q.  I think you may have | 13:01:30 |
| 10 | misspoken.  I think you were trying to say that 1e, | 13:01:30 |
| 11 | 13e, and 25e all correspond to Box 230 in Figure 6, | 13:01:33 |
| 12 | correct? | 13:01:37 |
| 13 | MR. WELLS:  Objection; misstates | 13:01:38 |
| 14 | testimony, outside of scope. | 13:01:39 |
| 15 | THE WITNESS:  All of these refer to a | 13:01:43 |
| 16 | decision point in response to the decoding being | 13:01:44 |
| 17 | successful or unsuccessful. | 13:01:50 |
| 18 | MR. WARREN:  Q.  Okay.  And so you can't | 13:01:52 |
| 19 | practice Claim 1, Claim 13, or Claim 25 without | 13:01:55 |
| 20 | having the two decision points corresponding to 210 | 13:02:00 |
| 21 | and 230 in Figure 6, correct? | 13:02:03 |
| 22 | MR. WELLS:  Objection; outside of scope. | 13:02:07 |
| 23 | THE WITNESS:  Claims 1, 13, and 25 all | 13:02:16 |
| 24 | include a decision point depending on the success of | 13:02:18 |
| 25 | decoding. | 13:02:25 |

Page 105

| | | |
|---|---|---|
| 1 | MR. WARREN:   Q.   And so the answer to my | 13:02:26 |
| 2 | question is, you can't -- withdraw that. | 13:02:28 |
| 3 | You can't practice Claim 1, Claim 13, or | 13:02:31 |
| 4 | Claim 25 without including both the decision point | 13:02:33 |
| 5 | labeled 210 in Figure 6 and the decision point | 13:02:38 |
| 6 | labeled 230 in Figure 6, correct? | 13:02:42 |
| 7 | MR. WELLS:   Objection; misstates | 13:02:44 |
| 8 | testimony, outside of scope, and calls for a legal | 13:02:45 |
| 9 | conclusion. | 13:02:49 |
| 10 | THE WITNESS:   Claims 1, 13, and 25 both | 13:02:52 |
| 11 | describe -- all describe a decision point based on | 13:02:56 |
| 12 | the success of the processing and another decision | 13:03:01 |
| 13 | point describing based on the success of decoding. | 13:03:06 |
| 14 | MR. WARREN:   Q.   And so, again, your | 13:03:10 |
| 15 | argument in this invalidity report is that Kotlarsky | 13:03:12 |
| 16 | does not practice the '491 patent, either Claim 1, | 13:03:16 |
| 17 | Claim 13, or Claim 25, because it does not include | 13:03:20 |
| 18 | both the decision point corresponding to 210 in | 13:03:25 |
| 19 | Figure 6 and the decision point corresponding to 230 | 13:03:28 |
| 20 | in Figure 6; is that correct? | 13:03:31 |
| 21 | A.      My -- | 13:03:34 |
| 22 | MR. WELLS:   Objection; misstates | 13:03:35 |
| 23 | testimony. | 13:03:36 |
| 24 | THE WITNESS:   My opinion as presented in | 13:03:36 |
| 25 | the report in Section 73 is that the 1c decision | 13:03:58 |

Page 106

```
 1            MR. WELLS:  Objection; misstates          13:06:05

 2   testimony, asked and answered, and also outside of   13:06:06

 3   scope.                                               13:06:09

 4            THE WITNESS:  My opinion is that the       13:06:09

 5   decision point 1c is not reflected in the Kotlarsky  13:06:19

 6   reference, and therefore, it does not disclose the   13:06:24

 7   entirety of the '291 patent (sic).                   13:06:28

 8            MR. WARREN:  Q.  And that's true for 13c    13:06:32

 9   and 25c as well, correct?                            13:06:33

10   A.        By inclusion of Section 73 of my report,   13:06:36

11   yes.                                                 13:06:38

12   Q.        Okay.  And so it is your opinion that one  13:06:40

13   cannot practice either Claim 1, Claim 13, or Claim   13:06:46

14   25 of the '491 patent without including the separate 13:06:50

15   decision point in Box 210 of Figure 6, correct?      13:06:58

16            MR. WELLS:  Objection; misstates            13:07:02

17   testimony, asked and answered, and outside of scope. 13:07:03

18            THE WITNESS:  The opinion that I was asked  13:07:09

19   to formulate is whether the Kotlarsky reference      13:07:11

20   presents -- discloses or not the method disclosed in 13:07:18

21   Patent '491, and my conclusion is -- my opinion is   13:07:23

22   that it does not, and as stated, it's enough to show 13:07:28

23   that even one element of the '491 method is omitted, 13:07:35

24   and the one specifically called out in my report is  13:07:40

25   Element 1c.                                          13:07:44
```

Page 108

| | | |
|---|---|---|
| 1 | including all steps, yeah. | 13:15:03 |
| 2 | MR. WARREN:  Q.  Okay.  And one of those | 13:15:05 |
| 3 | steps is Step 1c, Step 13c, Step -- | 13:15:06 |
| 4 | A.      One of those steps is -- | 13:15:10 |
| 5 | Q.      Wait.  You got to let me finish. | 13:15:11 |
| 6 | A.      Sorry. | 13:15:12 |
| 7 | Q.      One of those steps is Step 1c, Step 13c, | 13:15:13 |
| 8 | and Step 25c, correct? | 13:15:16 |
| 9 | A.      That is correct. | 13:15:18 |
| 10 | Q.      And to practice Steps 1c, 13c, and 25c, | 13:15:19 |
| 11 | one must include the decision point that is | 13:15:23 |
| 12 | referenced in Box 210 of Figure 6, correct? | 13:15:28 |
| 13 | MR. WELLS:  Objection; misstates | 13:15:31 |
| 14 | testimony, outside of scope, mischaracterizes the | 13:15:32 |
| 15 | document, and asked and answered. | 13:15:36 |
| 16 | THE WITNESS:  In order to practice the | 13:15:43 |
| 17 | '291 patent (sic), the instantiation has to include | 13:15:44 |
| 18 | a step that corresponds to the decision point in | 13:15:50 |
| 19 | response to the processing being successful or | 13:15:59 |
| 20 | unsuccessful. | 13:16:02 |
| 21 | MR. WARREN:  Q.  And you mean the '491 | 13:16:03 |
| 22 | patent, correct? | 13:16:05 |
| 23 | A.      '491. | 13:16:07 |
| 24 | Q.      You said "'291." | 13:16:08 |
| 25 | A.      Sorry. | 13:16:09 |

Page 115

| | | |
|---|---|---|
| 1 | Q.       That's okay.  And that's true for Claim 1, | 13:16:09 |
| 2 | for Claim 13, and for Claim 25, correct? | 13:16:12 |
| 3 | A.       That is correct. | 13:16:16 |
| 4 | Q.       Okay.  And those are the only independent | 13:16:16 |
| 5 | claims asserted in this action, correct? | 13:16:19 |
| 6 | A.       To the best of my knowledge, those are the | 13:16:23 |
| 7 | claims I asserted. | 13:16:26 |
| 8 | Q.       I'll refer you back to the table of | 13:16:28 |
| 9 | contents if you want to be certain.  You can look at | 13:16:30 |
| 10 | page little i -- little double i. | 13:16:32 |
| 11 | A.       Which document are you referring to? | 13:16:50 |
| 12 | Q.       I want you to confirm that the -- withdraw | 13:16:52 |
| 13 | that. | 13:16:54 |
| 14 | Do you agree with me that the only | 13:16:54 |
| 15 | independent claims WSOU has asserted in this action | 13:16:56 |
| 16 | are Claims 1, 13, and 25? | 13:17:00 |
| 17 | A.       I agree with that. | 13:17:04 |
| 18 | Q.       Okay.  And to practice any of the | 13:17:05 |
| 19 | dependent claims, you must also practice the | 13:17:10 |
| 20 | limitations of the independent claim, correct? | 13:17:13 |
| 21 | A.       To practice the dependent -- any dependent | 13:17:23 |
| 22 | claim would require the independent claims | 13:17:31 |
| 23 | disclosures to be followed, yes. | 13:17:37 |
| 24 | Q.       Okay.  And so to practice any claim | 13:17:39 |
| 25 | asserted in this action, you must have the decision | 13:17:40 |

Page 116

| | | |
|---|---|---|
| 1 | point corresponding to Box 210 in Figure 6, correct? | 13:17:44 |
| 2 | MR. WELLS:  Objection; misstates | 13:17:48 |
| 3 | testimony, misstates the document, argumentative, | 13:17:49 |
| 4 | and asked and answered repeatedly. | 13:17:52 |
| 5 | THE WITNESS:  They have to be including | 13:17:55 |
| 6 | the Claims 1c, 13c, and 25c. | 13:17:58 |
| 7 | MR. WARREN:  Q.  And that's true for all | 13:18:05 |
| 8 | claims asserted in this action, correct? | 13:18:06 |
| 9 | A.       All dependent claims of Claim 1, Claim 13, | 13:18:13 |
| 10 | and Claim 25 would include the independent claims by | 13:18:18 |
| 11 | implication. | 13:18:27 |
| 12 | Q.       Would include the elements of the | 13:18:28 |
| 13 | independent claim, correct? | 13:18:30 |
| 14 | A.       It would include the elements disclosed in | 13:18:32 |
| 15 | the independent claim. | 13:18:35 |
| 16 | Q.       Okay.  So just to make 100% sure, to | 13:18:36 |
| 17 | practice any claim asserted in this action, you | 13:18:39 |
| 18 | would have to include the decision point referenced | 13:18:42 |
| 19 | in Box 210 of Figure 6 of the '491 patent, correct? | 13:18:46 |
| 20 | MR. WELLS:  Objection; misstates the | 13:18:50 |
| 21 | testimony, misstates the document, argumentative, | 13:18:53 |
| 22 | and asked and answered repeatedly again. | 13:18:54 |
| 23 | THE WITNESS:  My statement about this was | 13:18:58 |
| 24 | that they have to include the language in -- or an | 13:18:59 |
| 25 | instantiation corresponding to the language 1c, 13c | 13:19:04 |

Page 117

```
1                    CERTIFICATE OF REPORTER
2
3            I, Natalie Y. Botelho, a Certified
4    Shorthand Reporter, hereby certify that the witness
5    in the foregoing deposition was by me duly sworn to
6    tell the truth, the whole truth, and nothing but the
7    truth in the within-entitled.
8            The said deposition was taken down in
9    shorthand by me, a disinterested person, at the time
10   and place therein stated, and that the testimony of
11   said witness was thereafter reduced to typewriting,
12   by computer, under my direction and supervision;
13           That before completion of the deposition,
14   review of the transcript [ ] was|[X] was not
15   requested.  If requested, any changes made by the
16   deponent (and provided to the reporter) during the
17   period allowed are appended hereto.
18           I further certify that I am not of counsel
19   or attorney for either or any of the parties to the
20   said deposition, nor in any way interested in the
21   event of this cause, and that I am not related to
22   any of the parties thereto.
                 DATED: June 10, 2023
23
24
                 Natalie Y. Botelho, CSR No. 9897
25

                                            Page 193
```

1    MATT WARREN, ESQ.

2    matt@warrenlex.com

3                                    JUNE 10, 2023

4    RE: WSOU INVESTMENTS, LLC v. GOOGLE LLC

5    MAY 24, 2023, TIBOR KOZEK, Ph.D., JOB NO. 5929710

6    The above-referenced transcript has been

7    completed by Veritext Legal Solutions and

8    review of the transcript is being handled as follows:

9    ___ Per CA State Code (CCP 2025.520 (a)-(e)) - Contact Veritext

10       to schedule a time to review the original transcript at

11       a Veritext office.

12   ___ Per CA State Code (CCP 2025.520 (a)-(e)) - Locked .PDF

13       Transcript - The witness should review the transcript and

14       make any necessary corrections on the errata pages included

15       below, noting the page and line number of the corrections.

16       The witness should then sign and date the errata and penalty

17       of perjury pages and return the completed pages to all

18       appearing counsel within the period of time determined at

19       the deposition or provided by the Code of Civil Procedure.

20   ___ Waiving the CA Code of Civil Procedure per Stipulation of

21       Counsel - Original transcript to be released for signature

22       as determined at the deposition.

23   ___ Signature Waived - Reading & Signature was waived at the

24       time of the deposition.

25

                                              Page 194

1    __ Federal R&S Requested (FRCP 30(e)(1)(B)) - Locked .PDF

2       Transcript - The witness should review the transcript and

3       make any necessary corrections on the errata pages included

4       below, notating the page and line number of the corrections.

5       The witness should then sign and date the errata and penalty

6       of perjury pages and return the completed pages to all

7       appearing counsel within the period of time determined at

8       the deposition or provided by the Federal Rules.

9    _X_Federal R&S Not Requested - Reading & Signature was not

10      requested before the completion of the deposition.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 195

```
1    WSOU INVESTMENTS, LLC v. GOOGLE LLC

2    TIBOR KOZEK, Ph.D., JOB NO. 5929710

3                    E R R A T A   S H E E T

4    PAGE_____ LINE_____ CHANGE_____

5    _____

6    REASON_____

7    PAGE_____ LINE_____ CHANGE_____

8    _____

9    REASON_____

10   PAGE_____ LINE_____ CHANGE_____

11   _____

12   REASON_____

13   PAGE_____ LINE_____ CHANGE_____

14   _____

15   REASON_____

16   PAGE_____ LINE_____ CHANGE_____

17   _____

18   REASON_____

19   PAGE_____ LINE_____ CHANGE_____

20   _____

21   REASON_____

22

23   _____       _____

24   WITNESS                                Date

25
```

Page 196