IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a<br>BRAZOS LICENSING AND<br>DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | § § § § § § § § § § § § | **PUBLIC VERSION**<br><br>Case No. 6:20-cv-580-ADA<br><br>JURY TRIAL DEMANDED |

## MOTION TO EXCLUDE TESTIMONY OF WSOU TECHNICAL EXPERT DR. TIBOR KOZEK BY DEFENDANT GOOGLE LLC

## **TABLE OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---|---|
| SEALED A | Excerpts from the Expert Report of Tibor Kozek, Ph.D Regarding Infringement of U.S. Patent No. 7,946,491 (Apr. 4, 2023) |
| SEALED B | Excerpts from Volume II of the Deposition Transcript of Dr. Tibor Kozek (May 25, 2023) |

# INTRODUCTION

WSOU's technical expert, Dr. Tibor Kozek, opined that accused functionality "Barhopper v2's improved performance as compared to" non-infringing predecessor version Barhopper v1 comes from the '491 patent. But Dr. Kozek provides no expert analysis to support this broad and significant conclusion. He admits that it rests entirely on two paragraphs in his expert report, in which he merely quotes or paraphrases selected contents of two Google documents and one snippet of a deposition without any analysis. This does not meet the standard of reliable expert opinion under *Daubert*—experts may not simply read evidence and testify as to the contents of documents. Worse still, Dr. Kozek purports to analyze Barhopper v2's improvement over non-infringing Barhopper v1 even though he has performed no analysis of Barhopper v1 or its functionality, and thus has no basis for identifying any differences between the two versions. This portion of Dr. Kozek's opinion is thus unreliable argument seeking the imprimatur of a testifying expert. The Court should preclude Dr. Kozek from testifying on the technical value of the patent in suit.

# BACKGROUND

On April 3, 2023, WSOU's expert Tibor Kozek, Ph.D, provided his opinions in this case regarding alleged infringement of U.S. Patent No. 7,946,491. Ex. A. The last four paragraphs of his report, 571-574, address the "'491 Patent's Technical Value." *Id*. at 157. The first two paragraphs cite and briefly characterize two documents and two pages of deposition testimony:



*Id.* ¶¶ 571-572.  The next paragraph states, in full:  "In my opinion, without the '491 patent's invention, Google would not have been able to realize Barhopper v2's improved performance as compared to Barhopper v1."  *Id.* ¶ 573.  At his deposition, Dr. Kozek confirmed that this opinion rests entirely on the preceding two paragraphs:

> Q. How did you come to that opinion [¶ 573]?
> A. That opinion is based on references cited in paragraphs 571, 572 that precedes this statement—that precede this statement.  So I can't add to that.  Those are the—I can read them off but you can read it yourself in paragraph 571 and 572.

Ex. B 315:5-11; *see also id.* 314:20 to 316:5.

## ARGUMENT

### I. Dr. Kozek Performed No Expert Analysis in Paragraphs 571 and 572

"Expert testimony is permissible only where 'the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.'"  *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 18-366, 2019 WL 6896674, at *2 (E.D. Tex. Dec. 18, 2019) (citing Fed. R. Evid. 702(a)).  But such "'regurgitation of facts' from depositions and other sources does not qualify as expert testimony" and must be excluded. *Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, No. 15-512, 2017 WL 1319553, at *9-10 (E.D. Tex. Apr. 10, 2017).  As the *Robroy* court ruled, "denominating a witness as an expert does not give that witness leave to simply read materials such as exhibits and depositions in the case and then testify as to their contents," for reasons including that the "danger of allowing an expert to simply summarize evidence provided to the expert by the party that retained him is, of course, that the expert will become a vehicle through whom the party can summarize its case for the jury, with the imprimatur of the expert's asserted 'expertise.'"  *Id.* at *10; *see, e.g.*, *Landis v. Hearthmark, LLC*, No. 11-101, 2014 WL 794200, at *1 (N.D. W. Va. Feb. 26, 2014) ("Expert

testimony which 'merely regurgitates factual information that is better presented directly to the jury rather than through the testimony of an expert witness' is properly excluded."); *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009) (an expert cannot "merely read, selectively quote from, or 'regurgitate' the evidence"). Paragraphs 571 and 572 are classic regurgitation, and thus Dr. Kozek cannot present them to the jury.

**II.     Dr. Kozek Performed No Expert Analysis of Barhopper v1**

Dr. Kozek performed no expert analysis of Barhopper v1. Indeed, he performed no analysis of Barhopper v1 whatsoever:

> Q.     And indeed, you don't render any opinion about any internal functionality of Barhopper v1, correct?
> MR. WELLS:  Objection; vague.
> A.     We have not rendered any opinion about Barhopper v1.

Ex. B 206:25 to 207:5; *see also id.* 206:22-24 (no opinion on any alleged infringement by Barhopper v1); 208:4-7 (no opinion on Barhopper v1 source code); 208:10-25 (no opinion on overlap between Barhopper v1 and Barhopper v2); 209:10-14 (no opinion on functionality). Dr. Kozek's discussion of Barhopper v1 rested solely on mere 'regurgitation,' relying for example on "the plain and ordinary meaning of Barhopper two being a new and improved version of Barhopper 1," Ex. B 323:6-8, and that "Barhopper V2 has been developed in order to improve the performance of the prior solution," which he admitted was "the extent of my consideration about Barhopper one." *Id.* 322:3-5. The only "opinion" Dr. Kozek purports to render about Barhopper v1 is that Barhopper v2 is better; he rests this "opinion" entirely on his regurgitation of documents in paragraphs 571-572, and renders it even though he admits he does not know "what lines of code might be possibly shared between Barhopper Version 2 and Version 1." Ex. B 208:24-25; *see id.* 315:5-11. This opinion thus does not rely, as it must, on analysis of

– 3 –

technology and application of expertise.

### III. Dr. Kozek Performed No Expert Analysis in Paragraph 573

Dr. Kozek admits that paragraph 573 rests entirely on paragraphs 571-572. Ex. B 315:5-11; *see also id.* 314:20 to 316:5. And he admits that he has done nothing further:

> Q. I guess what I'm trying to understand is how could you measure or opine regarding improved performance without understanding both the subtrahend and the minuend, if you will, in the subtraction equation that you're performing in 573?
>
> MR. WELLS: Objection; vague and ambiguous, assumes facts not in evidence.
>
> A. As paragraphs 571 and 572 articulate this, Google themselves have established this fact and I'm simply referring to that.

Ex. B 323:11-21. This is more regurgitation. Dr. Kozek's "testimony on that issue would not be amenable to meaningful cross-examination, because [his] opinions on that topic are not the product of [his] expertise, but instead simply constitute [his] assessment of the particular parts of the record on which [he] has chosen to rely." *Robroy*, 2017 WL 1319553, at *10. Dr. Kozek disclosed no analysis in his report, preventing any evaluation of whether his opinions are "the product of reliable principles and methods," or if he "applied the principles and methods reliably to the facts of the case," as required by Fed. R. Evid. 702. Paragraph 573 also cannot stand.[1]

### CONCLUSION

In light of the foregoing, the Court should exclude Dr. Kozek's opinions in paragraphs 571-574, as well as any testimony from Dr. Kozek regarding the same.

Date: June 28, 2023

Respectfully submitted,
 */s/ Francesca Miki Shima Germinario*
  *with permission by Shaun W. Hassett*
Michael E. Jones (State Bar No. 10929400)

---

[1] Paragraph 574 is completely hypothetical, and discusses potential ways to measure any difference between Barhopper v1 and v2. But Dr. Kozek has disclosed no actual expert analysis of any of the things he discusses in paragraph 574, let alone linked them to any reliable methodology, Ex. A ¶¶ 571-574, rendering it both irrelevant to any claim or defense, and improper and unreliable expert testimony.

– 4 –

mikejones@potterminton.com
Shaun W. Hassett  (State Bar No. 24074372)
shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile

Tharan Gregory Lanier
(California Bar No. 138784) (*pro hac vice*)
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208)
Virginia G. Kain (California Bar No. 344545)
Sachli Balazadeh-Nayeri
(California Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on June 28, 2023.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on June 28, 2023.

   /s/ Shaun W. Hassett       