**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a | § | |
| BRAZOS LICENSING AND | § | |
| DEVELOPMENT, | § | **PUBLIC VERSION** |
| | § | |
| Plaintiff, | § | Case No. 6:20-cv-580-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**GOOGLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF**
**PLAINTIFF'S DAMAGES EXPERT JUSTIN R. BLOK**

## **TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   ████████████████████████████████████████████ . . . . . . .2

        1.   Barhopper v1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

        2.   Barhopper v2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        3.   Barhopper v3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

    B.   Some Accused Instrumentalities Use Barhopper v1, ███████
        ███████████ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

    C.   All of the Accused Instrumentalities Include Non-Accused Features . . . . . . . . . . . . . 4

    D.   The Accused Instrumentalities Generate Little to no Revenue . . . . . . . . . . . . . . . . . . .4

    E.   Mr. Blok Applies an Unsound ██████ Damages Methodology. . . . . . . . . . . . . . .5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.   Mr. Blok's Royalty Base is Unreliable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.   Mr. Blok uses Unreliable Data to Extrapolate a Base of ████████ . . . . . . 7

        B.   Mr. Blok Improperly Includes ██████████ in his Royalty Base . . . . . . . . .9

        C.   Mr. Blok's Only Attempt to Apportion his Base Applies Faulty Logic to Reach a
           Faulty Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    II.   Mr. Blok's Royalty Rate is Premised on "Black Box" Interviews, and Contradicts the
        Proffered Opinions of WSOU's Technical Expert . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    III.   Mr. Blok's 50/50 Split of Economic Value is Contrary to Law . . . . . . . . . . . . . . . . . . . 17

    IV.   Mr. Blok's Opinion is Untethered to the Evidence in this Case . . . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

## **TABLE OF AUTHORITIES**

*Cases*                                                                                          **Pages**

*Bowling v. Hasbro, Inc.,*
    No. 05-229, 2008 WL 717741 (D.R.I. Mar. 17, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.,*
    809 F.3d 1295 (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Dow Chem. Co. v. Mee Indus., Inc.,*
    341 F.3d 1370 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Daubert v. Merrell Dow Pharms., Inc.,*
    509 U.S. 579 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Ericsson, Inc. v. D-Link Sys., Inc.,*
    773 F.3d 1201 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Fail-Safe, L.L.C. v. A.O. Smith Corp.,*
    744 F. Supp. 2d 870 (E.D. Wis. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Finalrod IP, LLC v. Endurance Lift Sols., Inc.,*
    No. 20-189, 2021 WL 4943649 (E.D. Tex. Oct. 22, 2021). . . . . . . . . . . . . . . . . . . . . 16, 18

*Flexuspine, Inc. v. Globus Med. Inc.,*
    No. 15-201, 2016 WL 9282314 (E.D. Tex. Aug. 5, 2016). . . . . . . . . . . . . . . . . . . . . . . . 7

*Gen. Elec. Co. v. Joiner,*
    522 U.S. 136 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Heller v. Shaw Indus., Inc.,*
    167 F.3d 146 (3d. Cir. ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*IEX Corp. v. Blue Pumpkin Software, Inc.,*
    No. 01-16, 2005 WL 6426934 (E.D. Tex. Dec. 14, 2005). . . . . . . . . . . . . . . . . . . . . . . . 18

*Knight v. Kirby Inland Marine Inc.,*
    482 F.3d 347 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 16

*LaserDynamics, Inc. v. Quanta Comput., Inc.,*
    694 F.3d 51 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11, 12

## <u>TABLE OF AUTHORITIES CONTINUED</u>

<i>Cases</i>

<b>Pages</b>

*Lawrence v. Raymond Corp.*,
No. 09-1067, 2011 WL 3418324 (N.D. Ohio Aug. 4, 2011) . . . . . . . . . . . . . . . . . . . . . . . 14

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 18

*Navelski v. Int'l Paper Co.*,
244 F. Supp. 3d 1275 (N.D. Fla. Mar. 25, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Nikolova v. Univ. of Texas at Austin*,
585 F. Supp. 3d 936 (W.D. Tex. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Nova Consulting Grp., Inc. v. Eng'g Consulting Servs., Ltd.*,
290 F. App'x 727 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Oracle Am., Inc.* v. *Google, Inc.*,
798 F. Supp. 2d 1111 (N.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Realtime Data LLC v. EchoStar Corp.*,
No. 17-84, 2018 WL 6266301 (E.D. Tex. Nov. 15, 2018) . . . . . . . . . . . . . . . . . . . . . . . . 17

*Seaman v. Seacor Marine LLC*,
564 F. Supp. 2d 598 (E.D. La. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Simmons v. Shalala*,
No. 91-10204, 1994 WL 548094 (D. Mass. Jul. 7, 1994) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Sims v. Kia Motors of Am., Inc.*,
839 F.3d 393 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Uniloc USA, Inc. v. Microsoft Corp.*,
632 F.3d 1292, 1312-15 (Fed. Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*U.S. v. Fresenius Med. Care N. Am.*,
No. 07-247, 2010 WL 11451582 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Vigil v. Michelin N. Am., Inc.*,
No. 05-01, 2007 WL 2778233 (W.D. Tex. Aug. 23, 2007) . . . . . . . . . . . . . . . . . . . . . . . . 11

## <u>TABLE OF AUTHORITIES CONTINUED</u>

*Cases*                                                                                    **Pages**

*Virnetx, Inc. v. Cisco Sys., Inc.*,
    767 F.3d 1308 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 9, 11, 17

*Whitserve, LLC v. Comput. Packages, Inc.*,
    694 F.3d 10 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

*WSOU Invs. LLC v. Microsoft Corp.*
    No. 20-465 (W.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19


*Statutes and Rules*                                                                       **Pages**

Fed. R. Evid. 702  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 7, 14, 16

35 U.S.C. § 284 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

**TABLE OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| SEALED<br>A | Expert Report of Justin R. Blok (Apr. 4, 2023) |
| SEALED<br>B | Excerpts from the Deposition Transcript of Justin R. Blok (May 24, 2023) |
| SEALED<br>C | Exhibit 5 to the Deposition of Tanmay Shah (Mar. 21, 2023),<br>GOOG-WSOU580-00002865 to GOOG-WSOU580-00002866 |
| SEALED<br>D | Excerpts from the Rebuttal Expert Report of Dan Schonfeld, Ph.D. Regarding Non-Infringement of U.S. Patent No. 7,946,491 (Apr. 28, 2023) |
| SEALED<br>E | Excerpts from the Deposition Transcript of Tanmay Shah (Mar. 21, 2023) |
| SEALED<br>F | Excerpts from the Expert Report of Dr. Tibor Kozek Regarding Infringement of U.S. Patent No. 7,946,491 by Google LLC (Apr. 4, 2023) |
| SEALED<br>G | Exhibit 5 to the Deposition of Justin R. Blok (May 24, 2023),<br>GOOG-WSOU580-00024206 to GOOG-WSOU580-00024229 |
| SEALED<br>H | Exhibit 4 to the Deposition of Justin R. Blok (May 24, 2023),<br>GOOG-WSOU580-00023999 to GOOG-WSOU580-00024008 |
| SEALED<br>I | Excerpts from the Deposition Transcript of Dmitry Lizorkin (Feb. 24, 2023) |
| SEALED<br>J | Exhibit 4 to the Deposition of Jedidiah Lavery (Mar. 17, 2023),<br>GOOG-WSOU580-00168433 to GOOG-WSOU580-00168459 |
| SEALED<br>K | Excerpts from the Rebuttal Expert Report Regarding Damages by W. Christopher Bakewell (Apr. 28, 2023) |
| SEALED<br>L | Excerpts from the Deposition Transcript of Hailey Crowel (Mar. 14, 2023) |
| SEALED<br>M | Exhibit 4 to the Deposition of Bernardo Baptista (Mar. 8, 2023),<br>GOOG-WSOU580-FIN-000012 |
| SEALED<br>N | Exhibit 6 to the Deposition of Justin R. Blok (May 24, 2023),<br>GOOG-WSOU580-00015662 |

### TABLE OF EXHIBITS CONTINUED

| EXHIBIT | DESCRIPTION |
|---|---|
| SEALED **O** | Excerpts from Volume II of the Deposition Transcript of Dr. Tibor Kozek (May 25, 2023) |
| SEALED **P** | Exhibit 3 to the Deposition of Justin R. Blok (May 24, 2023), GOOG-WSOU580-00156912 to GOOG-WSOU580-00156914 |
| SEALED **Q** | Exhibit 6 to the Deposition of Sasha Kapur (Feb. 9, 2023), GOOG-WSOU580-00145945 to GOOG-WSOU580-00145959 |
| SEALED **R** | Exhibit 12 to the Deposition of Justin R. Blok (May 24, 2023), GOOG-WSOU580-00145033 to GOOG-WSOU580-001450038 |
| SEALED **S** | Exhibit 6 to the Deposition of Dmitry Lizorkin (Feb. 24, 2023) GOOG-WSOU580-00154184 to GOOG-WSOU580-00154192 |
| SEALED **T** | Letter from Travis Richins to Counsel for Google (Sept. 15, 2021) |
| SEALED **U** | Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development's Objections and Responses to Defendant's First Set of Requests for Production (May 19, 2021) |
| SEALED **V** | Excerpts from the Deposition Transcript of Craig Etchegoyen (Mar. 15, 2023) |
| SEALED **W** | Excerpts from Volume I of the Deposition Transcript of James W. Maccoun (Jan. 25, 2022) |

**INTRODUCTION**

This Court should exclude the expert opinion of Justin R. Blok regarding damages for Google's alleged infringement of U.S. Patent No. 7,946,491.  At each and every step of his analysis, Mr. Blok fails to meet the requirements of Federal Rule of Evidence 702.

**BACKGROUND**

On June 29, 2020, WSOU filed this case, alleging that Google infringed U.S. Patent No. 7,946,491, entitled "Method, Apparatus, and Computer Program Product for Providing a Camera Barcode Reader" by "selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein."  Docket No. 1 ¶ 6 (Jun. 29, 2020).  ███

████████████████████████████████████████████████████

██████████████████████████████  On May 20, 2022, WSOU sought leave to amend its infringement contentions, seeking to add allegations that the "products accused herein encompass Google's 'Barhopper' algorithm and any products incorporating Barhopper."  Docket No. 103 (May 20, 2022).  ████████████████████

████████████████████████████████████████████████████

███████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████

**A.** █████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████████

█████

**1.**    **Barhopper v1**

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████

**2.**    **Barhopper v2**

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

**3.**    **Barhopper v3**

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████

**B.**    **Some Accused Instrumentalities Use Barhopper v1,** ████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ Mr. Blok is mistaken. ████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████

**C.      All of the Accused Instrumentalities Include Non-Accused Features**

████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████

**D.      The Accused Instrumentalities Generate Little to no Revenue**

███████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████ Where Google does track
revenue and costs, it produced this information to WSOU. ███████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████

**E.**     **Mr. Blok Applies an Unsound ██████████ Damages Methodology**

To reach his running royalty damages number of ██████████, Mr. Blok constructs a

damages methodology that attempts to establish a royalty figure ████████████████████████

██████████, relying on baseless assumptions and unreliable calculations.

Mr. Blok arrives at his ██████████ royalty rate by a series of convoluted steps. ███

███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████ ) For the reasons set forth below, Mr. Blok's opinions are

both unsound and unreliable; he should not be permitted to present them to the jury.

**ARGUMENT**

Mr. Blok ignores the evidence actually exchanged by the parties in this action, instead

beginning his analysis by presupposing his conclusion: █████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ To achieve this result, Mr. Blok begins with a highly speculative

royalty base that ignores economic reality and includes admittedly non-infringing functionality.

Mr. Blok then manufactures a royalty rate by informing his own opaque arithmetic with "black

box" interviews of WSOU's technical expert and an improper assumption about the hypothetical

negotiation.

As the party offering Mr. Blok's testimony, WSOU "bears the burden of establishing" its

reliability.  *Nikolova v. Univ. of Texas at Austin*, 585 F. Supp. 3d 936, 940 (W.D. Tex. 2022)

(citing *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 400 (5th Cir. 2016)).  It cannot meet this

burden.  Mr. Blok's testimony is the opposite of "reliable at each and every step."  *Knight v.*

*Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007).  The Court should thus exercise its sound discretion to exclude his opinions under Federal Rule of Evidence 702.

## I.     Mr. Blok's Royalty Base is Unreliable

"The patentee bears the burden of proving damages," including "'the reasonable royalty he would have received through arms-length bargaining.'"  *Flexuspine, Inc. v. Globus Med., Inc.*, No. 15-201, 2016 WL 9282314, at *3 (E.D. Tex. Aug. 5, 2016) (citing *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1372, 1381 (Fed. Cir. 2003) and quoting *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009)).  Thus, the patentee must ensure that "a reasonable royalty 'does not overreach and encompass components not covered by the patent.'" *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326 (Fed. Cir. 2014) (quoting *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 70 (Fed. Cir. 2012)).  A royalty base should be "closely tied to the claimed invention."  *Virnetx, Inc.*, 767 F.3d at 1327.  Because his royalty base is not closely tied to the claimed invention, and encompasses components WSOU admits are not covered by the patent, Mr. Blok's royalty base opinion should be excluded.

### A.     Mr. Blok uses Unreliable Data to Extrapolate a Base of ███████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████  Mr.

Blok uses unsound and unsupportable theories to arrive at this conclusory result.

Ex. A, Exhibit 4 (emphasis added).

Ex. P at

GOOG-WSOU580-00156913.

Ex. A ¶ 164-65; Ex. P at GOOG-WSOU580-00156913.

Although it took twenty depositions in this action, WSOU did not ask a single Google

witness about this document.

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████

    **B.**    **Mr. Blok Improperly Includes** ████████████████ **in his Royalty Base**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████

████ A damages expert cannot "avoid the task of apportionment," as Mr. Blok has done here.

*Virnetx, Inc.*, 767 F.3d at 1329.

████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

████████ ███████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

██████████████████████

---

¹ The deposition of ████████ was one of the ten depositions of Google witnesses in this case that Mr. Blok did not review.  *See* Ex. A, Exhibit 3 at 6, Ex. B 35:15 to 36:1-6; 36:12 to 37:5; 187:15 to 189:7.

The patentee must ensure that "a reasonable royalty 'does not overreach and encompass components not covered by the patent.'" *Virnetx, Inc.*, 767 F.3d at 1326 (quoting *LaserDynamics, Inc.*, 694 F.3d at 70). Mr. Blok's inclusion of ███████████ in his royalty base is unreliable and his opinions on a royalty base in this matter should therefore be excluded.

### C.    Mr. Blok's Only Attempt to Apportion his Base Applies Faulty Logic to Reach a Faulty Conclusion

Mr. Blok's only attempt at apportionment renders his base calculation unreliable. ███



But this assumption is incorrect, and Mr. Blok's error taints his entire calculation.

Such leaps of logic cannot form the basis of sound expert analysis, and should be stricken. *See Vigil v. Michelin N. Am., Inc.*, No. 05-01, 2007 WL 2778233, at *7 (W.D. Tex. Aug. 23, 2007) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594-95 (1993)) (striking expert testimony as unreliable as "unsubstantiated leaps in logic offend the core of the *Daubert* holding

---

[2] Mr. Blok reviewed this document in the preparation of his report. Ex. A at Exhibit 3, page 2.

and have no rightful place in the courtroom"). This additional failure of Mr. Blok to appropriately apportion his proposed royalty base is further reason he should not be permitted to present his royalty base opinions to the jury.

## II.   Mr. Blok's Royalty Rate is Premised on "Black Box" Interviews, and Contradicts the Proffered Opinions of WSOU's Technical Expert

"Under § 284, damages awarded for patent infringement 'must reflect the value attributable to the infringing features of the product, and no more.'" *Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1301 (Fed. Cir. 2015) (citing 35 U.S.C. § 284 and quoting *Ericsson, Inc. v. D–Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014)). Mr. Blok's reasonable royalty rate is untethered to the incremental value of the '491 patent, despite his claims that he ██████████████████████████████████████████████████████ ████████████████████████████████████████ Ex. A ¶ 221 (quoting *LaserDynamics, Inc.* at 77 (Fed. Cir. 2012)). ██████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████



Ex. A, Exhibit 6 (emphasis added). ██████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Mr.

Blok's reliance on Dr. Kozek's 'black box' opinions is impossible to assess and thus entirely

inappropriate.  *See, e.g., Navelski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1296 (N.D. Fla. 2017)

(black box opinions "found unreliable" under Fed. R. Evid. 702 by many district courts);

*Lawrence v. Raymond Corp.*, No. 09-1067, 2011 WL 3418324, at *7-*8 (N.D. Ohio Aug. 4,

2011) (experts may not be "a black box into which data is fed at one end and from which an

answer emerges at another"); *Fail-Safe, LLC v. A.O. Smith Corp.*, 744 F. Supp. 2d 870, 888 (E.D.

Wis. 2010) (collecting cases) (rejecting expert analysis which was "in a black box out of the view

of the court," as "the court cannot simply take an expert's word for a specific proposition.");

*Simmons v. Shalala*, No. 91-10204, 1994 WL 548094, at *4 (D. Mass. Jul. 7, 1994) (excluding

"black-box opinion" defined as "an opinion stated without any reasoned explanation that would

enable [the opposing party] to evaluate the opinion itself").

[4] Where "the *Georgia–Pacific* factors are superficially analyzed in order to reason backwards to [an expert's] pre-ordained conclusion," courts exclude the opinion of that expert. *Bowling v. Hasbro, Inc.*, No. 05-229, 2008 WL 717741, at *6, *7 (D.R.I. Mar. 17, 2008) (excluding expert report "specifically intended to superficially justify a royalty rate that would maximize damages awarded for Hasbro's alleged infringement").

 And Dr.

Kozek nowhere provides any opinions or analysis to confirm this assumption, resulting in

precisely the unsupported expert conclusion the law prohibits.  *Finalrod IP, LLC v. Endurance*

*Lift Sols., Inc.*, No. 22-189, 2021 WL 4943649, at *2 (E.D. Tex. Oct. 22, 2021) (striking opinion

of Justin Blok because "damages experts cannot opine on what is or is not a non-infringing

alternative without support from the technical expert's report"); *Knight*, 482 F.3d at 355 (quoting

*Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 155 (3d. Cir. 1999)) ("'The reliability analysis applies

to all aspects of an expert's testimony:  the methodology, the facts underlying the expert's

opinion, the link between the facts and the conclusion, et alia.'").

Mr. Blok's opinions regarding the ███████████████████████

███████ are neither based on "sufficient facts or data," nor "the product of reliable principles

and methods" which are "reliably applied . . . to the facts of the case."  Fed. R. Evid. 702(c)-(d).

"Unfounded assumptions that are not 'fully explored' or otherwise substantiated . . . render any

expert opinion based thereon, 'mere guesswork.'"  *U.S. v. Fresenius Med. Care N. Am.*, 2010 WL

11451582, at *6 (W.D. Tex. Mar. 31, 2010) (quoting *Nova Consulting Grp., Inc. v. Eng'g*

*Consulting Servs., Ltd.*, 290 F. App'x 727, 732 (5th Cir. 2008) and *Seaman v. Seacor Marine*

*L.L.C.*, 564 F. Supp. 2d 598, 604 (E.D. La. 2008)).  The Court should thus exclude the entirety of Mr. Blok's royalty rate opinion on this basis alone.

## III.    Mr. Blok's 50/50 Split of Economic Value is Contrary to Law

██████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████  Mr. Blok's report does not explain how he arrived at this conclusion.  *See id.*

During his deposition, Mr. Blok provided only vague conclusions that could apply in nearly any

case:

████████████████████████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████  It is well settled that "[a]nyone seeking to

invoke the [Nash Bargaining] theorem as applicable to a particular situation must establish that

fit, because the 50/50 profit-split result is proven by the theorem only on those premises."

*Virnetx, Inc.*, 767 F.3d at 1332 (vacating damages award).  "The Nash bargaining solution would

invite a miscarriage of justice by clothing a fifty-percent assumption in an impenetrable facade of

mathematics."  *Oracle Am., Inc. v. Google*, *Inc.*, 798 F. Supp 2d 1111, 1120 (N.D. Cal. 2011)

(citing *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1312-15 (Fed. Cir. 2011)).  This step

of Mr. Blok's analysis, found in Section VII.Q of his report, like those before it, should also be excluded.

**IV.     Mr. Blok's Opinion is Untethered to the Evidence in This Case**

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████. As WSOU's damages expert in this case, Mr. Blok must provide "a reasoned economic framework" for his hypothetical negotiation, which "'attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began.'" *Whitserve, LLC v. Comput. Packages, Inc.*, 694 F.3d 10, 27 (Fed. Cir. 2012) (quoting *Lucent Techs., Inc.*, 580 F.3d at 1324).  But a reasonable royalty cannot be based on "mere speculation and guesswork." *IEX Corp. v. Blue Pumpkin Software, Inc.*, No. 01-16, 2005 WL 6426934, at *2 (E.D. Tex. Dec. 14, 2005) (excluding opinions of damages expert as unreliable).  Instead of tethering his analysis to the evidence before him, Mr. Blok engages in a wholly speculative exercise to arrive at a conclusory result. *See Finalrod IP, LLC*, No. 22-189, 2021 WL 4943649, at *2.

█████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████



Courts are not required "to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). ████████

████████████████████████████████████████████████████████████

████████████████████████████████████

## **CONCLUSION**

In light of the foregoing, Google respectfully requests that this Court exclude the expert opinions and testimony of Justin R. Blok.

Date:  June 28, 2023

Respectfully submitted,

*/s/ Jennifer A. Kash, with permission by*
*Shaun W. Hassett*
Michael E. Jones (State Bar No. 10929400)
mikejones@potterminton.com
Shaun W. Hassett  (State Bar No. 24074372)
shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile

T. Gregory Lanier
(California Bar No. 138784) (*pro hac vice*)

tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208)
Virginia G. Kain (California Bar No. 344545)
Sachli Balazadeh-Nayeri
(California Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on June 28, 2023.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on June 28, 2023.

_____/s/ Shaun W. Hassett_____
