IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |  |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING & DEVELOPMENT, | ) ) ) ) | Case No. 6:20-cv-00580-ADA Case No. 6:20-cv-00585-ADA |
| Plaintiff, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | **PUBLIC VERSION** |
| GOOGLE LLC, | ) ) |  |
| Defendant. | ) ) ) |  |

**PLAINTIFF BRAZOS LICENSING & DEVELOPMENT'S
MOTION FOR SUMMARY JUDGMENT
<u>CONCERNING GOOGLE'S AFFIRMATIVE DEFENSES</u>**

**I.     INTRODUCTION**

Despite having had ample opportunity to do so, Defendant Google never filed an answer or pleaded a single affirmative defense in either the 580 Case or 585 Case. The Court's deadline to amend pleadings passed almost two years ago. Nor did Google ever serve a substantive response to Plaintiff's Brazos's interrogatory directed to the bases for Google's affirmative defenses, before fact discovery closed in these cases this past March.

Because Google has neither pleaded any affirmative defenses nor identified the facts on which it intends to rely in support of such potential defenses when Brazos was still able to pursue fulsome discovery of those facts, Brazos is entitled to summary judgment concerning any affirmative defenses that Google reasonably could have raised.

**II.    STATEMENT OF UNDISPUTED FACTS**

1.     Brazos filed its complaints in these actions June 29, 2020. *See* 580 Case ECF No. 1; 585 Case ECF No. 1.

2.     In response to Brazos's complaints, Google filed Rule 12 motions to dismiss. *See* 580 Case ECF No. 18; 585 Case ECF No. 18.

3.     The November 5, 2020 Scheduling Order originally entered by the Court in these cases (and the first amended version thereof entered shortly thereafter) provided that the deadline to amend pleadings was July 16, 2021. *See* 580 Case ECF Nos. 30, 33; 585 Case ECF Nos. 30, 33.

4.     Following the Court's August 2022 grant of Brazos's motion for leave to serve amended infringement contentions, the parties jointly moved to enter an amended scheduling order, in connection with which neither party requested, nor did the Court ultimately order, a revised deadline to amend pleadings. *See* 580 Case ECF No. 131; 585 Case ECF No. 125.

1

5.    At no point since Google filed its motions to dismiss has Google filed an answer or otherwise pleaded affirmative defenses in either litigation. *See generally* 580 Case Docket; 585 Case Docket.

6.    In both the 580 Case and the 585 Case Brazos served its Interrogatory No. 12 calling for Google to "[d]escribe in detail the complete legal and factual basis for each defense plead [*sic*] in Google's answer." Ex. A at 5.

7.    In response to Brazos's Interrogatory No. 12 in each case, on October 15, 2021, Google objected, "Google filed a motion to dismiss this action . . . [that] remains pending before the Court. Google has accordingly not yet filed its answer or any affirmative defenses in this action. Google reserves all rights to supplement and amend its response to this interrogatory if and when it files any answer or affirmative defenses." Ex. B at 10 (580 Case); Ex. C at 10 (585 Case).

8.    Close of fact discovery under the amended scheduling order was set for March 1, which the parties subsequently extended by agreement to approximately March 22. *See* 580 Case ECF Nos. 131, 153; 585 Case No. 125, 148.

9.    Google did not further supplement its responses to Interrogatory No. 12 before the close of fact discovery.

### III.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56, a motion for summary judgment shall be granted when the record demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party has successfully carried its burden of proof, then the non-

moving party is required to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To rebut a summary judgment motion, the non-moving party has to "do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 594

Federal Rule 12 provides that "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint," except that "serving a motion under this rule alters" the defendant's deadline to serve an answer until 14 days after the Court's denial of that motion—***"[u]nless the court sets a different time."*** Fed. R. Civ. P. 12(a)(1)(A)(i); Fed. R. Civ. P. 12(a)(4)(A) (emphasis added).

As to litigation deadlines that are the subject of a court's scheduling order, under Federal Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015); *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 548 (E.D. Tex. 2018) (Bryson, J., sitting by designation).

### IV.   ARGUMENT

Google has not pleaded or otherwise identified any affirmative defenses that Google intends to assert in the 580 Case or 585 Case. Statement of Undisputed Facts *supra* ¶¶ 2, 7. The Court set the parties' deadline to amend their pleadings nearly two years ago, in July 2021. *Id.* ¶ 3. Google has never sought relief from this deadline, even when given a subsequent opportunity to do so. *Id.* ¶¶ 4-5.

Google has not identified "the legal and factual basis" that it alleges may support any potential affirmative defenses in connection with either the 580 Case or 585 Case. *Id.* ¶¶ 7, 9. Fact discovery in these cases closed approximately three months ago, and at no point before that

3

deadline did Google put Brazos on notice of any facts on which Google intended to rely, so as to allow Brazos to test those facts in discovery. *Id.* ¶ 8-9.

Accordingly, as Google has identified neither any pertinent affirmative defenses, nor even a single fact that Google contends might support such defenses, Brazos is entitled to summary judgment precluding Google from raising any affirmative defenses[1] at trial. *See, e.g.*, *Matsushita*, 475 U.S. at 587.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Brazos's motion for summary judgment, and preclude Google from asserting any affirmative defenses in either the 580 Case or the 585 Case.

Dated: June 28, 2023

Respectfully submitted,

*/s/ Joseph M. Abraham*
Joseph M. Abraham, TX SB No. 24088879
Timothy Dewberry, TX Bar No. 24090074
**FOLIO LAW GROUP PLLC**
13492 Research Blvd., Suite 120, No. 177
Austin, TX 78750
Tel: 737-234-0201
Email: joseph.abraham@foliolaw.com
         timothy.dewberry@foliolaw.com

Cliff Win, CA Bar No. 270517
Alexandra Fellowes, CA Bar. No. 261929
C. Maclain Wells, CA Bar No. 221609
Alden K. Lee, CA Bar No. 257973
Moses Xie, CA Bar No. 343007
Aaron Weisman, WA Bar No. 56724

---

[1] Notwithstanding the lack of a formal pleading, Google's invalidity contentions and expert report have put Brazos sufficiently on notice of Google's positions concerning Google's affirmative defense of invalidity. Brazos does not contend that this motion should preclude Google from raising its invalidity defense, merely any other affirmative defenses.

        **FOLIO LAW GROUP PLLC**
        1200 Westlake Ave. N., Ste. 809
        Seattle, WA 98109
        Tel:    (206) 880-1802
        Email: cliff.win@foliolaw.com
               alexandra.fellowes@foliolaw.com
               maclain@foliolaw.com
               alden.lee@foliolaw.com
               moses.xie@foliolaw.com
               aaron.weisman@foliolaw.com

Gregory P. Love
State Bar No. 24013060
Mark D. Siegmund
State Bar No. 24117055
Melissa S. Ruiz
State Bar No. 24128097
**CHERRY JOHNSON SIEGMUND JAMES**
400 Austin Ave., Ste. 9th Floor
Waco, TX 76701
Tel: 254-732-2242
Email: glove@cjsjlaw.com
msiegmund@cjsjlaw.com
mruiz@cjsjlaw.com

*Attorneys for Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing & Development*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of June, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy via email to all counsel of record.

*/s/ Joseph M. Abraham*
Joseph M. Abraham
