IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | Case No. 6:20-cv-580-ADA |
| v. | § § § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**GOOGLE'S REPLY IN SUPPORT OF MOTION TO EXCLUDE
TESTIMONY OF WSOU TECHNICAL EXPERT DR. TIBOR KOZEK**

## INTRODUCTION

Google's motion challenges the lack of expert analysis in paragraphs 571-574 of Dr. Kozek's report. It does not challenge, as WSOU asserts in its opposition, Dr. Kozek's credentials or the reliability of Dr. Kozek's overall methodology, but rather the failure of Dr. Kozek to actually render expert opinion in these four paragraphs. Providing strenuous objection but no case law, WSOU's opposition denounces as a "remarkable position" Judge Gilstrap's opinion in *Robroy* that "denominating a witness as an expert does not give that witness leave to simply read materials such as exhibits and depositions in the case and then testify as to their contents" (Opp. at 1), but this is simply the law. Google's motion identifies neither an edge case under the *Daubert* standard, nor a sweeping attack on each of the many other instances in which Dr. Kozek did render an expert opinion within the hundreds of paragraphs in his report. The *lack* of expert analysis in paragraphs 571-574 falls squarely within the *Daubert* standard's remit and Google's motion is thus straightforward: as a matter of law, it is not enough for an expert to "testify about the contents of a document" without offering any expert analysis about that document. The Court should thus strike these four paragraphs.

## ARGUMENT

I.  **WSOU Fails to Rebut Google's Challenge to Paragraph 574**

WSOU fails to offer any rebuttal at all to the exclusion of ¶ 574. *See generally* Opp. at 1-4. In fact, "574" appears nowhere in WSOU's opposition, and WSOU excludes it from its request to the Court that "Dr. Kozek should be permitted to testify concerning the opinions in paragraphs 571-573 of his report." *Id.* at 4. The Court should exclude ¶ 574 on at least this ground.

## II. WSOU Fails to Establish that Dr. Kozek Renders Any Expert Opinion in Paragraphs 571-574

WSOU's opposition focuses on the two facts that matter least to this motion: Dr. Kozek's technical expertise (which Google does not dispute) and the apparent level of detail in the documents in question (which is irrelevant to Google's challenge under *Daubert*). WSOU's arguments in opposition skip a step—*first*, the expert testimony must be an expert opinion based on expert analysis, and *only then* does the inquiry into reliable methodology become relevant. Google's motion establishes that Dr. Kozek performed no expert analysis in paragraphs 571 and 572; in Dr. Kozek's own words, when asked " ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," Mot. at 2-3; Ex. B 323:11-21. Google's motion further establishes that paragraphs 573 and 574 rely *only* on paragraphs 571 and 572 and therefore cannot stand. Mot. at 3-4; Ex. B 315:5-11.

Rather than articulate where in the four paragraphs at issue it contends Dr. Kozek's expert analysis lies, WSOU provides excerpts of the documents in question, contending that "[e]ach of these documents details a series of technical analyses" that Dr. Kozek merely "accepted as true." Opp. at 3-4. Google and WSOU thus agree that Dr. Kozek did nothing more than read the documents and repeat them—without analysis or opinion. WSOU evidently believes that this is acceptable for documents that are sufficiently detailed. But WSOU is wrong: there is no level of detail apparent in a document that absolves an expert from formulating and disclosing their expert opinion. *See United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 18-0366, 2019 WL 6896674, at *2 (E.D. Tex. Dec. 18, 2019) (excluding "summation of various documents and testimony" that "do not employ Mr. Calman's expertise to help the jury"); *Fucich Contracting,*

*Inc. v. Shread-Kuyrkendall & Assocs., Inc.,* No. 18-2885, 2021 WL 11669758, at *4 (E.D. La. July 28, 2021) (excluding expert's conclusions as "simply a regurgitation of the data from the documents [devoid of] analysis or narrative as to what could have caused or been a contributing factor to this reduction") (alteration in original).

### III. WSOU Has No Case Law to Support its Position, and Cannot Distinguish *Robroy*

WSOU fails to distinguish *Robroy*, engaging with only one aspect of its rationale. In *Robroy*, the movant argued that "'regurgitation of facts' from depositions and other sources does not qualify as expert testimony." *Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, No. 15-512, 2017 WL 1319553, at *2 (E.D. Tex. Apr. 10, 2017). In excluding the expert's testimony, the court ruled on multiple enumerated grounds, finding that "[t]here are several problems with her prospective testimony on that subject," *id.* at *8, only one of which WSOU attempts to distinguish. Opp. at 3-4. The court states "[m]ore generally, denominating a witness as an expert does not give that witness leave to simply read materials such as exhibits and depositions in the case and then testify as to their contents," and collects supporting cases from multiple circuits before holding the expert testimony should be excluded. *Robroy*, 2017 WL 1319553, at *9; Mot. at 2.

As in *Robroy*, where the court concluded that "[w]hile the deposition excerpt" she regurgitated "may be independently admissible, it is not admissible as substantive expert evidence from Ms. Salters," Google does not here consider whether or not the documents Dr. Kozek cites may be admissible—they may—but Dr. Kozek should not be permitted to imbue those documents "with the imprimatur of the expert's asserted 'expertise.'" *Robroy*, 2017 WL 1319553, at *10. Here, given the opportunity to explain any opinions contained within

– 3 –

paragraphs 571 to 574 of his report, Dr. Kozek instead confirmed at his deposition that he performed no analysis of Barhopper v1, and no analysis beyond regurgitation of the documents cited in 571 and 572. Mot. at 2-4 (citing Ex. B 206:25 to 207:5 & 323:11-21). He "brought no expertise to the enterprise other than the ability to read and to copy what []he has read," which risks prejudice to the jury as such parroting cannot be probed for reliability under *Daubert* because there is no opinion to probe. *Robroy*, 2017 WL 1319553, at *10.

This failure cannot be remedied by "cross-examination" as WSOU claims (Opp. at 4), "because [his] opinions on that topic are not the product of [his] expertise, but instead simply constitute [his] assessment of the particular parts of the record on which [he] has chosen to rely." *Robroy*, 2017 WL 1319553, at *10. Thus, the Court should exclude Dr. Kozek from testifying about the subject matter of paragraphs 571-574.

## CONCLUSION

In light of the foregoing, the Court should exclude Dr. Kozek's opinions in paragraphs 571-574, as well as any testimony from Dr. Kozek regarding the same.

Date: August 11, 2023

Respectfully submitted,

/s/ *Francesca Miki Shima Germinario*
  *with permission by Shaun W. Hassett*
Michael E. Jones (State Bar No. 10929400)
mikejones@potterminton.com
Shaun W. Hassett (State Bar No. 24074372)
shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile

Tharan Gregory Lanier
(California Bar No. 138784) (*pro hac vice*)
tglanier@jonesday.com
JONES DAY

1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208)
Virginia G. Kain (California Bar No. 344545)
Sachli Balazadeh-Nayeri
(California Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on August 11, 2023.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on August 11, 2023.

                                                                            */s/ Shaun W. Hassett*
                                                                            Shaun W. Hassett