IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | Case No. 6:20-cv-580-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § § § | |
| Defendant. | § | |

**GOOGLE'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OF PATENT INELIGIBILITY**

**INTRODUCTION**

The '491 patent does not claim barcode reading itself; instead it claims a mechanism for selecting methods for scanning barcodes, no more than "try, try again." Google's motion focused on what the patent actually claims; WSOU's opposition, in contrast, focuses on the technical details of barcode reading itself, even though the patent does not claim barcode reading and one can read barcodes without infringing the patent. Focusing on the claimed invention rather than its overall technical field, as the law requires, the claims fail the *Alice* test.

**ARGUMENT**

I.   **The '491 Patent Does Not Claim Barcode Reading**

WSOU's opposition rests largely on its claim that "Google leaves unaddressed the elephant in the room: barcode reading is not a mental process or human behavior." Opp. at 1. But WSOU overlooks that the '491 patent *does not claim barcode reading*. Rather the patent claims a mechanism for switching from one barcode reading method to another, with the two methods left unspecified in each claim—which, in the words of WSOU's expert, Dr. Kozek, "simply says that you try one and then switch to a different kind." Docket No. 174, Ex. A 157:19-20; *see* Mot. §§ A, B. Google established that the claims do not claim anything specific about barcode reading. *See* Mot. §§ A, B. WSOU's opposition does not address this discussion, but tacitly accepts it by stating that "each limitation contained within claim 1 relates to a barcode reading process" (Opp. at 1)—a statement that is true only in the sense that sitting down at the drafting table relates to a house-designing process. "Even a specification full of technical details about a physical invention may nonetheless" claim only an "abstract idea underlying the claims." *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019). Google's motion focused on the claims; WSOU responded that the specification is "full of technical details," but

this "mismatch between the specification statements that [WSOU] points to and the breadth of claim 1" only serves to "underscore[] that the focus of the claimed advance is the abstract idea and not the particular configuration discussed in the specification that allegedly departs from the prior art."  *Yu v. Apple Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021).

Nor can WSOU save the claims by noting that "[b]arcode scanning is a computer process within the domain of computer vision" (Opp. § IV), because, again, the *patent does not claim barcode scanning*.  Not only did Google establish as much in its motion, *see* Mot. §§ A, B, but WSOU has admitted exactly that in this action, by agreeing that the prior version of the accused functionality, Barhopper v1, does not infringe the patent.  *See, e.g.,* Docket Nos. 160, 164, 166.  Barhopper v1 reads all the same barcodes as the accused Barhopper v2 and v3—indeed, v2 and v3 are wrappers around the unaccused barcode reading engine of Barhopper v1.  *See* Docket No. 180 § C.  WSOU admits that the Court must determine whether "'the focus of the claimed advance over the prior art' is 'directed to excluded subject matter.'"  Opp. at 8 (quoting *Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890, 896 (Fed. Cir. 2019)).  Here, the "focus of the claimed advance" is not barcode scanning, but rather what WSOU calls "improved decisional logic" (Opp. at 8), which Google's motion explained is simply "try, try again."  In *Yu v. Apple,* the Court of Appeals rejected the patentee's argument that the patent covered a specific solution to problems "such as 'low resolution caused by low pixel counts,'" because "claim 1's solution to those problems is the abstract idea itself—to take one image and 'enhance' it with another."  1 F.4th at 1045.  So too here:  WSOU focuses on the purported complexity of the problem, but what matters is the simplicity of the solution.  As in *Yu*, the claims' "solution to those problems is the abstract idea itself."  *Id*.  The patent thus fails *Alice* step one.

## II.   The '491 Claims Only Conventional, Routine and Well Understood Concepts

WSOU next argues that it can survive *Alice* step two because "additional elements in the claims" were not "well-understood, routine, and conventional." Opp. at 9 (citing *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018)). In *Berkheimer*, the patentee argued "that claim 1 recites an improvement to computer functionality and digital asset management systems," but "admitted that parsers and the functions they perform existed for years before his patent." *Id.* at 1370. The court thus affirmed summary judgment of patent ineligibility of this claim, finding that these "conventional limitations of claim 1, combined with limitations of analyzing and comparing data and reconciling differences between the data, 'fail to transform th[e] abstract idea into a patent-eligible invention.'" *Id.* (alteration in original) (quoting *Alice*, 573 U.S. at 220). Again, so too here: as Google established in its motion, the patent does not claim barcode reading or anything novel about barcode reading itself (*supra* § I; *see* Mot. §§ A, B); it claims only the "improved decisional logic" of "try, try again." Opp. at 2-3, 8; Mot. at 4-7. The patent claims no invention specific to barcode scanning, the subject matter of the decision addressed by the "improved decisional logic," leaving only the "improved decisional logic" itself. *Id.* But that "improved decisional logic" is merely the basic concepts of "determining," "switching," and "attempting," which are foundational to computer science and cannot save the claims.[1] The combination of those bedrock concepts "itself is not an advance and does not itself produce the asserted advance." *Yu*, 1 F.4th at 1045. And the claims' discussion of those bedrock concepts is "recited at a high level of generality" without any claiming of "details which describe how this is

---

[1] WSOU notes that the Patent Office allowed the patent (Opp. at 10), but this is both always true in patent litigation and irrelevant here. "Even if claim 1 recites novel subject matter, that fact is insufficient by itself to confer eligibility," because "[e]ligibility and novelty are separate inquiries." *Yu*, 1 F.4th at 1045 (citing *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1340 (Fed. Cir. 2017)).

accomplished." *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1346-47 (Fed. Cir. 2018). WSOU does not and cannot show that the "ordered combination of the 'determining' and 'switching' steps between the 'processing' and 'attempting' steps was not well-understood, routine, or conventional" (Opp. at 10), but even if it could, "a claim for a new abstract idea is still an abstract idea." *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016).

### III. The Dependent Claims Are Also Patent-Ineligible

WSOU's discussion of the dependent claims suffers from the same flaw as the rest of its brief: it relies on the patent's discussion of technical aspects of barcode reading without acknowledging that the patent claims no technical aspects of barcode reading at all, but addresses only the "improved decisional logic" of "try, try again."[2]  Without the extraneous "technical details," the dependent claims also address only an "abstract idea underlying the claims." *ChargePoint*, 920 F.3d at 769.  They too must fall under the *Alice* test.

### CONCLUSION

For the reasons stated above and in Google's opening brief, the Court should grant summary judgment of patent ineligibility on all claims of the '491 patent.

Date:  August 11, 2023

Respectfully submitted,
*/s/ Matthew S. Warren, with permission by Shaun W. Hassett*
Michael E. Jones (State Bar No. 10929400)
mikejones@potterminton.com
Shaun W. Hassett  (State Bar No. 24074372)

---

[2] WSOU's claim that "Google's expert Dr. Schonfeld acknowledged that certain dependent claims fall beyond the capabilities of an individual person to effectively execute without aid of a computer" is inaccurate (*compare* Opp. at 11 n.5 *with e.g.*, *id.*, Ex. D 165:22-25, 168:8-9, 202:3-6), but would be irrelevant in any event.  As the Court of Appeals has confirmed, what matters is not the "technical details" underlying the claims, but the improvement of the claims themselves.  If WSOU were correct and anything requiring a computer would necessarily be patentable, many Federal Circuit cases, including *Yu* and *Berkheimer*, would be incorrect.

shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile

Tharan Gregory Lanier
(California Bar No. 138784) (*pro hac vice*)
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208)
Virginia G. Kain (California Bar No. 344545)
Sachli Balazadeh-Nayeri
(California Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on August 11, 2023.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on August 11, 2023.

<i>/s/ Shaun W. Hassett</i><br>
Shaun W. Hassett