IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a<br>BRAZOS LICENSING AND<br>DEVELOPMENT, | §<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | Case No. 6:20-cv-580-ADA |
| v. | §<br>§ | JURY TRIAL DEMANDED |
| GOOGLE LLC, | §<br>§ | |
| Defendant. | §<br>§ | |

**GOOGLE'S REPLY IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT**

# INTRODUCTION

Following WSOU's opposition, the only question before the Court is whether WSOU can avoid summary judgment with attorney argument that directly contradicts its own testifying expert. It cannot, and so the Court should grant Google's motion for partial summary judgment of non-infringement by Barhopper v2 and Barhopper v3.

Google's motion established three points: first, the '491 patent requires an algorithm with two decision points, one before barcode scanning and one after; second, the functionality accused by WSOU and its expert of being the first decision point could not make any decisions because it always returned true, and thus could not contribute to infringement; and, third, there was no way for WSOU to fill this gap. WSOU's opposition confirms its agreement with Google on the first two of these three points. Nonetheless, WSOU tries to fill the gap with attorney argument about previously unaccused functionality—functionality its testifying expert has already confirmed, in detail in his infringement report, that cannot be the first decision point. Attorney argument is not evidence, and cannot prevent summary judgment under Rule 56. The Court should therefore grant summary judgment of non-infringement by Barhopper v2 and v3.

# ARGUMENT

**I.     WSOU Agrees the Claims Require Two Decision Points**

Google's motion established that the claims require two decision points, one of which must occur before any attempt to read a barcode. Mot. § B. WSOU's opposition does not contest this point, and indeed takes it as a starting point. *See generally* Opp.

**II.    WSOU Agrees That ▮▮▮▮▮▮▮ Cannot Be a Decision Point**

Google's motion established that ▮▮▮▮▮▮▮ which WSOU previously accused of being the first decision point, cannot fit this bill because it always returns 'true.' Mot. § C.

– 1 –

Again, WSOU's opposition does not contest this point. *See* Opp. at 13-14; *see generally id.*

### III. WSOU's New Infringement Theory Cannot Survive Its Own Expert's Opinion

Having conceded that its ▮▮▮▮ infringement theory fails, WSOU debuts in its opposition an entirely new theory of infringement, claiming that the first decision point comes within the ▮▮▮▮ of Barhopper v1, as called by Barhopper v2's ▮▮▮▮ But WSOU's new theory of infringement directly contradicts its own expert, who opines that the first decision point occurs *before* any call to ▮▮▮▮ not after it as WSOU now contends. Dr. Kozek confirms in his report that the ▮▮▮▮ which occurs after the first decision point and only on its success:

C. Binarization



Docket No. 180, Ex. F, Ex. D § I.C (emphasis added); *see* Mot. §§ C.2, C.3. Dr. Kozek echoes

this point several times. He confirms that the step of *"determining whether the processing of the input image is successful"* occurs "[i]f the value of ▮▮▮ is true," and that upon success ▮▮▮ and Barhopper proceeds to ▮▮▮." Docket No. 180, Ex. F ¶ 141 (emphasis in original). He thus confirms that calling ▮▮▮ occurs as a result of, and therefore after, the first decision point of "determining whether the processing of the input image is successful." *Id.*; *see* Mot. §§ C.2, C.3.

Dr. Kozek further states that, "[i]f the ▮▮▮ and returned true, the function proceeds by calling ▮▮▮ and does so *"based on a determination as to whether the correction is completed."* Docket No. 180, Ex. F ¶ 149 (emphasis in original). Again, Dr. Kozek opines that the "determination as to whether the correction is completed"—the decision made at the first decision point—occurs *before* the call to ▮▮▮ and indeed that the call to ▮▮▮ occurs only if the first decision point is successful. *Id.*; *see* Mot. §§ C.2, C.3. Dr. Kozek's report thus repeatedly confirms his opinion that the first decision point occurs *before* any call to ▮▮▮, and thus *before* any ▮▮▮. WSOU's opposition, however, requires the first decision point to occur within Barhopper v1's ▮▮▮ Opp. at 6-10; *see generally id.* WSOU thus seeks to advance a new theory of the case that directly contradicts the opinion of its own testifying expert.

But WSOU cannot both contradict its own expert and prevail on its claim. "Suffice it to say that in a case involving complex technology, where the accused infringer offers expert testimony negating infringement, the patentee cannot satisfy its burden of proof by relying only on testimony from those who are admittedly not expert in the field." *Centricut, LLC v. Esab*

*Grp., Inc.*, 390 F.3d 1361, 1370 (Fed. Cir. 2004); *see, e.g., Medtronic Vascular, Inc. v. Bos. Sci. Corp.*, No. 06-78, 2008 WL 2744909, at *4 (E.D. Tex. July 11, 2008) (granting judgment as a matter of law where "the plaintiffs' own expert testified that the measurement he made on individual products fell outside his range of infringement"). WSOU's opposition rests entirely on its new claim that Barhopper v1's ▇▇▇ includes the first decision point. That claim is not only nowhere in Dr. Kozek's report; Dr. Kozek's report directly contradicts it, because Dr. Kozek's opinion requires the decision point to occur *before* ▇▇▇ and WSOU's new theory requires the decision point to occur *after* ▇▇▇

Unable to rely on Dr. Kozek, WSOU provides only attorney argument to support its new theory of the case. WSOU cites to no evidence in support of its new theory that the first decision point of the '491 patent occurs after ▇▇▇ Instead, WSOU seeks to muddy the waters by citing to the experts' discussion of how the functionality works and claiming they also opined that the first decision point required by the '491 patent occurs after ▇▇▇ although neither did: Dr. Kozek said the first decision point must occur before ▇▇▇ *see supra*, and Dr. Schonfeld said it does not exist at all. *E.g.*, Docket No. 180, Ex. F ¶¶ 193, 199. WSOU's contrary attorney argument is both incorrect and insufficient as a matter of law. *Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017) ("[a]ttorney argument is not evidence"); Fed. R. Civ. P. 56.

## CONCLUSION

For the foregoing reasons and those set forth in its opening brief, the Court should grant summary judgment of non-infringement of the '491 patent by Barhopper v2 and Barhopper v3.

Date: August 11, 2023

Respectfully submitted,
/s/ *Matthew S. Warren with permission by Shaun W. Hassett*
Michael E. Jones (State Bar No. 10929400)

– 4 –

mikejones@potterminton.com
Shaun W. Hassett  (State Bar No. 24074372)
shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile

Tharan Gregory Lanier
(California Bar No. 138784) (*pro hac vice*)
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208)
Virginia G. Kain (California Bar No. 344545)
Sachli Balazadeh-Nayeri
(California Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

– 6 –

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on August 11, 2023.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on August 11, 2023.

*/s/ Shaun W. Hassett*
Shaun W. Hassett