**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |  |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING & DEVELOPMENT, | ) ) ) | Case No. 6:20-cv-00578-CRW |
|  | ) | Case No. 6:20-cv-00580-CRW |
| *Plaintiff,* | ) ) | Case No. 6:20-cv-00584-CRW |
| v. | ) ) |  |
| GOOGLE LLC, | ) ) | **JURY TRIAL DEMANDED** |
| *Defendant.* | ) ) ) |  |

**JOINT MOTION TO ENTER PARTIALLY DISPUTED SCHEDULING ORDER**

Pursuant to the Court's Order (578 Case Dkt. 174; 580 Case Dkt. 303; 584 Case Dkt. 301), the parties file this Joint Motion to Enter Partially Disputed Scheduling Order.  The parties largely agree on the proposed dates in the scheduling order, but two disputes remain.  First, the parties dispute whether further claim-construction briefing and proceedings are needed in the -580 Case. Second, the parties dispute whether the Court should rehear argument on *Daubert* motions on which Judge Albright previously ruled orally but without explanation and without a written opinion containing reasoning sufficient to enable review on appeal.

The parties' respective positions on these disputes appear below.  The parties' proposed schedule with disputed events highlighted is also provided below.  The parties stand ready to appear should that assist the Court.

**I.      Further Claim Construction (-580 Case)**

**Google's Position**:  Additional claim construction is necessary in the -580 Case.  A review of WSOU's technical expert report demonstrates that the parties have different understandings of

1

the plain and ordinary meaning of the phrase "using the barcode reading method" and whether that phrase must be separate from the "processing" and "correction" terms recited elsewhere in the claims. WSOU does not deny this dispute exists. Indeed, the parties' recent correspondence confirms this claim-scope dispute. Google informed WSOU that the proper scope of the phrase requires that "processing an/[of the] input image … the processing including performing a correction on the input image" is separate from, and must be completed before, "using a current barcode reading method" or "switching to … a different barcode reading method." WSOU advocated that the claim language has its plain and ordinary meaning but would not agree that Google's understanding reflects that meaning. Because the parties' different understandings of the claim language "raise[s] an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). Accordingly, absent the Court's claim construction, the jury will be forced to perform the legal task of interpreting claim language.

WSOU's assertion that Google had an earlier opportunity to request construction cannot obviate the need for judicial resolution after that claim-scope issue is raised. This follows from the Federal Circuit's guidance that "[w]hen the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *Id.* at 1362. Indeed, in the companion - 585 Case, WSOU itself argued that an outcome-determinative claim-construction issue should have been raised before trial to avoid unfairness and forfeiture. *E.g.*, WSOU's Opening Br., *WSOU Investments, LLC v. Google* LLC, No. 24-1499, 2024 WL 7000182, at *41-46 (Fed. Cir. 2024). Here, Google seeks a construction that avoids the alleged prejudice about which WSOU previously complained. *E.g.*, *WSOU Investments, LLC v. Google LLC*, 2023 WL 8461642, at *5 (W.D. Tex.

2023) ("The Court regrets this claim construction issue could not be resolved until after WSOU rested its case at trial[.]").

WSOU wrongly faults Google for raising this issue now. The Federal Circuit long holds that a district court "has considerable latitude in determining when to resolve issues of claim construction." *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005). Here, the "court must see to it that disputes concerning the scope of the patent claims are fully resolved." *Every Penny Counts, Inc. v. Am. Express Co.*, 563 F.3d 1378, 1383 (Fed. Cir. 2009) ("[T]he court's obligation is to ensure that questions of the scope of the patent claims ***are not left to the jury***.").

WSOU incorrectly argues that resolving the claim scope dispute will "require reopening discovery to address [its] infringement case." The issue is not further discovery about operation of the accused product. Instead, the issue is whether WSOU's expert infringement theory meets the requirements of the proper claim scope. Indeed, while the recognizing that a district court may "revisit[] and alter its interpretation of the claim terms as its understanding of the technology evolves," *CytoLogix*, 424 F.3d at 1172, the Federal Circuit does not condition a court's ability to do so on providing further fact discovery. And WSOU cites no authority for the proposition that when a patentee is aware of an opposing expert's understanding of the claim scope but fails to rebut that understanding with its own expert, it is entitled to a "do over" if the Court determines the patentee's understanding is wrong as a matter of law. In the companion -585 Case, WSOU took this same approach—receiving notice of Google's noninfringement expert's understanding of the claims' plain and ordinary meaning and failing to have its expert respond. When the claim-scope dispute arose at trial, this Court construed the claims and granted judgment of noninfringement as a matter of law in Google's favor. The Court did not provide WSOU with a

mulligan.  Rather, the Court expressly noted that "[s]till, **WSOU was on notice** that Google's non-infringement contentions included the argument that the steps of the asserted claims must be performed in the order they are written in."  2023 WL  8461642, at *5.  For the same reasons, the Court fulfilling its duty to construe the claims in light of the parties' dispute does not trigger the need for a second trial.  In its appeal of the -585 Case, WSOU made that same request for a new trial under this Court's construction, which the Federal Circuit rejected by summarily affirming this Court's judgment.

Finally, WSOU refuses to engage in the parties' claim-scope dispute or specifically explain its reading of the claims.  This refusal unnecessarily delays resolution of the parties' dispute.  Google addresses WSOU's other procedural arguments in its forthcoming opposition to WSOU's motion to strike (-580 Case, Dkt. 307).

**Brazos's Position**: Brazos does not believe that additional claim construction is necessary or appropriate. This case has been pending since June 29, 2020, over six years ago, and Google has had several opportunities to raise claim construction issues, namely:

- The '491 patent's claims were construed in connection with the initial March 25, 2021 *Markman* hearing. *See* 580 Case Dkt. 49.

- Google opted not to inject any further claim construction disputes as to the '491 patent in connection with the supplemental claim construction hearing held on February 16, 2023, after receipt of Brazos's April 1, 2022, amended infringement contentions. *See, e.g.*, 580 Case Dkt. 147-148; Dkt. 103 Ex. 4; *cf.*, *e.g.*, 585 Case Dkt. 135.

- Dr. Kozek disclosed his opening report on April 4, 2023, and Google deposed him shortly thereafter on May 24 and 25, 2023. Google then waited for three years to

4

raise this alleged claim construction issue, without explanation for its lack of diligence.

In any event, the Court should not reopen claim construction in the context of a joint motion on a scheduling order. Brazos has consistently maintained that Google should have raised this issue in an opposed motion for leave, and proven the need for new claim construction under the good cause standard. *See* 580 Case Dkt. 302 at 4 (parties' prior joint motion to enter scheduling order). Instead, Google unilaterally filed a purported supplemental claim construction brief, without first seeking the Court's permission, on July 17. *See* 580 Case Dkt. 306. After meeting and conferring on July 29, Brazos has since moved to strike Google's unauthorized submission. *See* 580 Case Dkt. 307.

Google's truncated presentation above of the complex issues presented in connection with the parties' prior 585 Case illustrates the problem with taking up the issue in this abbreviated joint submission. Not to mention that Google's reliance on the prior appeal runs afoul of the lack of precedential weight that Rule 36 summary affirmances receive under governing law:

> [A] Rule 36 judgment simply confirms that the trial court entered the correct judgment. It does not endorse or reject any specific part of the trial court's reasoning. In addition, a judgment entered under Rule 36 has no precedential value and cannot establish "applicable Federal Circuit law."

*Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, 688 F.3d 742, 750 (Fed. Cir. 2012) (internal citation omitted).

In addition, reopening claim construction in the 580 Case—should the Court then enter a new claim construction—will also require reopening discovery to address Brazos's infringement case under Google's proposed new construction. Regular order in a patent litigation requires that the parties present disputes concerning the scope and understanding of the asserted claims for the Court's resolution, precisely so that discovery may be conducted based on a shared understanding

of the range of potential outcomes. Bypassing this practicality, Google curiously takes the position above that it should have been incumbent on Brazos to "respond" in Brazos's own experts' submissions to unspecified positions allegedly bearing on proper claim interpretation that were raised for the first time in Google's expert's ***non-infringement*** rebuttal reports (i.e., after Brazos had completed fact discovery and committed to its final infringement theories). Google's position highlights that its real goal in requesting claim construction is a summary determination of non-infringement. Accordingly, if the Court reopens claim construction proceedings, Brazos will move for a limited reopening of discovery—which Google's proposed trial date of March 29 (which Brazos has agreed not to dispute) should certainly allow.[1]

Finally, Google proposes a fixed date of August 14 for Brazos to file a responsive claim construction brief (as well as a fixed date of September 4 for Brazos to file a sur-reply brief)—but the Court has not even decided that additional claim construction proceedings are justified. Brazos proposes that—in the event that the Court decides that further claim construction is warranted (which it should not)—the deadline for Brazos to file a responsive claim construction brief should be set for no sooner than three weeks following the date the Court issues such an order, with further deadlines for reply and sur-reply briefing to be set in relation thereto. But until the Court orders that claim construction should be reopened (which, again, it should not), Google's demand that Brazos "engage in the parties' claim-scope dispute [and] specifically explain its reading of the claims" is neither ripe nor proper.

---

[1] Google's proposed schedule formerly requested an additional round of dispositive motion briefing in the 580 Case. *See, e.g.*, 580 Case Dkt. 302 at 7-8. Google's presently proposed schedule no longer includes such a request. *See infra.* Brazos reserves all objections if Google re-raises its proposal to file additional dispositive motions in the 580 Case beyond its allotted 40 pages.

II. **Re-argument on *Daubert* Motions (all cases):**

 **Google's Position**: Google requests re-argument of the *Daubert* motions to assist the Court with providing written decisions as to whether certain expert testimony is admissible under Federal Rule of Evidence 702.  Such written decisions are necessary to provide guidance to the parties in their trial preparations and for appellate review.   The Fifth Circuit holds that "[m]eaningful appellate review of the exercise of discretion requires consideration of the basis on which the trial court acted."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 n.4 (5th Cir. 2008) (en banc).  Similarly, the Federal Circuit directs that "[a]n absence of reviewable reasoning may be sufficient grounds for this court to conclude the district court abused its discretion." *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1338 (Fed. Cir. 2025) (en banc).

 Judge Albright previously heard argument on the *Daubert* motions in the -578, -580, and -584 Cases at a February 24, 2026 hearing.  Judge Albright memorialized the outcomes in summary format but did not provide his analysis.  *E.g.*, -580 Case, Dkt. 295 (written order); Dkt. 294 (hearing transcript).  The basis on which the Court reached these outcomes is absent from the records of the -578, -580, and -584 Cases.  Accordingly, Google requests re-argument on the *Daubert* motions in those cases to allow the Court to provide its reasoning for exercising its discretion in allowing or disallowing certain expert testimony.

 Conceding that the Court should issue written orders, WSOU instead asserts that "re-argument is unnecessary" because "Judge Albright remains on the bench through the end of August" and this Court can "request[] any necessary assistance from [his] chambers."  WSOU's argument is improper and untenable.  Per the Court's order, Judge Albright is no longer assigned to this case, *e.g.*, -578 Case, Dkt. 169, yet WSOU takes upon itself the freedom to assign the task of drafting written orders to his chambers.

7

**Brazos's Position**: Brazos does not dispute that the Court should issue written orders regarding the prior *Daubert* rulings. However, Google's proposal to proceed with re-argument by default is unnecessary and inefficient, and appears to be Google's attempt to receive the proverbial "second bite at the apple" regarding prior rulings with which it disagrees. Rather than reargue all the *Daubert* motions previously heard by the Court, Judge Albright remains on the bench through the end of August, and the clerk(s) who assisted in consideration of Google's motions similarly remain(s) employed. Brazos submits that this Court should issue the relevant written orders based on the parties' existing submissions, while requesting any necessary assistance[2] from Judge Albright's chambers.

III.    **Proposed Schedule**

The below table outlines the parties' proposed schedule and disputes.

| Event | Google's Proposed Date | Brazos's Proposed Date |
|---|---|---|
| Brazos reduces asserted claims to no more than 5 claims per patent. | Friday, May 15, 2026 | (Undisputed) |
| Google serves rebuttal damages expert reports (-578 and -584 Cases only) | Friday, June 12, 2026 | (Undisputed) |
| Google reduces prior-art references to no more than 6 per patent, where each obviousness combination counts as a separate prior art reference | Monday, June 15, 2026 | (Undisputed) |
| Parties exchange proposed claim constructions (-580 Case only) | Monday, June 29, 2026 | Brazos disputes that further claim-construction deadlines are required |

---

[2] Brazos disputes Salesforce's characterization that Brazos's proposal herein "takes upon itself the freedom to assign the task of drafting written orders to [Judge Albright's] chambers."

| Event | Google's Proposed Date | Brazos's Proposed Date |
|---|---|---|
| Close of any depositions of damages experts (-578 and -584 Cases only) | Friday, July 10, 2026 | (Undisputed) |
| File joint report regarding narrowing number of claims asserted and prior art references at issue | Friday, July 10, 2026 | (Undisputed) |
| Defendant files opening claim-construction brief (-580 Case only) | Friday, July 17, 2026 | Brazos disputes that further claim construction is required |
| Deadline for any dispositive motions and *Daubert* motions (-578 and -584 Cases only) | Friday, July 17, 2026 | (Undisputed) |
| Plaintiff files Responsive claim-construction brief (-580 Case only) | Friday, August 14, 2026 | Brazos disputes that further claim construction is required, and objects to the timing that Google unilaterally purports to assign to this disputed briefing event |
| Deadline for responses to any dispositive and *Daubert* motions (-578 and -584 Cases only) | Friday, August 14, 2026 | (Undisputed) |
| Defendant files reply claim-construction brief (-580 Case only) | Wednesday, August 26, 2026 | Brazos disputes that further claim construction is required |
| Deadline for replies in support of any dispositive and *Daubert* motions (-578 and -584 Cases only) | Wednesday, August 26, 2026 | (Undisputed) |

| Event | Google's Proposed Date | Brazos's Proposed Date |
|---|---|---|
| Plaintiff files sur-reply claim-construction brief (-580 Case only) | Friday, September 4, 2026 | Brazos disputes that further claim construction is required, and objects to the timing that Google unilaterally purports to assign to this disputed briefing event |
| Markman Hearing | Wednesday, October 7, 2026 | Brazos disputes that further claim construction is required |
| Serve pretrial disclosures (jury instructions, exhibit lists, witness lists, deposition designations) | Wednesday, January 13, 2027 | (Undisputed) |
| Serve objections to pretrial disclosures | Wednesday, February 10, 2027 | (Undisputed) |
| Serve rebuttal disclosures | Wednesday, February 10, 2027 | (Undisputed) |
| File Motions in Limine | Wednesday, February 10, 2027 | (Undisputed) |
| File Notice of Request for Daily Transcript or Real Time Reporting | Monday, February 22, 2027 | (Undisputed) |
| Serve objections to rebuttal disclosures | Wednesday, February 24, 2027 | (Undisputed) |
| File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibit lists, witness lists, discovery and deposition designations); file oppositions to Motions in Limine | Wednesday, February 24, 2027 | (Undisputed) |
| Deadline to meet and confer regarding remaining objections and disputes on Motions in Limine | Friday, February 26, 2027 | (Undisputed) |

| Event | Google's Proposed Date | Brazos's Proposed Date |
|---|---|---|
| File joint notice identifying remaining objections to pretrial disclosures and disputes on Motions in Limine | Wednesday, March 3, 2027 | (Undisputed) |
| Final Pretrial Conference | Wednesday, March 10, 2027 | (Undisputed) |
| Jury Selection/Trial for -578, -580, and -584 Cases | Monday, March 29, 2027 | (Undisputed) |

Date: August 6, 2026

Respectfully submitted,

/s/ Joseph M. Abraham
Joseph M. Abraham, TX SB No. 24088879
Timothy Dewberry, TX Bar No. 24090074
**FOLIO LAW GROUP PLLC**
13492 Research Blvd., Suite 120, No. 177
Austin, TX 78750
Tel: 737-234-0201
Email: joseph.abraham@foliolaw.com
        timothy.dewberry@foliolaw.com

Ryan B. Meyer, WA Bar No. 37832
Cliff Win, CA Bar No. 270517
Alexandra Fellowes, CA Bar. No. 261929
C. Maclain Wells, CA Bar No. 221609
Katherine Bentfield, WA Bar No. 61548
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109
Tel: (206) 880-1802
Email: ryan.meyer@foliolaw.com
        cliff.win@foliolaw.com
        alexandra.fellowes@foliolaw.com
        maclain@foliolaw.com
        katherine.bentfield@foliolaw.com

Gregory P. Love
State Bar No. 24013060
Mark D. Siegmund
State Bar No. 24117055

/s/ Tharan Gregory Lanier, with permission by Joseph M. Abraham
Tharan Gregory Lanier
(CA Bar No. 138784) (pro hac vice)
**JONES DAY**
1755 Embarcadero Road
Palo Alto, California, 94303
Tel: (650) 739-3939
Fax: (650) 739-3900
Email: tglanier@jonesday.com

Michael E. Jones (TX Bar No. 10929400)
Shaun W. Hasset (TX Bar No. 24074372)
**POTTER MINTON, P.C.**
102 North College, Suite 900
Tyler, Texas, 75702
Tel: (903) 597-8311
Fax: (903) 593-0846
Email: mikejones@potterminton.com
        shaunhasset@potterminton.com

Sasha Mayergoyz
**JONES DAY**
110 N. Wacker Dr., Suite 4800
Chicago, IL 60601
Tel: (312) 782-3939
Email: smayergoyz@jonesday.com

**CHERRY JOHNSON SIEGMUND JAMES PLLC**
400 Austin Ave., Ste. 9th Floor
Waco, TX 76701
Tel: 254-732-2242
Email: glove@cjsjlaw.com
         msiegmund@cjsjlaw.com

*Attorneys for Plaintiff WSOU Investments, LLC*
*d/b/a Brazos Licensing & Development*

Tracy A. Stitt (admitted *pro hac vice*)
**JONES DAY**
51 Louisiana Avenue NW
Washington, DC 20001
Tel: (202) 879-3641
Email: tastitt@jonesday.com

John R. Boulé III (CA Bar No. 3229229)
**JONES DAY**
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
Tel: (213) 489-3939
Email: jboule@jonesday.com

*Attorneys for Defendant Google LLC*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of August 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which served a copy via email to all counsel of record.

*/s/ Joseph M. Abraham*
Joseph M. Abraham

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(G), counsel for Brazos conferred with counsel for Google regarding the subject of this motion, and the parties are agreed as to the form and much of the substance of this motion, with the parties' particular disputes noted therein.

*/s/ Joseph M. Abraham*
Joseph M. Abraham